**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**FILED**

**NOVEMBER 9, 2009**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LATANYA ALEXANDER as special
administratrix of the estate of LENNETH
SUGGS, SHERWIN OTT, MICHAEL LEE,
CHRISTOPHER COBBS,
MARVIN WIDEMAN,  LATINA
WILLIAMS, DARRYLMY GARNER,
KENIFIA MCNEASE, RUTHIE ROGERS as
guardian of LARRENZO FULTON,
YOLANDA FULTON,TIFFANY THOMAS,
KEITH WATTS, ROSALIND BALL,
JEREMY SPENCER,  JOVONNA LIBERTY,
LAQUITA BRYANT, MELINDA
ROBINSON, JOSE MCKNIGHT, MOSHAY
BARNES, SHAKEETA CASTLEBERRY,
CLIFFORD ARMSTRONG, individually and
on behalf of those similarly situated, and
MARY ANN ROGERS, individually,

   Plaintiffs,

v.

OFFICER ZINCHUCK Star No. 3893,
OFFICER DUGGAN, Star No. 4607
OFFICER L. WATKINS, Star No. 17724,
OFFICER WAZNY, Star No. 11019,
OFFICER KROLL, Star No. 14373, OFFICER
LACZ, Star NO. 15609, OFFICER WYROBA,
Star No. 3152, OFFICER FRIGO, Star No.
8585, OFFICER LITTLE, Star No. 885,
OFFICER KROSKI, Star No. 1777, OFFICER
MARK STRUKE, Star No. 1039,OFFICER
MICHAEL AMORELLA, Star No. 10544,
OFFICER ROEHL, Star No. 14128,
COMMANDER ROUSSELL, Star No. 273,
OFFICER MASON, Star No. 2368, OFFICER
REINA, Star No. 2622, OFFICER KILLROY,
Star No. 280, OFFICER STEVENS, Star No.
609, 15th DISTRICT COMMANDER GREEN,
OFFICER TORRES, Star No. 2995, OFFICER
SCHMUCK, Star No. 21180, OFFICER
ZELIG, Star No. 5443, OFFICER CONWAY,

No. 08 C 6688

Honorable Judge Shadur
Magistrate Judge Keys

Star No. 6141, OFFICER SPEDALE, Star No.
6393, OFFICER MARRON, Star No. 7048,
OFFICER EDWARDS, Star No. 13344,
OFFICER SIWEK, Star No. 1294, OFFICER
LAURETO, Star No. 5882, OFFICER FICO,
Star No. 6284, OFFICER FRANCO, Star No.
11772, OFFICER CELIO, Star No. 12569,
OFFICER BRONNSETTER, Star No. 15963,
OFFICER RHEIN, Star No. 2164, OFFICER
KEEL, Star No. 13226, OFFICER
ZYGOWICZ, Star No. 12477, OFFICER
LORDEN, Star No. 11893, OFFICER
KUHAR, Star No. 10320, OFFICER
OBOIKOVITZ, Star No. 18708, OFFICER
MCCANTS, Star No. 7004, OFFICER
DAVIS, Star No. 17108, OFFICER KING,
Star No. 16952, OFFICER MASON, Star No.
2368, OFFICER ANDERSON, Star No. 2282,
OFFICER KELLY, Star No. 3342, OFFICER
JOHNSON, Star No. 4922, OFFICER
MCDONOUGH, Star No. 16586, OFFICER
TROUTMAN, Star No. 18797, OFFICER
DELCID, Star No. 19548, OFFICER
O'CONNOR, Star No. 2384, OFFICER
BLACK, Star No. 8943, OFFICER GROSS,
Star No. 8953, OFFICER BARTUCH, Star
No. 18458, OFFICER DEFELISE, Star No.
14307, OFFICER DEEHAN, Star No. 14203,
OFFICER LECK, Star No. 2572, OFFICER
CARDENAS, Star No. 11671, OFFICER
HUGHES, Star No. 1719, OFFICER
WILSON, Star No. 11352, OFFICER
NIEDWEICKI, Star No. 11319, OFFICER
SMITH, Star No. 17151, OFFICER AGEE,
Star No. 12704, OFFICER PHILLIPS, Star
No. 6657, OFFICER COLON, Star No. 2929,
OFFICER TULLY, Star No. 7817, OFFICER
PARRIS, Star No. 3401, OFFICER BUHRKE,
Star No. 1433, OFFICER BURGESS, Star No.
6564, OFFICER LOPEZ, Star No. 15739,
OFFICER MUELLER, Star 15562, OFFICER
FIGUS, Star No. 18305, OFFICER ROMERO,
Star No. 9955, OFFICER URBANSKI, Star
No. 6323, OFFICER WHITTEN, Star No.
8163, OFFICER HOOD, Star No. 10598,
OFFICER DRAYTON, Star No. 2180,

