IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LENNETH SUGGS, et al.,

Plaintiffs,

v.

OFFICER ZINCHUCK Star no 3893, et al.
And the CITY OF CHICAGO.

Defendants.

No. 08 C 06688

Honorable Judge Shadur
Magistrate Judge Keys

## MOTION TO COMPEL DEPOSITION OF 30(B)6 WITNESSES AND FOR PRODUCTION OF DOCUMENTS

NOW COMES the Plaintiffs, by the BLAKE HORWITZ LAW FIRM, and hereby state, in support of Plaintiffs' Motion, the following:

## FACTUAL HISTORY

This case involves the improper and excessive use of force committed by various known and unknown law enforcement officers of the City of Chicago on the night of the Presidential election of Barak Obama. Plaintiffs contend that they were assaulted, battered and sprayed with OC spray by law enforcement officials while they were peacefully expressing themselves through celebration shortly after President Obama's election ceremony in Grant Park. Shortly after the ceremony Plaintiffs were attacked by law enforcement officials and were sprayed with pepper spray. Many of the officers were in riot gear and had shields covering their faces. Since there were hundreds of law enforcement officers working that night and there were large amounts of canisters of OC spray distributed to many of them, Plaintiffs are requesting that the following 30(b)6 witnesses be produced to assist in identifying specific Defendants.

1

## RELEVANT PROCEDURAL HISTORY

On February 4, 2010, Plaintiffs directed a Deposition Notice to Defendants' requesting,

*inter alia*, the depositions of certain witnesses to wit:

> **A.** **30(b)6 witness to testify with specificity as to what work/investigation has been conducted relative to discerning which officers could have been in the relevant vicinity and used O.C. spray at the relevant times. The witness should also identify what documentation was used in order to develop his/her testimony and to provide any such documentation if not previously disclosed (Exhibit A).**

Defendants have objected (Exhibit B, Page 1 Paragraph 2) to the foregoing deposition

notice on the grounds of attorney-client privilege and work product privilege and have provided

an insufficient response to the request. Defendants refer to a correspondence date October 30,

2009 from Dykema Gossett (Exhibit C). The correspondence is not a deponent. Secondly, it

does not provide responsive information. Specifically, the letter fails to provide sufficient

information regarding what *work/investigation* has been conducted relative to discerning which

officers could have been in the relevant vicinity and used O.C. spray. The letter is non-

responsive to the foregoing deposition notice and merely provides lists of officers who "may

have deployed OC spray...." in the relevant area during the relevant time. Conveniently, the

same letter provides a direct response as to which officers did not discharge OC spray.

Defendants should be directed produce a relevant 30(b)6 witness responsive to the deposition

notice.

> **B.** **30(b)6 witness to testify with specificity as to the identification of each officer known to 1) have discharged O.C. spray in the relevant vicinity and during the relevant times 2) known to have been present in the 15th District at the above times; 3) known to have been and/or could have been present in and around the relevant vicinity during the relevant times. The witness should also identify what documentation was used in order to develop his/her testimony and to provide any such documentation if not previously disclosed (Exhibit A).**

2

Defendants provide the same objection and response (Exhibit B, Page 2, Paragraph 1) to

the foregoing deposition notice as provided in their response to A above. Defendants should be

directed to produce a relevant 30(b)6 witness responsive to the deposition notice.

**C.**      **30(b)6 witness to testify with specificity as to the identity of each and every law enforcement officer that was issued O.C. spray on 11/4/08-11/5/08 and to produce and identify each and every document the city possesses attributable to distribution of O.C. spray including but not limited to any serial numbers on the subject O.C. spray canisters (Exhibit A).**

Defendants object to the foregoing deposition notice on the grounds of it being overly

broad and unduly burdensome (Exhibit B, Page 3, Paragraph 1). However, defendants go on to

provide that the request was previously complied with (Id.). Since no depositions have been

taken in this matter Defendants response is clearly erroneous additionally, Plaintiffs have never

been supplied with any information that would identify the OC canisters that were distributed

(e.g., serial numbers). Defendants should be directed to produce a relevant 30(b)6 witness

responsive to the deposition notice.

**D.**      **30(b)6 witness to testify with specificity as to law enforcement officers' duty/obligation to respond "line by line" to the "To-From Subject Reports" produced in defendants discovery responses, for example bates 1551-1724 (Exhibit A).**

Defendants have agreed to investigate whether any policies exist regarding the forgoing

request. In the event Defendants fail to produce sufficient information they should be directed to

produce a relevant 30(b)6 witness responsive to the deposition notice.

## LCR 37.2

On February 11, 2010, Fabian Rosati, Counsel for Plaintiffs and Andrea Cook, counsel

for the City, spoke with regard to Plaintiffs' 30(b)6 witness requests. In that regard, Andrea Cook

indicated that Defendants were maintaining their objections to the foregoing requests and that no

further resolution could be reached (Exhibit D).

WHEREFORE, Plaintiffs pray that this Court grant Plaintiffs' motion, as described

above.

Respectfully Submitted,


s/Fabian Rosati
Attorney for the Plaintiffs
Fabian J. Rosati


**THE BLAKE HORWITZ LAW FIRM**
20 S. Clark, Suite 500
Chicago, IL 60603
Tel: (312) 616-4433
Fax: (312) 565-7173

4