IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER, *et. al.* | |
| Plaintiffs, | No. 08 C 6688 |
| v. | Honorable Judge Shadur<br>Magistrate Judge Gilbert |
| ZINCHUCK, *et al*. | |
| Defendants. | |

## PLAINTIFFS' MOTION TO COMPEL

NOW COME the PLAINTIFFS, by and through their attorney, Blake Horwitz of The Blake Horwitz Law Firm, Ltd., and move to compel pursuant to Federal Rule of Civil Procedure 37 and N.D. Ill. Local Rule 37.2. In support of their motion, Plaintiffs state the following:

On November 4, 2008 (and into the early hours of November 5, 2008), while peaceably celebrating the election of President Barack Obama, the first African-American President in United States history, Plaintiffs, also African American, were pepper sprayed, tasered, and physically abused by racist Chicago police officers. To hide their identity, many officers engaged in drive-by pepper spraying, using large, fire-hydrant sized pepper spray containers to soak the Plaintiffs. Plaintiffs filed a complaint seeking relief relative to these abuses and have amended same. (Dkt. No. 98, attached hereto as Exhibit A).

Discovery has revealed that over 60 officers have "knowledge" relative to the factual circumstances surrounding this occurrence. Many officers have refused to come forward. Some have filled out reports relative to their use of force; others have refused to

1

do so. Certain officers filled out reports within 24 hours after the incident while others waited up to one year to fill out such reports.[1] Given the refusal of the officers to come forward and document what transpired, pursuant to their obligations to do so (*see FN 1*), Plaintiffs have not been able to meaningfully discern which officers were involved in the instant occurrence.

In addition to traditional interrogatories and requests to produce, which have produced what amounts to the IPRA investigations into the underlying incidents, Plaintiffs have issued deposition notices. Several remain in dispute between the parties, as follows:

|   | **Deponent** |
|---|---|
| 1 | 30(b)(6) witness to testify with specificity as to what work/investigation has been conducted relative to discerning which officers could have been in the relevant vicinity[2] and used O.C. spray at the relevant times[3]. The witness should also identify what documentation was used in order to develop his/her testimony and to provide any such documentation if not previously disclosed. |
| 2 | 30(b)(6) witness to testify with specificity as to the identification of each officer known to 1) have discharged O.C. spray in the relevant |

---

[1] When an officer uses force (*e.g.*, taser, pepper spray), he must fill out a "Use of Force Report," also called a "TRR". In many instances, officers waited up to a year to fill out these reports. Plaintiffs believe that further discovery will demonstrate that these reports are to be filled out very shortly (within 24 hours or sooner) after the force is used. However, this issue is the subject matter of an FRCP 30(b)(6) witness that the City has agreed to tender for deposition. Other 30(b)(6) witnesses the City has elected not to produce, absent a Court order, hence the instant motion.

[2] "Relevant vicinity" means W. Kinzie St. south to W. Madison and N. Latrobe Ave. west to N. Laramie Ave.

[3] "Relevant times" is intended to mean the date of November 4, 2008 between the hours of 10:00 p.m. and 12:00 a.m. and the date of November 5, 2008 between the hours of 12:00 a.m. and 5:00 a.m.

|   |   |
|---|---|
|   | vicinity and during the relevant times 2) known to have been present in the 15th District at the above times; 3) known to have been and/or could have been present in and around the relevant vicinity during the relevant times. The witness should also identify what documentation was used in order to develop his/her testimony and to provide any such documentation if not previously disclosed. |
| 3 | 30(b)(6) witness to testify with specificity as to the identity of each and every law enforcement officer that was issued O.C. spray on 11/4/08-11/5/08 and to produce and identify each and every document the city possesses attributable to distribution of O.C. spray including but not limited to any serial numbers on the subject O.C. spray canisters. |
| 4 | 30(b)(6) witness to testify with specificity as to law enforcement officers' duty/obligation to respond "line by line" to the "To-From Subject Reports" produced in defendants discovery responses, for example bates 1551-1724. |

