**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LATANYA ALEXANDER, et al.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 08 C 6688** |
| | ) | |
| **v.** | ) | **JUDGE SHADUR** |
| | ) | |
| **CITY OF CHICAGO, et al.** | ) | **MAG. JUDGE KEYS** |
| | ) | |
| **Defendants.** | ) | **JURY DEMAND** |

### DEFENDANTS' RESPONSE AND MOTION FOR PROTECTIVE ORDER

Defendants', through Sanjay H. Patel, Assistant Corporation Counsel, responds to plaintiffs' motion to compel the deposition of numerous Rule 30(b)(6) witnesses, and further moves this Court pursuant to Rule 26(c)(1)(C) for entry of a protective order.

**Defendants' response to plaintiffs' motion to compel**

Plaintiffs' motion providing background contains unsupported allegations and state-of-mind assertions, particularly, the allegation that plaintiffs' were tasered by racist Chicago police officers. Plaintiffs have all been deposed, and none allege being tasered or that any Defendant made any racist remarks. Plaintiffs' filed the instant case naming nine individual Defendants and unknown Chicago Police Officers. To the extent plaintiffs' sought to identify the "unknown" Defendants, plaintiffs' received nearly two-thousand pages of documents in response to their discovery requests. Plaintiffs' also sought depositions of Rule 30(b)(6) witnesses related to the identities of those individual officers who were present in the neighborhood on the west side of Chicago where plaintiffs' were allegedly attacked, and specifically the names of officers who deployed "pepper spray." (See Notice of Deposition from July 28, 2009, attached as Exhibit A).

After engaging in extensive motion practice before the then assigned Magistrate, Judge Keys, on October 30, 2009, plaintiffs' received a letter from outside counsel representing the City of Chicago, identifying numerous individual Chicago police officers who: were present; certainly did; and those who may have used "pepper spray" on the night in question. (Exhibit B). This letter was responsive to the requests for information sought by plaintiffs one year ago, which appears to be precisely what they are requesting of this Court again.

On November 9, 2009, Judge Shadur granted plaintiffs' leave to file an amended complaint naming an additional seventy-five individual Defendants, bringing the total to eighty-four individual Defendants. (Docket Entry (D.E.) No. 97). Judge Shadur allowed plaintiffs to name the additional Defendants without holding plaintiffs' counsel Blake Horwitz to his Rule 11(b) obligation because plaintiffs were faced with an expiring statute of limitations, and had not sufficiently investigated plaintiffs' claims to allow them to identify those individuals who were personally involved with plaintiffs on Election Night, 2008. (Transcript of Proceedings from November 9, 2009, attached as Exhibit C, at 14-15:8-4). The court expected the parties to work cooperatively so that plaintiffs' could "take out of the case [individual defendants] who have been added simply because of incomplete information." (Id, at 14:15-16). Plaintiffs move this Court now to achieve this outcome. However, Defendants object to plaintiffs' excessive and unduly burdensome Rule 30(b)(6) requests because they are duplicative. Plaintiffs look to elicit testimony from witnesses concerning information they have been already been provided with, through Defendants disclosures and defense counsel's own investigative efforts. For plaintiff's to determine which individuals should and should not remain as

Defendants in this case, all they need to is examine the documents already tendered. (See Exhibit B). Moreover, some of plaintiffs' requests are overbroad, which may result in the designation of an incorrect witness.

   **a. Plaintiffs' notice for a: Rule 30(b)(6) witness to testify with specificity as to what work/investigation has been conducted relative to discerning which officers could have used O.C. spray at the relevant times. The witness should also identify what documentation was used in order to develop his/her testimony and to provide any such documentation if not previously disclosed.**

   On February 9, 2010, Defendants wrote to plaintiffs' counsel objecting to their notice of deposition citing both attorney-client and work product privilege. (Exhibit D). Defendants also directed plaintiffs to outside counsel, Derek Payette's, October 30, 2009 letter that identified the officers that were in the relevant areas that may or may not have deployed O.C. spray. (Exhibit B). Defendants maintain their objections to this notice of deposition because the request clearly falls under work product and attorney client privilege.

