## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LENNETH SUGGS, et al., | Case No. 08 C 6688 |
| Plaintiffs, | |
| | Honorable Judge Shadur |
| CITY OF CHICAGO, et al., | Magistrate Judge Gilbert |
| Defendants. | |

## PLAINTIFF'S MOTION FOR DISCOVERY

NOW COME Plaintiffs, by and through The Blake Horwitz Law Firm, Ltd., and hereby bring this motion for discovery pertaining to the Plaintiffs and/or allegations of Plaintiffs' complaint. In support of same, Plaintiffs state as follows:

1.      This Court ordered the depositions of the investigators to precede that of the 30(b)6 witnesses. This Court entered this order after lengthy hearings wherein both parties recommended this approach. In sum, it was believed that meaningful depositions could take place for the purpose of identifying officers who are potential defendants to this cause, prior to the expiration of the statute of limitations.

2.      The first deposition proceeded. Investigator Vincent Jones possessed very little information, save for one interview that he performed with regard to one Plaintiff and evidence that he recovered (see *infra*). The witness was recalcitrant and at best, difficult to examine as he was resistant to providing information regarding his investigation to this cause.

3.      The second deposition proceeded. This deposition was of the chief investigator (Andrew Palahniuk) with regard to the election night fiasco. After approximately one

hour of questioning of a very cooperative witness, it became clear that he was not able to recall much information with regard to his investigation unless he reviewed the two thousand documents that were the subject matter of inquiry. Hence, the parties agreed that the deposition was to re-convene, after the deponent had the opportunity to review and understand the documents, with a focus on discerning which officers were involved on the night in question.

4.      Subsequently, the parties attempted to re-schedule depositions for the balance of the investigators. During Blake Horwitz's conversation with Ms. Meera Werth and Sanjay Patel on 10/15/10, the attorney representing the IPRA investigators, it became clear that the IPRA investigators were not prepared to testify in a manner which would efficiently forward the question at hand: the identification of officers. Apparently, the investigators were more focused on the specific work they performed with regard to their investigation but *not* on the identity of the officers.

5.      The following example illustrates the previous point: almost two years ago, a Plaintiff tendered to investigator Lukas and Jones, a baton and fire extinguisher size pepper spray container that he had recovered. Both of these objects undisputedly came from the Chicago Police Officer(s) on the night in question. The deponent testified that one of the Plaintiffs (Christopher Cobbs) entered the front door of a barber shop (shortly after the incident), carrying the items and placed them on a table. At no time did this or *any* investigator seek to procure a fingerprint analysis attributable to these items. This smoking gun evidence presently remains, untouched, in an evidence locker, only to be focused upon when Plaintiffs' counsel makes inquiry. The investigator admitted that it would be important to perform a fingerprint analysis on the objects in question for the

purpose of ascertaining which officers were involved on the night in question. However, none has been performed by this investigative body of the Chicago Police Department as of the date of this writing.

6.      At this time, Plaintiffs seek to move forward with the deposition of the 30(b)6 witnesses and to forgo the investigator depositions, unless needed to forward the issue relative to the identify of the officers. It is apparent that deponents need to come to depositions prepared and only after documents have been fully analyzed.

7.      The unsuccessful deposition of investigator Palahniuk is an example. The parties agreed to re-convene his deposition only after the witness was fully knowledgeable relative to the documents. Hence, this witness was being converted, in part, to a 30(b)6 witness[1] - meaning that he was to study and understand the documents paying attention to a particular focus – the identify of officers so that the deposition could proceed forward efficiently.

8.      In an order entered on 8/18/2010, Judge Gilbert granted Plaintiff's Motion to Compel 30(b)6  deposition requests with regards to:

    a.      A witness to testify with specificity as to law enforcement officers' duty/obligation to respond "line by line" to the "To-From Subject Reports" produced in defendants discovery responses or any witness also knowledgeable about any custom, practice or procedure in responding to "To/From Subject Reports";

    b.      The person most knowledgeable as to the Chicago police officers that responded on November 4, 2008 from 7:00 p.m. to November 5, 2008 at 2:00 a.m. to the locations:

---

[1] It is axiomatic that the witness should have come prepared regardless, given the focus of the instant litigation. That he was not prepared is demonstrative of the underlying rationale for the granting of the pending motion.

1) at or near 161 North Laramie;
2) at or near the intersection of Lake Street and Laramie Avenue;
3) at or near the intersection of Latrobe Avenue and Fulton Street;
4) at or near 157 North Latrobe Avenue;
5) at or near 167 North Latrobe Avenue;
6) at or near 152 North Latrobe Avenue;
7) at or near the intersection of Laramie Avenue and Fulton Street;
8) between West Maypole Avenue and West W. End Avenue, on North Laramie Avenue;
9) at or near West Lake Street and North Laramie Avenue;
10) at or near West Maypole Avenue and North Laramie Avenue; and

c.      The person most knowledgeable as to the Chicago police officers that interacted with and/or had contact with any of the Plaintiffs in this matter on November 4-5, 2008.

WHEREFORE, Plaintiffs pray that this Honorable Court grant Plaintiffs' motion and order the Defendants to allow 30(b)6 depositions to commence in this matter.


Respectfully submitted,


s/ Blake Horwitz_____
Blake Horwitz
Attorney for the Plaintiffs




The Blake Horwitz Law Firm, Ltd.
20 S. Clark, Suite 500
Chicago, IL 60603
(312) 676-2100
(312) 372-7076 (Fax)