IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LATANYA ALEXANDER, et al.,   )
                             )
           Plaintiffs,       )
                             )
     v.                      )   No. 08 C 6688
                             )
OFFICER ZINCHUCK, et al.,    )
                             )
           Defendants.       )

MEMORANDUM

At this Court's request, counsel for the parties in this 42 U.S.C. §1983 ("Section 1983") action attended a June 8 status hearing called to address the question whether, as a practical matter, the amorphous nature of the case--with an extraordinarily large assemblage of individual plaintiffs opposing a likewise large assemblage of Chicago police officer defendants--could be shaped to fit the litigative requirement of identifying one or more defendants who could be shown to be liable to each plaintiff.  For that purpose this Court was joined on the bench by Honorable Jeffrey Gilbert, the magistrate judge who has been monitoring discovery in the case.

Lead plaintiffs' counsel Blake Horwitz ("Horwitz") sought--without too much success--to respond to the questions posed by Judge Gilbert and this Court.  At the end of the status hearing a next status hearing date was set for September 8, 2011, with plaintiffs' counsel required in the interim to file, as early as is feasible, a new Amended Complaint that would conform to

Horwitz' oral description of the results of discovery to this point. This memorandum is issued by way of comment on two of the principal authorities that Horwitz had identified as supporting theories of recovery that he described orally during the status hearing.

First, in the Section 1983 context Horwitz placed heavy reliance on the decision in <u>Cefalu v. Vill. of Elk Grove</u>, 211 F.3d 416 (7th Cir. 2000). But an examination of the opinion there, which concluded by upholding a judgment in favor of the defendant police officers,[1] discloses this to be its only arguably relevant excerpt (<u>id</u>. at 422-23)(citations omitted, except for the <u>Vasquez</u> case from which the indented quotation is taken):

> As it was articulated at trial, the Cefalus' conspiracy claim posited that the defendants had conspired to cover up their own wrongdoing vis à vis the Cefalus' arrest. The First and Fourteenth Amendments to the U.S. Constitution guarantee the right to seek legal relief for asserted injuries that have a reasonable basis in fact and in law. <u>Vasquez v. Hernandez</u>, 60 F.3d 325, 328 (7th Cir. 1995), <u>cert</u>. <u>denied</u>, 517 U.S. 1156, 116 S.Ct. 1545, 134 L.Ed.2d 648 (1996).
>
>> A corollary of this right is that efforts by state actors to impede an individual's access to courts or administrative agencies may provide the basis

---

[1] There is really no parallel between the far more limited universe occupied by the two plaintiffs v. seven officers situation dealt with in <u>Cefalu</u> and the mass situation involved in this case. Indeed, only four of the seven officer defendants were implicated in the direct confrontation that triggered the lawsuit--plaintiffs joined the others because of their later involvement in the dispute.

> for a constitutional claim under 42 U.S.C. §1983.
> Judicial access must be "adequate, effective, and
> meaningful," <u>Bounds v. Smith</u>, 430 U.S. 817, 822,
> 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977), and
> therefore, when police officers conceal or obscure
> important facts about a crime from its victims
> rendering hollow the right to seek redress,
> constitutional rights are undoubtedly abridged.

At least at this point, it seems highly questionable from Horwitz' explanation of the actions (or inaction) of certain officers--principally their failure to prepare a particular form of incident report--meets either the level of a conspiracy or the test announced in the seminal <u>Bounds v. Smith</u> decision.

As for <u>McCottrell v. City of Chicago</u>, 135 Ill.App.3d 517, 481 N.E.2d 1058 (1st Dist. 1985), Horwitz offered that opinion as assertedly illustrative of a supplemental jurisdiction theory under state law that could obviate the problems created by the absence of a viable <u>Monell</u> claim under Section 1983. But that reference to the availability under state law of a respondeat superior concept (verboten under <u>Monell</u>) ignores the obvious problem that respondeat superior principles can come into play only if there is a showing that <u>some</u> municipal employee is liable to <u>some</u> plaintiff before municipal liability can attach--and that simply returns Horwitz's clients to the problem identified in the first paragraph of this memorandum.

As with other subjects discussed during the June 8 status hearing, this memorandum is not intended to be an ultimate ruling on the matters dealt with here. It is rather in the nature of a

further effort to identify for the litigants some of the difficulties that appear to be raised by the need to cabin this action dramatically before the prospect of a trial may even be considered to be realistic.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 9, 2011