OFFICER KEETER, Star No. 2647, OFFICER
CURRY, Star No. 14800, OFFICER GASS,
Star No. 11672, OFFICER HOFFMAN, Star
No. 13208, OFFICER MCINNIS, Star No.
18929, OFFICER KEANY, Star No. 10156,
OFFICER O'SHAUNESSY, Star No. 19271,
OFFICER SCHNOOR, Star No. 15401,
OFFICER O'CARROLL, Star No. 18286,
OFFICER MARTINEZ, Star No. 7952,
OTHER UKNOWN CHICAGO OFFICERS,
and the CITY OF CHICAGO.

      Defendants.

---

## FIRST AMENDED COMPLAINT AT LAW

NOW COME the PLAINTIFFS LATANYA ALEXANDER as special administratrix of the

estate of LENNETH SUGGS, SHERWIN OTT, MICHAEL LEE, CHRISTOPHER COBBS,

MARVIN WIDEMAN, LATINA WILLIAMS, DARRYLMY GARNER, RUTHIE ROGERS as

guardian of LARRENZO FULTON, TIFFANY THOMAS, KEITH WATTS, ROSALIND

BALL, JEREMY SPENCER, JOVONNA LIBERTY, LAQUITA BRYANT, MELINDA

ROBINSON, KENIFIA MCNEASE, YOLANDA FULTON, JOSE MCKNIGHT, MOSHAY

BARNES, SHAKEETA CASTLEBERRY, CLIFFORD ARMSTRONG, individually and on

behalf of those similarly situated, and MARY ANN ROGERS, individually, by and through their

attorney, BLAKE HORWITZ and pursuant to this Complaint at Law, state the following against

the above named Defendants, OFFICER ZINCHUCK, OFFICER DIGGAN, OFFICER L.

WATKINS, Star No. 17724, OFFICER WAZNY, Star No. 11019, OFFICER KROLL, Star No.

14373, OFFICER LACZ, Star NO. 15609, OFFICER WYROBA, Star No. 3152, OFFICER

FRIGO, Star No. 8585, OFFICER LITTLE, Star No. 885 OFFICER KROSKI, Star No. 1777,

OFFICER MARK STRUKE, Star No. 1039, COMMANDER JAMES ROUSSELL, Star No.

273, OFFICER THOMAS MASON, Star No. 2368, OFFICER SALVATORE REINA, Star No.

2622, OFFICER WILLIAM KILROY, Star No. 280, OFFICER MICHAEL STEVENS, Star No.

609, 15th DISTRICT COMMANDER GREEN, OFFICER MIGUEL TORRES, Star No. 2995,

OFFICER RONALD SCHMUCK, Star No. 21180, OFFICER ZELIG, Star No. 5443, OFFICER

CONWAY, Star No. 6141, OFFICER SPEDALE, Star No. 6393, OFFICER MARRON, Star

No. 7048, OFFICER EDWARDS, Star No. 13344,  OFFICER SIWEK, Star No. 1294,

OFFICER LAURETO, Star No. 5882, OFFICER FICO, Star No. 6284, OFFICER FRANCO,

Star No. 11772, OFFICER CELIO, Star No. 12569, OFFICER BRONNSETTER, Star No.

15963, OFFICER RHEIN, Star No. 2164, OFFICER KEEL, Star No. 13226, OFFICER

ZYGOWICZ, Star No. 12477, OFFICER LORDEN, Star No. 11893, OFFICER KUHAR, Star

No. 10320, OFFICER OBOIKOVITZ, Star No. 18708, OFFICER MCCANTS, Star No. 7004,

OFFICER DAVIS, Star No. 17108, OFFICER KING, Star No. 16952, OFFICER MASON, Star

No. 2368, OFFICER ANDERSON, Star No. 2282, OFFICER KELLY, Star No. 3342, OFFICER

JOHNSON, Star No. 4922, OFFICER MCDONOUGH, Star No. 16586, OFFICER

TROUTMAN, Star No. 18797, OFFICER DELCID, Star No. 19548, OFFICER O'CONNOR,

Star No. 2384, OFFICER BLACK, Star No. 8943, OFFICER GROSS, Star No. 8953, OFFICER

BARTUCH, Star No. 18458, OFFICER DEFELISE, Star No. 14307, OFFICER DEEHAN, Star

No. 14203, OFFICER LECK, Star No. 2572, OFFICER CARDENAS, Star No. 11671,

OFFICER HUGHES, Star No. 1719, OFFICER WILSON, Star No. 11352, OFFICER

NIEDWEICKI, Star No. 11319, OFFICER SMITH, Star No. 17151, OFFICER AGEE, Star No.