| | |
|---|---|
| 5 | Pursuant to Rule 30(b)(6), on behalf of the City of Chicago, the person most knowledgeable as to the Chicago police officers that responded on November 4, 2008 from 7:00 p.m. to November 5, 2008 at 2:00 a.m. to the locations listed in Plaintiffs' supplemental interrogatory, i.e.:<br>a) at or near 161 North Laramie;<br>b) at or near the intersection of Lake Street and Laramie Avenue;<br>c) at or near the intersection of Latrobe Avenue and Fulton Street;<br>d) at or near 157 North Latrobe Avenue;<br>e) at or near 167 North Latrobe Avenue;<br>f) at or near 152 North Latrobe Avenue;<br>g) at or near the intersection of Laramie Avenue and Fulton Street;<br>h) between West Maypole Avenue and West W. End Avenue, on North Laramie Avenue;<br>i) at or near West Lake Street and North Laramie Avenue; and<br>j) at or near West Maypole Avenue and North Laramie Avenue. |
| 6 | Pursuant to Rule 30(b)(6), on behalf of the City of Chicago, the person most knowledgeable as to the Chicago police officers that interacted with and/or had contact with any of the Plaintiffs in this matter on November 4-5, 2008. |

| | |
|---|---|
| 7 | Pursuant to Rule 30(b)(6), on behalf of the City of Chicago, the person most knowledgeable as to the existence of any video surveillance or recordings of the incidents alleged in Plaintiffs' complaint, including, but not limited to, POD camera footage. |
| 8 | 30(b)(6) witness to testify as to any and all processing and/or investigation done on items, objects and other evidence gathered in relation to the Plaintiffs and/or the occurrences, as alleged in the Complaint |

Some elaboration may be necessary regarding the 30(b)(6) notices listed above. With regard to request number 4, a "To-From" is a report filled out by an officer that explains conduct to a superior officer. Number 5 concerns the area that is the subject matter of the lawsuit. POD video, reflected in request 7, refers to a device that captures video for later review by Chicago Police Department personnel. "POD" video cameras are mounted on light poles and other structures in various locations throughout the City.

As can be readily ascertained, testimony from these deponents will help streamline the litigation by providing information that will enable Plaintiffs to refine the number and identities of Defendants named in the litigation.

In addition to the deponents noted above, Plaintiffs also seek the following specific individuals for production for deposition:

9. IPRA Investigator Vincent L. Jones
10. IPRA Investigator James Lukas
11. IPRA Supervising Investigator George Roberts
12. IPRA investigator assigned to CR no. 1021595
13. IPRA investigator assigned to CR no. 1021411

The above deponents have knowledge relative to the investigation that is the subject matter of this lawsuit. Deponents 9-11 are specifically referred to in the investigations. Numbers 12-13 refer to the relevant CR investigations that concern the subject litigation.

### LCR 37.2 Conference

On August 4, 2010, counsel for the Plaintiffs, Blake Horwitz, spoke to counsel for the Defendants, Sanjay Patel. A prior conversation relative to Plaintiffs' requests took place on August 2, 2010 with the same attorneys and on July 30, 2010 between Blake Horwitz and Arlene Martin. The attorneys agree that the parties have not resolved their dispute regarding Plaintiffs' discovery requests. Counsel have also agreed that all of the deponents were timely requested and noticed and that the only remaining is whether this Court will enter an order, after hearing argument, relative to the production of these witnesses. With regards to the specifically named deponents, reflected above, Mr. Patel advised that different counsel (or separate outside counsel) for the City of Chicago, representing IPRA, will be taking a position relative to the production of said witnesses. Mr. Horwitz indicated that dates should have already been provided, regardless of the law firm that will appear on behalf of these deponents, who are City of Chicago employees.

Given the parties' agreement relative to the issues at hand, Plaintiffs have forgone attaching the letters and discovery devices sent back and forth between counsel relative to Plaintiffs' requests. If these documents are required during the hearing of this cause, Plaintiffs will tender same. However, given the positions of counsel, Plaintiffs believe that it is not necessary to attach these documents to the motion at this time.

WHEREFORE, Plaintiffs request that this Court enter an order granting the relief requested in this motion and compel dates certain for the depositions of the deponents listed in this motion.

          Respectfully submitted,

          s/Blake Horwitz_____
          Attorney for the Plaintiff

Blake Horwitz, Esq.
The Blake Horwitz Law Firm, Ltd.
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076