   Additionally, Defendants have previously complied with plaintiff's request for this information by providing plaintiffs with information regarding which officers may have discharged O.C. spray in the relevant vicinity during November 4-5, 2008. In fact, Defendants hired outside counsel, to only identify the appropriate officers who may have deployed O.C. spray. Defense counsel conducted several interviews to identify officers who were in the relevant areas and who may have deployed O.C. spray. Defendants provided Plaintiff's counsel with these Officers' names, star numbers and units of assignment. Id. Providing plaintiffs with information as to how the investigation was conducted is the very essence of work product and attorney client privilege. This request for a 30(b)(6) witness to testify to the aforementioned, would make plaintiff privy to

correspondence and conversations between Defendants' clients and attorneys. Furthermore, plaintiffs have failed to notice any depositions or depose any of the fifteen officers that were disclosed to Plaintiff in Derek Payette's October 30, 2009 letter.[1] This would possibly be the most efficient and productive way to gain the requested information.

**b. Plaintiffs' notice for a: Rule 30(b)(6) witness to testify with specificity as to the identification of each officer known to 1) have discharged O.C. spray in the relevant vicinity and during the relevant times; 2) known to have been present in the 15th District at the above times; 3) known to have been and/or could have been present in and around the relevant vicinity during the relevant times. The witness should also identify which documentation was used in order to develop his/her testimony and to provide such if not previously disclosed.**

Defendants maintain their objections to this deposition notice because it is unduly burdensome and overbroad. (Exhibit D). Plaintiffs have been previously provided with both the identification of officers that may have deployed O.C. spray as well as documents from officers assigned to the 15th District on the relevant dates and times. Each officer answered "To/From" reports which requested their assignments, locations, partners, whether they were uniformed, whether they were assigned OC spray, whether

---

[1]Defendants anticipate that Plaintiffs will argue the usage of "may have" in Mr. Payette's letter, regarding the officers who may have deployed O.C. spray, is not definitive. But due to the unique circumstances of this night, many officers are not sure of the exact location where the O.C. spray was deployed. Mr. Payette's letter specifically delineates which officers may or may not have deployed O.C. spray. The events that give rise to this lawsuit are tantamount to a riot which would make it difficult for any officer to remember exactly where events occurred. The complaints and docket clearly show that plaintiffs have named several officers that "may or may not have" deployed O.C. spray on November 4-5, 2008. Plaintiffs, even after their depositions, have failed to provide Defendants with any testimony photographic or audio evidence that can either add or rule out any Plaintiff or Defendant.

they discharged any O.C. spray and whether they observed any one else discharge OC spray.[2]

> **c. Plaintiffs' notice for a: Rule 30(b)(6) witness to testify with specificity as to the identity of each and every law enforcement officer that was issued O.C. spray on 11/4/08-11/5/08 and to produce and identify each and every document the city possesses attributable to distribution of O.C. spray including but not limited to any serial numbers on the subject O.C. spray canisters.**

Defendants have maintained their objection to this request as being overbroad and burdensome. (See Exhibit D). Defendants requested that plaintiff narrow their requests down to make them more specific during their conversations on February 9, 2010 and August 2, 2010. Plaintiffs failed to narrow their request to a 30(b)(6) witness that has knowledge regarding officers within a particular district, at specific locations or within a particular vicinity. Instead plaintiffs have requested a witness to testify about each officer who was issued OC spray and every document attributable to the distribution of OC spray. This request can be easily narrowed so that Defendants can investigate and contact the appropriate party.