12704, OFFICER PHILLIPS, Star No. 6657, OFFICER COLON, Star No. 2929, OFFICER

TULLY, Star No. 7817, OFFICER PARRIS, Star No. 3401, OFFICER BUHRKE, Star No.

1433, OFFICER BURGESS, Star No. 6564, OFFICER LOPEZ, Star No. 15739, OFFICER

MUELLER, Star 15562, OFFICER FIGUS, Star No. 18305, OFFICER ROMERO, Star No.

9955, OFFICER URBANSKI, Star No. 6323, OFFICER WHITTEN, Star No. 8163, OFFICER

HOOD, Star No. 10598, OFFICER DRAYTON, Star No. 2180, OFFICER KEETER, Star No.

2647, OFFICER CURRY, Star No. 14800, OFFICER GASS, Star No. 11672, OFFICER

HOFFMAN, Star No. 13208, OFFICER MCINNIS, Star No. 18929, OFFICER KEANY, Star

No. 10156, OFFICER O'SHAUNESSY, Star No. 19271, OFFICER SCHNOOR, Star No.

15401, OFFICER O'CARROLL, Star No. 18286, OFFICER MARTINEZ, Star No. 7952,

OTHER UKNOWN CHICAGO OFFICERS, and the CITY OF CHICAGO.

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

        1983 and § 1985(3); the Judicial Code, 28 U.S.C. §1331 and § 1343(a); the Constitution

        of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.      LATANYA ALEXANDER, as special administratrix of the estate of LENNETH

        SUGGS, is a resident of the State of Illinois and of the United States.

3.      SHERWIN OTT is a resident of the State of Illinois and of the United States.

4.      MICHAEL LEE is a resident of the State of Illinois and of the United States.

5.      CHRISTOPHER COBBS is a resident of the State of Illinois and of the United States.

6.      MARVIN WIDEMAN is a resident of the State of Illinois and of the United States.

7.      LATINA WILLIAMS is a resident of the State of Illinois and of the United States.

8.      DARRYLMY GARNER is a resident of the State of Illinois and of the United States.

9.      LARRENZO FULTON is a resident of the State of Illinois and of the United States.

10.     TIFFANY THOMAS is a resident of the State of Illinois and of the United States.

11.     KEITH WATTS is a resident of the State of Illinois and of the United States.

12.     ROSALIND BALL is a resident of the State of Illinois and of the United States.

13.     JEREMY SPENCER is a resident of the State of Illinois and of the United States.

14.     JOVONNA LIBERTY is a resident of the State of Illinois and of the United States.

15.     LAQUITA BRYANT is a resident of the State of Illinois and of the United States.

16.     MELINDA ROBINSON is a resident of the State of Illinois and of the United States.

17.     KENIFIA MCNEASE is a resident of the State of Illinois and of the United States.

18.     YOLANDA FULTON is a resident of the State of Illinois and of the United States.

19.     JOSE MCKNIGHT is a resident of the State of Illinois and of the United States.

20.     MOSHAY BARNES is a resident of the State of Illinois and of the United States.

21.     SHAKEETA CASTLEBERRY is a resident of the State of Illinois and of the United States.

22.     CLIFFORD ARMSTRONG is a resident of the State of Illinois and of the United States.

23.     MARY ANN ROGERS is a resident of the State of Illinois and of the United States.

24.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

25.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of DEFENDANT OFFICERS and/or employees referred to in this Complaint.  At all times material to this Complaint, DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

26.     On or about November 4, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF

CHICAGO.  The DEFENDANT OFFICERS engaged in the conduct complained of, on

said date, in the course and scope of employment and while on duty.  This action is being

brought with regard to the individual capacity of the DEFENDANT OFFICERS.

### FACTS RELATING TO ALL PLAINTIFFS

27.   On the evening of November 4, 2008 and continuing into the morning of November 5,

2008, PLAINTIFFS were all engaged in a peaceful recognition and celebration of the

new President-Elect, Barack Obama.