> **d. Plaintiffs' notice for a: Rule 30(b)(6) witness to testify with specificity as to law enforcement officers' duty/obligation to respond "line by line" to the "To-From Subject Reports" produced in defendant discovery requests, for example bate 1551-1724.**

On February 11, 2010, Defendants agreed to investigate the above request. Defendants conducted a search of the relevant general orders and there is no general order that addresses a "duty/obligation" for officers to respond "line by line" to the "To-From Subject Reports." Therefore, Defendants cannot designate a Rule 30(b)(6) witness

---

[2] The "To/From" reports from the 15th District of the Chicago Police Department have been disclosed and bate stamped documents FCRL 01551-1724. These documents were not filed with this response to Plaintiff's motion to compel. They are subject to a protective order and were previously produced for attorney's eyes only. Defense Counsel will provide a copy of the documents for the Court upon request.

specific to this request. This issue was raised by plaintiffs in their previous motion to compel before Magistrate Keys, which was denied without prejudice because the parties had not met their obligation pursuant to Local Rule 37.2.

**e. Plaintiffs' notice for a Rule 30(b)(6) witness on behalf of the City related to Chicago police officers that responded on November 4, 2008 from 7:00 p.m. to November 5, 2008 at 2:00 a.m. to the locations:**

**i) at or near 161 N. Laramie;**
**ii)     at or near the intersection of Lake St. and Laramie Ave.;**
**iii)    at or near the intersection of Latrobe Ave. and Fulton St.;**
**iv)    at or near 157 N. Latrobe Ave.;**
**v)     at or near 167 N. Latrobe Ave.;**
**vi)    at or near 152 N. Latrobe Ave.;**
**vii)   at or near the intersection of Laramie Ave. and Fulton St.;**
**viii)  between W. Maypole Ave. and West W. End [sic] Ave., on N. Laramie Ave.;**
**ix)    at or near W. Lake St. and N. Laramie Ave; and**
**x)     at or near W. Maypole Ave. and N. Laramie Ave.**

**f. Plaintiffs' notice for a Rule 30(b)(6) witness on behalf of the City related to Chicago police officers that interacted with and/or had contact with any of the plaintiffs on November 4-5, 2008.**

**g. Plaintiffs' notice for a Rule 30(b)(6) witness on behalf of the City related to the existence of any video surveillance or recording of the incidents alleged in plaintiffs' complaint, including but not limited to POD camera footage.**

Plaintiffs' notices here are identical to those made by them on July 28, 2009 in an effort to then identify unknown officers. (See Exhibit A). Parties engaged in extensive motion practice, which led to disclosure by Defendants of nearly two thousand pages of documents responsive to these requests. Magistrate Judge Keys issued an order requiring Defendants to "name all officers on duty in the affected district" and "provide the names of all officers who used pepper spray during that incident." (D.E. No. 92). Thereafter, Defendants identified all officers in accordance with the court's order. Plaintiffs' notices subject to their motion here are cumulative and redundant given the disclosures made to

them.  A better practice would be for plaintiffs to begin deposing Defendants whom they can identify may have or did deploy "pepper" spray.

To the extent plaintiffs' seek additional POD footage, beyond that which has already been disclosed, Defendants had requested plaintiffs' identify those cameras which they believe captured footage relevant to the instant case.  There are countless numbers of POD cameras located throughout the areas where plaintiffs' allege the incidents occurred.  To the extent those recordings exist, Defendants will produce them.

**h. Plaintiffs' notice for a Rule 30(b)(6) witness to testify to any and all processing and/or investigation done on items, objects and other evidence gathered in relation to the plaintiffs and/or occurrences as alleged in the complaint.**

Defendants object to this last notice by plaintiffs because they are cumulative and overly broad.  Defendants disclosed all documents, photos, and inventory reports reflecting evidence recovered by either the Chicago police or Independent Police Review Authority investigators in relation to plaintiffs and their allegations.  Plaintiffs' have not been able to articulate the necessity for this Rule 30(b)(6) witness.  Moreover, the overly broad request which can encompass the unrelated investigations of two separate agencies makes it impossible for Defendants to designate any individual who can testify to this matter.