28.   This celebration occurred outside, on the sidewalk and/or in backyards, within an area

bounded by North Laramie Avenue, North Latrobe Avenue, West Lake Street, and West

Washington Street.

29.   CITY OF CHICAGO police officers, observing these activities, rode their vehicles back

and forth in the area referenced above, alongside the sidewalks where PLAINTIFFS and

other groups of people were walking. Some DEFENDANT OFFICERS were riding in

unmarked vehicles and other DEFENDANT OFFICERS were riding in marked CITY OF

CHICAGO police vehicles.

30.   DEFENDANT OFFICERS were issued large canisters of *oleoresin capsicum* (commonly

called "OC" or "pepper spray") prior to setting out to patrol the area described in

Paragraph 28 of this Amended Complaint.

31.   DEFENDANT OFFICERS indiscriminately and without specific targets discharged large

quantities of pepper spray into and among groups of people in the subject area, including

the PLAINTIFFS, other adults, and children. DEFENDANT OFFICERS did so without

provocation and without making any individual assessments as to the necessity of pepper-

spraying PLAINTIFFS and the groups of people so treated.

32.     DEFENDANT OFFICERS discharged pepper spray on groups of PLAINTIFFS and other persons who were not violating any laws of the State of Illinois and were presenting no danger to the DEFENDANT OFFICERS, to other CITY OF CHICAGO police officers, to other people or to property. These groups of PLAINTIFFS and others included, without limitation, people who were expressing their joy and satisfaction at the election of Barack Obama as President and others who were simply walking through or were present in the area. The DEFENDANT OFFICERS also battered some of the PLAINTIFFS and other persons on or about the face and/or body without legal basis, including one, Jose McKnight, who was tased by DEFENDANT OFFICER ZINCHUK without a legal basis.

33.     On the evening of November 4, 2008, when the events alleged in this Amended Complaint took place, none of the Plaintiffs were engaged in illegal activity.

34.     On the evening of November 4, 2008, when the events alleged in this Amended Complaint took place, several Plaintiffs were arrested by DEFENDANT OFFICERS ZINCHUK, KROLL, FRIGO, LITTLE, DUGGAN, LACZ, WYROBA, and WAZNY, even though there was no probable cause to arrest any of the PLAINTIFFS, who were engaged in peaceful and lawful activities.

35.     On the evening of November 4, 2008, when the events alleged in this Amended Complaint took place, several Plaintiffs were seized by DEFENDANT OFFICERS, but not arrested, even though there was no probable cause to seize any of the PLAINTIFFS, who were engaged in peaceful and lawful activities.

36.     On the evening of November 4, 2008, when the events alleged in this Amended Complaint took place, all the PLAINTIFFS (with the exception of Mary Ann Rogers)

were pepper-sprayed around the face and/or on their bodies, even though there was no probable cause to use pepper-spray on any of the PLAINTIFFS, who were engaged in peaceful and lawful activities.

37.     On the evening of November 4, 2008, when the events alleged in this Amended Complaint took place, several Plaintiffs were battered about the face and/or body by DEFENDANT OFFICERS, even though there was no probable and/or legal cause to batter any of the PLAINTIFFS, who were engaged in peaceful and lawful activities.

### FACTS RELATING TO PLAINTIFF MARY ANN ROGERS

38.     On or about November 4, 2008, MARY ANN ROGERS was at her home located at 152 North Latrobe Avenue, Chicago, Illinois.

39.     Some of the DEFENDANT OFFICERS approached and invaded her home without a search warrant, probable cause, exigent circumstances and/or any other lawful basis. Thereafter, some of the DEFENDANT OFFICERS searched MARY ANN ROGERS' residence.

40.     On November 4, 2008, MARY ANN ROGERS had not committed an act contrary to the laws of the State of Illinois.

41.     As a direct and proximate result of one or more of the aforesaid acts or omissions of some of the DEFENDANT OFFICERS, MARY ANN ROGERS was caused to suffer damages.

### CLASS ALLEGATIONS

42.     PLAINTIFFS bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  PLAINTIFFS seek to certify a Class and three subclasses.

43.     The Class (Class A) consists of all persons who were pepper-sprayed by DEFENDANT OFFICERS working for the CITY OF CHICAGO on November 4, 2008 during a peaceful recognition and celebration of the new President-Elect, Barack Obama, which took place on sidewalks and/or in backyards in the area bounded by North Laramie Avenue, North Latrobe Avenue, West Lake Street, and West Washington Street.