Plaintiffs' notice for deposition of the above Rule 30(b)(6) witnesses is unduly burdensome, harassing and will unnecessarily increase the costs of litigation.  Defendants have agreed to produce two Rule 30(b)(6) witnesses, because they may assist plaintiffs in learning information relative to their Rule 11 obligations and Judge Shadur's order to trim the list of individual Defendants down to those who have personal involvement.  To

that end, what they request this Court to compel Defendants to do is unnecessary. Therefore, Defendants request plaintiffs' motion to compel be denied.

**Defendants' motion for a protective order**

Defendants move this Court for entry of a protective order pursuant to Rule 26(c)(1)(C). On July 16, 2010, plaintiffs' counsel delivered to Defendants improperly formed discovery requests. (Exhibit E). In a single document, plaintiffs propounded objectionable interrogatories, requests for admission and requests for production upon each individual Defendant and the City of Chicago. Defendants request this Court issue an order to protect Defendants from the unduly burdensome discovery which is inconsistent with both plaintiffs' representations and Judge Shadur's order from November 9, 2009. (See Exhibit C). The idea is to put Defendants in a position where they can answer the complaint. (Id, at 14:18-20). However, plaintiffs' pending discovery requests does not assist in accomplishing this.

First, plaintiffs' have been provided with every discoverable document defense counsel possesses relative to the incident which forms the basis of this suit. Second, plaintiffs' as discussed above, are to engage in a meaningful examination of the discovery disclosed by Defendants, and engage in discovery which will remove those individual Defendants who are improperly named in this case, so plaintiffs' counsel adheres to their Rule 11(b)(1) obligation. Instead, plaintiffs have served discovery requests upon eighty-four individual Defendants plus the City of Chicago, which is unduly burdensome to respond to, harassing and will "cause unnecessary delay" and "needlessly increase the cost of litigation." Fed.R.Civ.P. 11(b)(1).

None of plaintiffs' discovery requests will aid them in pairing down the individually named Defendants. What it will accomplish is a massive undertaking by defense counsel to arrange and meet with each of the eight-four individual Defendants, and attempt to determine what if any involvement each had with plaintiffs, what if any documents may be attributable to each Defendant, and further discuss any and all complaint registers attributable to each Defendant. This is harassing and will not lead to the discovery of relevant evidence beyond that which has already been produced to plaintiffs. See Fed.R.Civ.P. 26(b)(1). Moreover, plaintiffs' discovery requests are not consistent with the applicable Rules of Civil Procedure. The requests for admission are improper as to scope and form. Fed.R.Civ.P. 36(a)(1)(A) and (a)(2). The production requests do not describe the items sought to be inspected with reasonably particularity, and requires "guesswork" on the part of the Defendant to identify documents plaintiffs seek. Fed.R.Civ.P. 34(b)(1).

Rule 26(b)(2)(C)(i) establishes a limit as to the extent of discovery a party can seek. In this case, the discovery plaintiffs seek through their combined requests for admission, production and interrogatories is unreasonably cumulative given the documents already tendered to plaintiffs. The information plaintiffs seek can be obtained from the documents already disclosed to them. Until plaintiffs dismiss those individual Defendants who did not have any personal involvement with plaintiffs on November 4, 2008, the discovery they seek from Defendants is burdensome, expensive and harassing.

The undersigned discussed the terms of this motion for protective order with plaintiffs' counsel Blake Horwitz on August 2, 2010. At that time, plaintiffs would not agree to stay the discovery requests until such time when Defendants are in a posture to

answer the complaint. Defendants further requested plaintiffs at least propound discovery upon those individuals whom they have evidence to support were personally involved with plaintiffs on the night in question, and then allow additional time to complete that discovery given the undertaking responding would require. Plaintiffs were not amenable to this request either.

Defendants now request this Court enter an order forbidding plaintiffs from propounding improperly formed "blanket" discovery requests upon all Defendants until such time plaintiffs are able to determine which Defendants will remain named and which will be dismissed from the instant case.

Respectfully submitted,

/s/ **Sanjay Patel**
SANJAY H. PATEL
Assistant Corporation Counsel

30 N. LaSalle St., suite 900
Chicago, IL 60602
(312) 742-3902
ARDC No. 06272840