44.     Plaintiffs also seek to certify three subclasses, each consisting of various groups of persons who were subject to other acts of excessive force, seizure or arrest by DEFENDANT OFFICERS in addition to being subject to random and indiscriminate pepper-spraying.

45.     Subclass A-1 is defined as all class members who, in addition to being indiscriminately pepper-sprayed, were subject to battery by DEFENDANT OFFICERS.

46.     Subclass A-2 encompasses all class members who, in addition to being indiscriminately pepper-sprayed, were seized by DEFENDANT OFFICERS, but were released without being charged with any crime.

47.     Subclass A-3 consists of all class members who, in addition to being indiscriminately pepper-sprayed, were seized and arrested by DEFENDANT OFFICERS and taken into custody.

48.     The Class and each subclass meet the requirements of FRCP 23(a) as follows:

(a)     The requirements of Rule 23(a)(1) are satisfied because the class and each of the subclasses are sufficiently numerous that joinder is impractical.  On the night in question, DEFENDANT OFFICERS, armed with large canisters of pepper spray, swarmed over a densely-populated urban area, discharging large quantities of pepper-spray at and among groups of persons, as well as battering, tasing, and seizing, and arresting numerous

persons, many of whom have not yet filed claims against DEFENDANT OFFICERS. Consequently, the Class and each subclass consist of sufficient numbers to make joinder impractical and are likely to expand upon the Court's certification of this action as a Class Action.

(b)     The requirements of Rule 23(a)(2) are satisfied because there are questions of fact and law common to the Class and each subclass including, but not limited to, the following:

- Whether persons included in the Class and subclasses were engaged in a peaceful celebration of Barack Obama's success as President-Elect on November 4, 2008;

- Whether persons included in the Class and subclasses were exercising their First Amendment Rights to Free Speech in their celebration of the election of President-Elect Barack Obama by walking and talking on the sidewalks or in their backyards within the confines of a singular, geographically-bounded area;

- Whether DEFENDANT OFFICERS expressed their displeasure at President-Elect Barack Obama's election victory by retaliating against persons in the subject area as a collective entity by, *inter alia*, indiscriminately pepper-spraying them in groups and without individual justifications;

- Whether DEFENDANT OFFICERS, witnessing the happiness expressed collectively by people in the subject area, took action to suppress their celebration by, *inter alia*, pepper-spraying, battering, seizing, arresting, injuring (including by the use of a taser or tasers), the persons in the subject area in an indiscriminate manner;

- Whether these actions by DEFENDANT OFFICERS proximately caused the speech of people within the subject area to be supressed;

- Whether, on or about November 4, 2008, in connection with the above actions, the DEFENDANT OFFICERS conspired and engaged in communications between and among themselves, by which the DEFENDANT OFFICERS agreed to facilitate, engage in and support the actions which injured people within the subject area and/or deprived them of their constitutional rights as alleged in the paragraphs above;

- Whether, on or about November 4, 2008, in connection with the above actions, the DEFENDANT OFFICERS engaged in a conspiracy by communications between and among themselves, by which the DEFENDANT OFFICERS agreed to facilitate, engage in and support the actions which injured people within the subject area and/or deprived them of the equal protection of the laws and/or of equal privileges and immunities under the laws as alleged in the paragraphs above;

- Whether DEFENDANT OFFICERS, by and through their conduct, sought to collectively injure persons in the subject area because they are African-American and because they supported President-Elect Barack Obama;

- Whether the actions of DEFENDANT OFFICERS and/or the failure to intervene in these actions by DEFENDANT OFFICERS constituted excessive use of force against persons in the subject area;

- Whether DEFENDANT OFFICERS conspired to cover up their acts of misconduct;

- Whether the DEFENDANT OFFICERS battered persons in the subject area intentionally, without consent and without justification; and

- Whether Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above, who were the proximate cause of the damages suffered by persons in the subject area as alleged in this Amended Complaint.

(c)     The requirements of Rule 23(a)(3) are satisfied because PLAINTIFFS' claims are typical

of the claims of the Class and each subclass.

(d)     The requirements of Rule 23(a)(4) are satisfied because the representative PLAINTIFFS

will fairly and adequately protect the interests of the Class and each subclass.  The named

PLAINTIFFS have no interest antagonistic to other members of the Class or subclasses.

Moreover, PLAINTIFFS have retained counsel experienced in prosecuting class actions

and civil rights claims.

49.     The Class and each subclass meet the requirements of Rule 23(b)(1) because prosecution

of separate actions by individual members of the class would create a risk of inconsistent

or incompatible standards of conduct for the DEFENDANT OFFICERS and THE CITY

OF CHICAGO.

50.     The Class and each of the subclasses also meet the requirements of Rule 23(b)(3) because

common questions predominate over individual questions and prosecution of this action

as a class action is a superior method of adjudication. Facts that militate in favor of

certification under Rule 23(b)(3) include, but are not limited to, the following:

- The Class and subclasses evince great potential to include numerous additional
  plaintiffs who have not yet come forward and who were subject to excessive force in
  the heavily-policed and densely-populated urban area at issue on the night in
  question;

- On information and belief, there is no litigation concerning the controversy that has
  been commenced by or against the class members;

- It is desirable to concentrate the litigation in the United States District Court for the Northern District of Illinois because the events at issue occurred in this district and involve federally-protected rights; and

- Certification of the class and the subclasses will achieve great economies of time, effort, and expense and promote uniformity of decision for the members of the class, thereby making a class action the superior method of adjudicating the controversy.

51.   PLAINTIFFS will move for class certification as soon as is practicable in accordance with Rule 23(c).

## FIRST AMENDMENT RETALIATION

52.   PLAINTIFFS were peacefully celebrating Barack Obama's success as President- Elect on or about the evening November 4, 2008. PLAINTIFFS did not cause a disturbance. PLAINTIFFS did not violate the law through their peaceful celebrations.

53.   PLAINTIFFS were exercising their First Amendment Right Free Speech by celebrating the victory of President-Elect Barack Obama. Many of the PLAINTIFFS were walking and talking outside, wearing t-shirts emblazoned with words and images supportive of President-Elect Barack Obama, and expressing their happiness at President-Elect Barack Obama's winning the election held that day.

54.   The DEFENDANT OFFICERS overtly displayed their displeasure for President-Elect Barack Obama's success by retaliating against the PLAINTIFFS.

55.   These DEFENDANT OFFICERS witnessed the happiness expressed by PLAINTIFFS and took action to suppress it by, *inter alia*, pepper-spraying, battering, seizing, injuring the PLAINTIFFS, including by use of a taser or tasers.  These actions proximately caused the PLAINTIFFS' speech to be suppressed.

## 42 U.S.C. § 1983 CONSPIRACY

56.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to all of the PLAINTIFFS by, *inter alia,* battering, seizing, injuring, and using pepper-spray on the PLAINTIFFS.

57.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about November 4, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which deprived PLAINTIFFS of their constitutional rights as alleged in the paragraphs above.

58.    DEFENDANT OFFICERS covered up this conduct by agreeing to abstain from generating written documents designed to document the use of force.  The documents that were generated were fraudulently generated.

59.    The DEFENDANT OFFICERS, by and through their conduct, sought to injure PLAINTIFFS because they are African-American and because they supported President-Elect Barack Obama.

## 42 U.S.C. § 1985(3) CONSPIRACY

60.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS by, *inter alia,* battering, seizing, injuring, and using pepper-spray on the PLAINTIFFS.

61.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about November 4, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which deprived PLAINTIFFS of the equal protection of the laws or of equal privileges and immunities under the laws as alleged in the paragraphs above.

62.   The DEFENDANT OFFICERS, by and through their conduct, sought to injure PLAINTIFFS because they are African-American and because they supported President-Elect Barack Obama.

**COUNT I**
**§1983 Excessive Force**
(For the Class and Subclasses)

63.   All of the PLAINTIFFS re-allege paragraphs 1 – 62 as though fully set forth herein.

64.   The actions by the DEFENDANT OFFICERS and/or the failure to intervene in these actions by the DEFENDANT OFFICERS amounted to an excessive use of force onto all of the PLAINTIFFS. This conduct violated the Fourth Amendment of the United States Constitution.

65.   The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

**COUNT II**
**§1983 False Arrest**
(For PLAINTIFFS MARVIN WIDEMAN, ROSALIND BALL,
LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG)

66.   PLAINTIFFS MARVIN WIDEMAN, ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG re-allege paragraphs 1 – 70 as though fully set forth herein.

67.   The actions of some of the DEFENDANT OFFICERS caused the arrest of PLAINTIFFS MARVIN WIDEMAN, ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT,

and CLIFFORD ARMSTRONG without probable cause to believe that PLAINTIFFS

MARVIN WIDEMAN, ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT,

and CLIFFORD ARMSTRONG committed criminal activity.  Therefore, the conduct of

some of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the

United States Constitution.

68.     The aforementioned actions of some of the DEFENDANT OFFICERS was the direct and

proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFFS MARVIN WIDEMAN, ROSALIND BALL, LATINA

WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG demand compensatory and

punitive damages and attorneys fees from some of the DEFENDANT OFFICERS.   These

PLAINTIFFS also request costs and whatever additional relief this Court deems equitable and

just.

**COUNT III**
**False Arrest – State Claim**
(For PLAINTIFFS MARVIN WIDEMAN, ROSALIND BALL,
LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG)

69.     PLAINTIFFS MARVIN WIDEMAN, ROSALIND BALL, LATINA WILLIAMS, JOSE

MCKNIGHT, and CLIFFORD ARMSTRONG re-allege paragraphs 1 – 62 as though

fully set forth herein.

70.     Some of the DEFENDANT OFFICERS arrested PLAINTIFFS MARVIN WIDEMAN,

ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD

ARMSTRONG without probable cause to believe that PLAINTIFFS MARVIN

WIDEMAN, ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and

CLIFFORD ARMSTRONG committed criminal activity.  The conduct of some of the

DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

71.     The aforementioned actions of some of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS MARVIN WIDEMAN, ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG demand compensatory damages and costs from some of the DEFENDANT OFFICERS.   PLAINTIFFS MARVIN WIDEMAN, ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
## Battery –State Claim
### (For the Class )

72.     All of the PLAINTIFFS re-allege paragraphs 1 – 62 as though fully set forth herein.

73.     The DEFENDANT OFFICERS battered all of the PLAINTIFFS intentionally, without consent and without justification.

74.     The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

75.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, all PLAINTIFFS demand compensatory damages and costs from the DEFENDANT OFFICERS.  All PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT V
## Spoliation of Evidence –State Claim
### (For the Class )

76.     All of the PLAINTIFFS re-allege paragraphs 1-62 as though fully set forth herein.

77.     The DEFENDANT OFFICERS were aware of the existence of the potential for this civil action, had knowledge of same action, intentionally destroyed evidence via abstention from mandatory documentation of the use of force and through the generation of false documents relating to the use of force, thus compromising the ability of the PLAINTIFFS to prove the above-alleged actions by DEFENDANT OFFICERS, and caused PLAINTIFFS to incur significant additional legal costs in prosecuting this matter.

78.     The conduct of DEFENDANT OFFICERS was in violation of Illinois Law.

79.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

        WHEREFORE, all PLAINTIFFS demand compensatory damages and costs from the DEFENDANT OFFICERS.  All PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT VI
### Malicious Prosecution – State Claim
(For PLAINTIFFS MARVIN WIDEMAN and JOSE MCKNIGHT)

80.     PLAINTIFFS MARVIN WIDEMAN and JOSE MCKNIGHT re-allege paragraphs 1 – 62 as though fully set forth herein.

81.     Some of the DEFENDANT OFFICERS alleged that PLAINTIFFS MARVIN WIDEMAN and JOSE MCKNIGHT violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFFS MARVIN WIDEMAN and JOSE MCKNIGHT.

82.     Some of the DEFENDANT OFFICERS engaged in this effort without probable cause.

83.     The underlying criminal charges were ultimately resolved in favor of PLAINTIFFS MARVIN WIDEMAN and JOSE MCKNIGHT.

84.     The underlying criminal charges were resolved in a manner indicative of innocence.

85.     The aforementioned actions were the direct and proximate cause of the violations of

Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFFS MARVIN WIDEMAN and JOSE MCKNIGHT demand

compensatory damages and costs from some of the DEFENDANT OFFICERS.  PLAINTIFFS

MARVIN WIDEMAN and JOSE MCKNIGHT also demands whatever additional relief this

Court deems equitable and just.

**COUNT VII**
**§ 1983 Unlawful Search And/Or Entry of Residence**
(For PLAINTIFF MARY ANN ROGERS)

86.     PLAINTIFF MARY ANN ROGERS re-alleges paragraphs 1 – 62 as though fully set

forth herein.

87.     Some of the DEFENDANT OFFICERS invaded the home owned or occupied by

PLAINTIFF MARY ANN ROGERS without a search warrant, probable cause, exigent

circumstances and/or any other lawful basis, and therefore violated the Fourth

Amendment to the United States Constitution.

88.     Some of the DEFENDANT OFFICERS unlawfully conducted a search therein.

89.     The aforementioned actions were the direct and proximate cause of the violations as set

forth above.

WHEREFORE, PLAINTIFF MARY ANN ROGERS demands compensatory damages

from the DEFENDANT OFFICERS.   PLAINTIFF MARY ANN ROGERS also demands

punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF

MARY ANN ROGERS also demands whatever additional relief this Court deems equitable and

just.

## COUNT VIII
## First Amendment – Retaliation
(For the Class and Subclasses)

90.     All of the PLAINTIFFS re-allege paragraphs 1 – 62 as though fully set forth herein.

91.     All of the PLAINTIFFS had a First Amendment right to free speech at all times relevant

to this action.

92.     All of the PLAINTIFFS exercised their First Amendment right of free speech by, *inter*

*alia*, walking and talking outside and/or in their backyards and celebrating the election

victory of President-Elect Barack Obama.

93.     The above-referenced speech addressed matters of public concern.

94.     The DEFENDANT OFFICERS retaliated against the PLAINTIFFS for exercising their

First Amendment right to free speech and/or because they are African-American.

95.     As a direct and proximate result of said retaliation, PLAINTIFFS were caused to suffer

injuries.

WHEREFORE, all of the PLAINTIFFS demand compensatory damages from the

DEFENDANT OFFICERS.  All of the PLAINTIFFS also demand punitive damages, costs and

attorneys' fees against the DEFENDANT OFFICERS.  All of the PLAINTIFFS also demand

whatever additional relief this Court deems equitable and just.

## COUNT IX
## 42 U.S.C. § 1983 - Conspiracy
(For the Class and Subclasses)

96.     All of the PLAINTIFFS re-allege paragraphs 1 – 62 as though fully set forth herein.

97.     All the DEFENDANT OFFICERS engaged in a conspiracy, whereby the DEFENDANT

OFFICERS agreed to facilitate, engage in, and support the activity alleged in this

Amended Complaint.

98.   These actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and the First Amendment.

99.   In particular, the actions of DEFENDANT OFFICERS, *i.e.* pepper-spraying Plaintiffs, violated the right of PLAINTIFFS to be free from the use of Excessive Force and unlawful Search and Seizure as per the Fourth Amendment, as well as PLAINTIFFS' freedom to speak without censorship and limitation as per the First Amendment.

100.  The DEFENDANT OFFICERS proximately caused PLAINTIFFS to suffer injury.

101.  The DEFENDANT OFFICERS also failed to intervene in preventing the PLAINTIFFS from suffering injury.

WHEREFORE, all of the PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  All of the PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  All of the PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT X
### 42 U.S.C. § 1985(3) Conspiracy
(For the Class and Subclasses)

102.  All the PLAINTIFFS re-allege paragraphs 1 – 62 as though fully set forth herein.

103.  All the DEFENDANT OFFICERS engaged in a conspiracy, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in, and support the activity alleged in this Amended Complaint.

104.  The actions of the DEFENDANT OFFICERS violated the Fourteenth Amendment of the United States Constitution in that they caused PLAINTIFFS to be deprived of the equal protection of the laws.

105.    These actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the Fourteenth Amendment of the United States Constitution.

106.    The DEFENDANT OFFICERS injured PLAINTIFFS because they are African-American and because they supported President-Elect Barack Obama.

107.    The DEFENDANT OFFICERS proximately caused PLAINTIFFS to suffer injury.

108.    The DEFENDANT OFFICERS also failed to intervene in preventing the PLAINTIFFS from suffering injury.

WHEREFORE, all of the PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  All of the PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  All of the PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT XI
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO
(For the Class and Subclasses)

109.    All of the PLAINTIFFS re-allege paragraphs 1 — 62 as though fully set forth herein.

110.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

111.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demand that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

### COUNT XII
### Supplementary Claim for *Respondeat Superior*

(For the Class and Subclasses)

112.    All of the PLAINTIFFS re-allege paragraphs 1 — 62 as though fully set forth herein.

113.    The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment

and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of

its agent(s) under the doctrine of *respondeat superior.*

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims

alleged herein, PLAINTIFFS demand judgment against the CITY OF CHICAGO, and such other

additional relief, as this Court deems equitable and just.

## JURY DEMAND

114.    Plaintiff demands trial by jury.


                                Respectfully submitted,


                        By:     s/Blake Horwitz_____
                                One of the attorneys for the Plaintiffs
                                Blake Horwitz, Esq.

**THE BLAKE HORWITZ LAW FIRM**
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 676-2100