**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LATANYA ALEXANDER as special administratrix of the estate of LENNETH SUGGS, SHERWIN OTT, MICHAEL LEE, CHRISTOPHER COBBS, LATINA WILLIAMS, DARRYLMY GARNER, KENIFIA MCNEASE, RUTHIE ROGERS as guardian of LARRENZO FULTON, YOLANDA FULTON,TIFFANY THOMAS, KEITH WATTS, ROSALIND BALL, JEREMY SPENCER, JOVONNA LIBERTY, LAQUITA BRYANT, MELINDA ROBINSON, JOSE MCKNIGHT, MOSHAY BARNES, SHAKEETA CASTLEBERRY, CLIFFORD ARMSTRONG, TANJANIKA SMITH, individually and on behalf of those similarly situated,<br><br>      Plaintiffs,<br>v.<br>OFFICER ZINCHUCK Star No. 3893, OFFICER DUGGAN, Star No. 4607, OFFICER WAZNY, Star No. 11019, OFFICER KROLL, Star No. 14373, OFFICER LACZ, Star NO. 15609, OFFICER WYROBA, Star No. 3152, OFFICER FRIGO, Star No. 8585, OFFICER LITTLE, Star No. 885, OFFICER KROSKI, Star No. 1777, OFFICER MARK STRUKE, Star No. 1039, LT. STEVENS, Star No. 609, 15th DISTRICT COMMANDER GREEN, OFFICER CELIO, Star No. 12569, OFFICER FRANO Star No. 8064, OFFICER CRISCIONE, Star No. 16195, OFFICER JACOBUCCI, Star No. 4783, OFFICER CRISTOBAL, Star No. 17545, LT. KILROY Star No. 280, OTHER UNKNOWN CHICAGO OFFICERS, and the CITY OF CHICAGO. | No. 08 C 6688<br><br><br>Honorable Judge Shadur<br>Magistrate Judge Gilbert |

Defendants.

## THIRD AMENDED COMPLAINT

NOW COME the PLAINTIFFS LATANYA ALEXANDER as special administratrix of the estate of LENNETH SUGGS, SHERWIN OTT, MICHAEL LEE, CHRISTOPHER COBBS, LATINA WILLIAMS, DARRYLMY GARNER, RUTHIE ROGERS as guardian of LARRENZO FULTON, TIFFANY THOMAS, KEITH WATTS, ROSALIND BALL, JEREMY SPENCER, JOVONNA LIBERTY, LAQUITA BRYANT, MELINDA ROBINSON, KENIFIA MCNEASE, YOLANDA FULTON, JOSE MCKNIGHT, MOSHAY BARNES, SHAKEETA CASTLEBERRY, CLIFFORD ARMSTRONG, TANJANIKA SMITH individually and on behalf of those similarly situated, and MARY ANN ROGERS, individually, by and through their attorney, BLAKE HORWITZ and pursuant to this Complaint at Law, state the following against the above named Defendants, OFFICER ZINCHUCK Star No. 3893, OFFICER DUGGAN, Star No. 4607, OFFICER WAZNY, Star No. 11019, OFFICER KROLL, Star No. 14373, OFFICER LACZ, Star NO. 15609, OFFICER WYROBA, Star No. 3152, OFFICER FRIGO, Star No. 8585, OFFICER LITTLE, Star No. 885, OFFICER KROSKI, Star No. 1777, OFFICER MARK STRUKE, Star No. 1039, LT. STEVENS, Star No. 609, 15th DISTRICT COMMANDER GREEN, OFFICER CELIO, Star No. 12569, OFFICER FRANO Star No. 8064, OFFICER CRISCIONE, Star No. 16195, OFFICER JACOBUCCI, Star No. 4783, OFFICER CRISTOBAL, Star No. 17545, LT. KILROY Star No. 280, OTHER UNKNOWN CHICAGO OFFICERS, and the CITY OF CHICAGO.

## JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and § 1985(3); the Judicial Code, 28 U.S.C. §1331 and § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.     LATANYA ALEXANDER, as special administratrix of the estate of LENNETH SUGGS, is a resident of the State of Illinois and of the United States.

3.     SHERWIN OTT is a resident of the State of Illinois and of the United States.

4.     MICHAEL LEE is a resident of the State of Illinois and of the United States.

5.     CHRISTOPHER COBBS is a resident of the State of Illinois and of the United States.

6.     LATINA WILLIAMS is a resident of the State of Illinois and of the United States.

7.     DARRYLMY GARNER is a resident of the State of Illinois and of the United States.

8.     LARRENZO FULTON is a resident of the State of Illinois and of the United States.

9.     TIFFANY THOMAS is a resident of the State of Illinois and of the United States.

10.     KEITH WATTS is a resident of the State of Illinois and of the United States.

11.     ROSALIND BALL is a resident of the State of Illinois and of the United States.

12.     JEREMY SPENCER is a resident of the State of Illinois and of the United States.

13.     JOVONNA LIBERTY is a resident of the State of Illinois and of the United States.

14.     LAQUITA BRYANT is a resident of the State of Illinois and of the United States.

15.     MELINDA ROBINSON is a resident of the State of Illinois and of the United States.

16.     KENIFIA MCNEASE is a resident of the State of Illinois and of the United States.

17.     YOLANDA FULTON is a resident of the State of Illinois and of the United States.

18.     JOSE MCKNIGHT is a resident of the State of Illinois and of the United States.

19.     MOSHAY BARNES is a resident of the State of Illinois and of the United States.

20.     SHAKEETA CASTLEBERRY is a resident of the State of Illinois and of the United States.

21.     CLIFFORD ARMSTRONG is a resident of the State of Illinois and of the United States.

22.     TANJANIKA SMITH is a resident of the State of Illinois and of the United States.

23.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

24.     The UNKNOWN OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

25.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of DEFENDANT OFFICERS and/or employees referred to in this Complaint. At all times material to this Complaint, DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

26.     On or about November 4, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

## FACTS RELATING TO ALL PLAINTIFFS

27.     On the evening of November 4, 2008 and continuing into the morning of November 5, 2008, PLAINTIFFS were all engaged in a peaceful recognition and celebration of the new President-Elect, Barack Obama.

- 3 -

28. This celebration occurred outside, on the sidewalk and/or in backyards, within an area bounded by North Laramie Avenue, North Latrobe Avenue, West Lake Street, and West Washington Street.

29. CITY OF CHICAGO police officers, observing these activities, rode their vehicles back and forth in the area referenced above, alongside the sidewalks where PLAINTIFFS and other groups of people were walking. Some DEFENDANT OFFICERS were riding in unmarked vehicles and other DEFENDANT OFFICERS were riding in marked CITY OF CHICAGO police vehicles.

30. Many of the DEFENDANT OFFICERS were issued large canisters of *oleoresin capsicum* (commonly called "OC" or "pepper spray") prior to setting out to patrol the area described in Paragraph 28 of this Amended Complaint.

31. Many of the DEFENDANT OFFICERS indiscriminately and without specific targets discharged large quantities of pepper spray into and among groups of people in the subject area, including the PLAINTIFFS, other adults, and children. These DEFENDANT OFFICERS did so without provocation and without making any individual assessments as to the necessity of pepper-spraying PLAINTIFFS and the groups of people so treated.

32. Many of the DEFENDANT OFFICERS took affirmative steps to make it difficult to impossible for the PLAINTIFFS to identify them and to thereby seek legal redress for their injuries and claims.

33. For example, according to the CITY's general orders, pepper spray is a weapon and the discharge of pepper spray is a use of force for which a Chicago Police Officer is required to complete a "Tactical Response Report" ("TRR"). The general orders make no

exception for the indiscriminate discharge of pepper spray against innocent civilians who pose no threat to the officers or the general public that is alleged in this action. Nevertheless, of approximately 57 large pepper spray canisters that were supplied to the 15th District, only some 20-30 have been accounted for by the CITY OF CHICAGO and only 21 TRRs were completed and filed in connection with the use of pepper spray at issue in this action.

34.    This failure of many of the DEFENDANT OFFICERS to timely and accurately report their use of pepper spray prevented PLAINTIFFS from discovering their identities and their wrongful and tortious actions these DEFENDANT OFFICERS committed.

35.    Many of the DEFENDANT OFFICERS further made it difficult to discover their identities by, without limitation, wearing dark garb and masks/shields that covered their faces during the course of the incidents alleged in this Complaint.

36.    DEFENDANT OFFICERS discharged pepper spray on groups of PLAINTIFFS and other persons who were not violating any laws of the State of Illinois and were presenting no danger to the DEFENDANT OFFICERS, to other CITY OF CHICAGO police officers, to other people or to property. These groups of PLAINTIFFS and others included, without limitation, people who were expressing their joy and satisfaction at the election of Barack Obama as President and others who were simply walking through or were present in the area. The DEFENDANT OFFICERS also battered some of the PLAINTIFFS and other persons on or about the face and/or body without legal basis, including one, Jose McKnight, who was tased by DEFENDANT OFFICER ZINCHUK without a legal basis.

37.    On the evening of November 4, 2008, when the events alleged in this Amended

Complaint took place, none of the Plaintiffs were engaged in illegal activity.

38.     On the evening of November 4, 2008, when the events alleged in this Amended Complaint took place, several Plaintiffs were seized by DEFENDANT OFFICERS, but not arrested, even though there was no probable cause to seize any of the PLAINTIFFS, who were engaged in peaceful and lawful activities.

39.     On the evening of November 4, 2008, when the events alleged in this Amended Complaint took place, most of the PLAINTIFFS were pepper-sprayed around the face and/or on their bodies, even though there was no probable cause to use pepper-spray on any of the PLAINTIFFS, who were engaged in peaceful and lawful activities.

40.     There are three sets of DEFENDANTS: GROUP A, GROUP B, GROUP C.
        GROUP A consists of DEFENDANTS who occupied the areas in and around 167, 157 and 152 N. Latrobe and consist of OFFICERS KROSKI, KROLL, WAZNY, SERGEANT LITTLE, FRIGO, WYROBA, ZINCHUK, LACZ, LT. STEVENS, LT. KILROY, and COMMANDER GREEN.

41.     GROUP B consists of the OFFICERS who occupied the areas in and around Laramie between Lake and Latrobe and consist of OFFICERS KROSKI, CRISTOBAL, JACOBUCCI, CISCIONE, FRANO, CEILO, SGT. STRUKE, LT. STEVENS, LT. KILROY and COMMANDER GREEN.

42.     GROUP C consists of OFFICERS in and around 170 N. Laramie, also referred to as the cross street of Laramie and Maypole; these officers are KROSKI, KROLL, WAZNY, SERGEANT LITTLE, FRIGO, WYROBA, ZINCHUK, LACZ, CRISTOBAL, JACOBUCCI, CISCIONE, FRANO, CEILO, SGT. LT. STEVENS, LT. KILROY and COMMANDER GREEN.

**FACTS RELATING TO PLAINTIFFS LATINA WILLIAMS,
JOSE MCKNIGHT, ROSALIND BALL, LARRENZO
FULTON, and CLIFFORD ARMSTRONG AGAINST
DEFENDANT OFFICERS GROUP A**

43.     On the evening of November 4, 2008, when the events alleged in this Amended Complaint took place, PLAINTIFFS LATINA WILLIAMS, JOSE MCKNIGHT, ROSALIND BALL, and CLIFFORD ARMSTRONG were peacefully enjoying each others company at or around the address of 167 N. Latrobe Chicago, IL.

44.     On the evening of November 4, 2008, when the events alleged in this Amended Complaint took place, PLAINTIFFS LARRENZO FULTON were peacefully enjoying the company of each others at or around the address of 157 N. Latrobe Chicago, IL.  The address of 157 N. Latrobe is next to or very close to the address of 167 N. Latrobe.

45.     DEFENDANT OFFICER ZINCHUCK discharged pepper spray on PLAINTIFF JOSE MCKNIGHT who was not violating any laws of the State of Illinois and was presenting no danger to the named DEFENDANT OFFICERS or any other individual.

46.     DEFENDANT OFFICER KROLL discharged pepper spray on PLAINTIFF CLIFFORD ARMSTRONG who was not violating any laws of the State of Illinois and was presenting no danger to the named DEFENDANT OFFICERS or any other individual.

47.     DEFENDANT SERGEANT LITTLE discharged pepper spray on PLAINTIFF LARRENZO FULTON who was not violating any laws of the State of Illinois and was presenting no danger to the named DEFENDANT OFFICERS or any other individual.

48.     DEFENDANT OFFICERS KROSKI, KROLL, WAZNY, SERGEANT LITTLE, WYROBA, ZINCHUK, LACZ, LT. STEVENS, and LT. KILROY discharged pepper on ROSALIND BALL who was not violating any laws of the State of Illinois and was presenting no danger to DEFENDANT OFFICERS A or any other individual.

49.     DEFENDANT OFFICERS KROSKI, FRIGO, DUGGAN, COMMANDER GREEN failed to intervene in the discharge of pepper spray on PLAINTIFFS JOSE MCKNIGHT, ROSALIND BALL, LARRENZO FULTON, and CLIFFORD ARMSTRONG.

50.     When arriving at 167 N. Latrobe these officers saw LATINA WILLIAMS, peacefully speaking on the telephone.   One of the GROUP A DEFENDANT OFFICERS approached LATINA WILLIAMS, struck her, threw her to the ground, threw down her telephone, arrested her and placed her in a Chicago Police vehicle.   LATINA WILLIAMS was then processed and taken down into the police station where she was placed behind bars and subsequently released.  LATINA WILLIAMS was never charged with a crime.

51.     PLAINTIFF JOSE MCKNIGHT was arrested by DEFENDANT OFFICERS ZINCHUCK, DUGGAN, WAZNY, KROLL, LACZ, WYROBA, FRIGO, LITTLE, and LITENNANT KILROY even though there was no probable cause to seize PLAINTIFF JOSE MCKNIGHT, who was engaged in peaceful and lawful activities.

52.     PLAINTIFF CLIFFORD ARMSTRONG was arrested by DEFENDANT OFFICERS ZINCHUCK, FRIGO, DUGGAN, KROLL, LITTLE even though there was no probable cause to arrest CLIFFORD ARMSTRONG, who was engaged in peaceful and lawful activities.

53.     LARRENZO FULTON, was seized by DEFENDANT SERGEANT LITTLE even though there was no probable cause to seize PLAINTIFF LARRENZO FULTON who was engaged in peaceful and lawful activities.

54.     PLAINTIFF ROSALIND BALL, was arrested by DEFENDANT OFFICERS GROUP A even though there was no probable cause to seize and/or arrest PLAINTIFFS

- 8 -

ROSALIND BALL who was engaged in peaceful and lawful activities.

## FACTS RELATING TO PLAINTIFFS
## YOLANDA FULTON AND MELINDA ROBINSON
## AGAINST DEFENDANT OFFICERS GROUP A

55. On or about November 4, 2008, PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON were peacefully enjoying each others company at or around the address of 152 North Latrobe Avenue, Chicago, Illinois.

56. The address of 152 N. Latrobe is directly across the street or very close to the addresses of 157 N. Latrobe and 167 N. Latrobe Chicago, IL.

57. DEFENDANT OFFICERS GROUP A discharged pepper spray and/or failed to intervene in the discharge of pepper spray on PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON who were not violating any laws of the State of Illinois and were presenting no danger to the DEFENDANT OFFICERS GROUP A.

58. PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON were seized by DEFENDANT OFFICERS GROUP A, even though there was no probable cause to seize PLAINTIFFS YOLANDA FULTON AND MELINDA ROBINSON, who were engaged in peaceful and lawful activities.

## FACTS RELATING TO PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE,
## JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA
## CASTLEBERRY AGAINST DEFENDANT OFFICERS GROUP B

59. PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY were located at or around the block of Lake and Laramie where they were peacefully enjoying the celebrations of President elect Barrak Obama.

60. DEFENDANT OFFICERS KROSKI, CRISTOBAL, JACOBUCCI,

CISCIONE, SGT. STRUKE, LT. STEVENS and LT. KILROY discharged pepper spray on PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY even though these PLAINTIFFS were not violating any of the laws of the State of Illinois and were not posing a threat and/or danger to any officer and individual and were otherwise peaceful.

61.   DEFENDANT OFFICER FRANO, CELIO,  COMMANDER GREEN failed to intervene in the discharge of pepper spray on PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY who were not violating any laws of the State of Illinois and were presenting no danger to the DEFENDANT OFFICERS GROUP B.

62.   DEFENDANT OFFICERS GROUP B KROSKI, CRISTOBAL, JACOBUCCI, CISCIONE, SGT. STRUKE, LT. STEVENS and LT. KILROY seized PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY even though there was no probable cause to seize PLAINTIFFS, who were engaged in peaceful and lawful activities.

63.   DEFENDANT OFFICER FRANO, CEILO and COMMANDER GREEN failed to intervene in the seizure of PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY even though there was no probable cause to seize PLAINTIFFS, who were engaged in peaceful and lawful activities.

**FACTS RELATING TO PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS, JEREMY SPENCER AGAINST DEFENDANT OFFICERS GROUP B**

64.   PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES,

KEITH WATTS, JEREMY SPENCER, were located at or around the block of Latrobe and Laramie where they were peacefully enjoying the celebrations of President elect Barrak Obama.

65.   DEFENDANT OFFICERS KROSKI, CRISTOBAL, JACOBUCCI, CISCIONE, SGT. STRUKE, LT. STEVENS and LT. KILROY discharged pepper spray on PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS, JEREMY SPENCER even though these PLAINTIFFS were not violating any of the laws of the State of Illinois and were presenting no danger to any officer and/or individual and were other wise peaceful.

66.   DEFENDANT OFFICER FRANO, CEILO and COMMANDER GREEN failed to intervene in the discharging of pepper spray on to PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS, JEREMY SPENCER.

67.   DEFENDANT OFFICERS GROUP B KROSKI, CRISTOBAL, JACOBUCCI, CISCIONE, SGT. STRUKE, LT. STEVENS and LT. KILROY seized PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS, JEREMY SPENCER even though there was no probable cause to seize these PLAINTIFFS, who were engaged in peaceful and lawful activities.

68.   DEFENDANT OFFICER FRANO, CEILO, COMMANDER GREEN failed to intervene in the seizure of PLAINTIFFS even though there was no probable cause to seize PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS, JEREMY SPENCER.

**FACTS RELATING TO PLAINTIFFS DARRYLMY GARNER,
TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES,
SHAKEETA CASTLEBERRY AND AGAINST DEFENDANT OFFICERS GROUP C**

69.   PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES, SHAKEETA CASTLEBERRY were at around the block of Maypole and Laramie where they were peacefully enjoying the celebrations of President elect Barrak Obama.  MOSHAY BARNES and SHAKEETA CASTLEBERRY were previously at Lake and Laramie.

70.   DEFENDANT OFFICERS KROSKI, KROLL, WAZNY, WYROBA, ZINCHUK, LACZ, CRISTOBAL, JACOBUCCI, CISCIONE, SGT. LITTLE, SGT. STRUKE, LT. STEVENS and LT. KILROY discharged pepper spray on PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES, SHAKEETA CASTLEBERRY who were not violating any laws of the State of Illinois and were presenting no danger to the officers and/or any other individuals.

71.   DEFENDANT OFFICERS FRANO, FRIGO, DUGGAN, CELIO,  failed to intervene in the discharge of pepper spray on PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES, SHAKEETA CASTLEBERRY.

72.   PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES, SHAKEETA CASTLEBERRY, were seized by DEFENDANT OFFICERS GROUP C even though there was no probable cause to seize PLAINTIFFS LATINA WILLIAMS, JOSE MCKNIGHT, ROSALIND BALL, LARRENZO FULTON, and CLIFFORD ARMSTRONG.

### FACTS RELATING TO
### FIRST AMENDMENT RETALIATION

73.   Many of the PLAINTIFFS were peacefully celebrating Barack Obama's success as President- Elect on or about the evening November 4, 2008. PLAINTIFFS did not cause a disturbance.  PLAINTIFFS did not violate the law through their peaceful celebrations.

74.   Many PLAINTIFFS were exercising their First Amendment Right Free Speech by celebrating the victory of President-Elect Barack Obama. Many of the PLAINTIFFS were walking and talking outside, wearing t-shirts emblazoned with words and images supportive of President-Elect Barack Obama, and expressing their happiness at President-Elect Barack Obama's winning the election held that day.

75.   The DEFENDANT OFFICERS overtly displayed their displeasure for President-Elect Barack Obama's success by retaliating against the PLAINTIFFS.

76.   These DEFENDANT OFFICERS witnessed the happiness expressed by PLAINTIFFS and took action to suppress it by, *inter alia*, pepper-spraying, battering, seizing, injuring the PLAINTIFFS, including by use of a taser. These actions proximately caused the PLAINTIFFS' speech to be suppressed.

### 42 U.S.C. § 1983 CONSPIRACY

77.   Some or all of the DEFENDANT OFFICERS conspired to cause damage to all of the PLAINTIFFS by, *inter alia,* battering, seizing, injuring, and using pepper-spray on the PLAINTIFFS.

78.   In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about November 4, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which deprived PLAINTIFFS of their constitutional rights as alleged in the paragraphs above.

79.   DEFENDANT OFFICERS covered up this conduct by agreeing to abstain from generating written documents designed to document the use of force. The documents that were generated were fraudulently generated.

80.     The DEFENDANT OFFICERS, by and through their conduct, sought to injure PLAINTIFFS because they are African-American and because they supported President-Elect Barack Obama.

## 42 U.S.C. § 1985(3) CONSPIRACY

81.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS by, *inter alia,* battering, seizing, injuring, and using pepper-spray on the PLAINTIFFS.

82.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about November 4, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which deprived PLAINTIFFS of the equal protection of the laws or of equal privileges and immunities under the laws as alleged in the paragraphs above.

83.     The DEFENDANT OFFICERS, by and through their conduct, sought to injure PLAINTIFFS because they are African-American and because they supported President-Elect Barack Obama.

## CLASS ALLEGATIONS

84.     PLAINTIFFS bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  PLAINTIFFS seek to certify a Class and three subclasses.

85.     The Class (Class A) consists of all persons who were pepper-sprayed by DEFENDANT OFFICERS working for the CITY OF CHICAGO on November 4, 2008 during a peaceful recognition and celebration of the new President-Elect, Barack Obama, which took place on sidewalks and/or in backyards in the area bounded by North Laramie Avenue, North Latrobe Avenue, West Lake Street, and West Washington Street.

86.     Plaintiffs also seek to certify three subclasses, each consisting of various groups of persons who were subject to other acts of excessive force, seizure or arrest by DEFENDANT OFFICERS in addition to being subject to random and indiscriminate pepper-spraying.

87.     Subclass A-1 is defined as all class members who, in addition to being indiscriminately pepper-sprayed, were subject to battery by DEFENDANT OFFICERS.

88.     Subclass A-2 encompasses all class members who, in addition to being indiscriminately pepper-sprayed, were seized by DEFENDANT OFFICERS, but were released without being charged with any crime.

89.     Subclass A-3 consists of all class members who, in addition to being indiscriminately pepper-sprayed, were seized and arrested by DEFENDANT OFFICERS and taken into custody.

90.     The Class and each subclass meet the requirements of FRCP 23(a) as follows:

(a)     The requirements of Rule 23(a)(1) are satisfied because the class and each of the subclasses are sufficiently numerous that joinder is impractical.  On the night in question, DEFENDANT OFFICERS, armed with large canisters of pepper spray, swarmed over a densely-populated urban area, discharging large quantities of pepper-spray at and among groups of persons, as well as battering, tasing, and seizing, and arresting numerous persons, many of whom have not yet filed claims against DEFENDANT OFFICERS. Consequently, the Class and each subclass consist of sufficient numbers to make joinder impractical and are likely to expand upon the Court's certification of this action as a Class Action.

(b)     The requirements of Rule 23(a)(2) are satisfied because there are questions of fact and

law common to the Class and each subclass including, but not limited to, the following:

- Whether persons included in the Class and subclasses were engaged in a peaceful celebration of Barack Obama's success as President-Elect on November 4, 2008;

- Whether persons included in the Class and subclasses were exercising their First Amendment Rights to Free Speech in their celebration of the election of President-Elect Barack Obama by walking and talking on the sidewalks or in their backyards within the confines of a singular, geographically-bounded area;

- Whether DEFENDANT OFFICERS expressed their displeasure at President-Elect Barack Obama's election victory by retaliating against persons in the subject area as a collective entity by, *inter alia*, indiscriminately pepper-spraying them in groups and without individual justifications;

- Whether DEFENDANT OFFICERS, witnessing the happiness expressed collectively by people in the subject area, took action to suppress their celebration by, *inter alia*, pepper-spraying, battering, seizing, arresting, injuring (including by the use of a taser or tasers), the persons in the subject area in an indiscriminate manner;

- Whether these actions by DEFENDANT OFFICERS proximately caused the speech of people within the subject area to be suppressed;

- Whether, on or about November 4, 2008, in connection with the above actions, the DEFENDANT OFFICERS conspired and engaged in communications between and among themselves, by which the DEFENDANT OFFICERS agreed to facilitate, engage in and support the actions which injured people within the subject area and/or deprived them of their constitutional rights as alleged in the paragraphs above;

- Whether, on or about November 4, 2008, in connection with the above actions, the DEFENDANT OFFICERS engaged in a conspiracy by communications between and among themselves, by which the DEFENDANT OFFICERS agreed to facilitate, engage in and support the actions which injured people within the subject area and/or deprived them of the equal protection of the laws and/or of equal privileges and immunities under the laws as alleged in the paragraphs above;

- Whether DEFENDANT OFFICERS, by and through their conduct, sought to collectively injure persons in the subject area because they are African-American and because they supported President-Elect Barack Obama;

- Whether the actions of DEFENDANT OFFICERS and/or the failure to intervene in these actions by DEFENDANT OFFICERS constituted excessive use of force against persons in the subject area;

- Whether DEFENDANT OFFICERS conspired to cover up their acts of misconduct;

- Whether the DEFENDANT OFFICERS battered persons in the subject area intentionally, without consent and without justification; and

- Whether Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above, who were the proximate cause of the damages suffered by persons in the subject area as alleged in this Amended Complaint.

(c)     The requirements of Rule 23(a)(3) are satisfied because PLAINTIFFS' claims are typical of the claims of the Class and each subclass.

(d)     The requirements of Rule 23(a)(4) are satisfied because the representative PLAINTIFFS will fairly and adequately protect the interests of the Class and each subclass. The named PLAINTIFFS have no interest antagonistic to other members of the Class or subclasses.

Moreover, PLAINTIFFS have retained counsel experienced in prosecuting class actions and civil rights claims.

91.  The Class and each subclass meet the requirements of Rule 23(b)(1) because prosecution of separate actions by individual members of the class would create a risk of inconsistent or incompatible standards of conduct for the DEFENDANT OFFICERS and THE CITY OF CHICAGO.

92.  The Class and each of the subclasses also meet the requirements of Rule 23(b)(3) because common questions predominate over individual questions and prosecution of this action as a class action is a superior method of adjudication. Facts that militate in favor of certification under Rule 23(b)(3) include, but are not limited to, the following:

- The Class and subclasses evince great potential to include numerous additional plaintiffs who have not yet come forward and who were subject to excessive force in the heavily-policed and densely-populated urban area at issue on the night in question;

- On information and belief, there is no litigation concerning the controversy that has been commenced by or against the class members;

- It is desirable to concentrate the litigation in the United States District Court for the Northern District of Illinois because the events at issue occurred in this district and involve federally-protected rights; and

- Certification of the class and the subclasses will achieve great economies of time, effort, and expense and promote uniformity of decision for the members of the class, thereby making a class action the superior method of adjudicating the controversy.

93. PLAINTIFFS will move for class certification as soon as is practicable in accordance with Rule 23(c).

## COUNT I
### §1983 Excessive Force
(For the Class and Subclasses)

94. All of the PLAINTIFFS re-allege paragraphs 1 – 93 as though fully set forth herein.

95. The actions by the DEFENDANT OFFICERS and/or the failure to intervene in these actions by the DEFENDANT OFFICERS amounted to an excessive use of force onto all of the PLAINTIFFS. This conduct violated the Fourth Amendment of the United States Constitution.

96. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

(For PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS,
JOSE MCKNIGHT, and CLIFFORD ARMSTRONG)

97. PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG re-allege paragraphs 1–93 as though fully set forth herein.

98. The DEFENDANT OFFICERS GROUP A, were without probable cause to believe that PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG committed criminal activity. Therefore, the conduct of these

officers, in arresting and/or failing to intervene in the arrest of these PLAINTIFFS was in violation of the Fourth Amendment to the United States Constitution.

99. Specifically, PLAINTIFF ROSALIND BALL was arrested by DEFENDANT OFFICERS GROUP A even though there was no probable cause to seize any of the PLAINTIFF ROSALIND BALL, who were engaged in peaceful and lawful activities.

100. The aforementioned actions of some of the DEFENDANT OFFICERS was the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG demand compensatory and punitive damages and attorneys fees against these OFFICERS. These PLAINTIFFS also request costs and whatever additional relief this Court deems equitable and just.

## COUNT III
## False Arrest – State Claim

(For PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS,
JOSE MCKNIGHT, and CLIFFORD ARMSTRONG)

101. PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG re-allege paragraphs 1–93 as though fully set forth herein.

102. The DEFENDANT OFFICERS GROUP A arrested PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG without probable cause to believe that PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG committed criminal activity. The conduct of some of these OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

103.    The aforementioned actions of these DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG demand compensatory damages and costs from these DEFENDANT OFFICERS. PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, and CLIFFORD ARMSTRONG also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
### §1983 Excessive Force

(For YOLANDA FULTON and MELINDA ROBINSON)

104.    PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON re-allege paragraphs 1–93 as though fully set forth herein.

105.    The DEFENDANT OFFICERS GROUP A, were without probable cause and/or a legal basis to believe that YOLANDA FULTON and/or MELINDA ROBINSON violated a law and/or were using force towards the officers or others. These PLAINTIFFS were quietly enjoying an evening when they were pepper sprayed by DEFENDANT OFFICERS GROUP B.

106.    DEFENDANT OFFICERS GROUP A pepper sprayed these PLAINTIFFS and/or failed to intervene in the pepper spraying of these PLAINTIFFS.

107.    The officers that failed to intervene in the pepper spraying of these PLAINTIFFS had a reasonable opportunity to intervene in the use of pepper spray.

108.    The use of pepper spray onto these PLAINTIFFS was unreasonable and unnecessary and therefore violated the Fourth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON demand compensatory and punitive damages and attorneys fees from these DEFENDANT OFFICERS. These PLAINTIFFS also request costs and whatever additional relief this Court deems equitable and just.

## COUNT V
### Battery – State Law

(For YOLANDA FULTON and MELINDA ROBINSON)

109.    PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON re-allege paragraphs 1–93 as though fully set forth herein.

110.    DEFENDANT OFFICERS GROUP A and UNKNOWN DEFENDANT OFFICERS used pepper spray as alleged *supra* as described in connection with GROUP A. These officers battered YOLANDA FULTON and MELINDA ROBINSON by pepper spraying these PLAINTIFFS without their consent, even though these PLAINTIFFS were quietly enjoying the evening of the Obama victory.

111.    The use of pepper spray onto these PLAINTIFFS violated Illinois State Law.

WHEREFORE, PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON demand compensatory and costs and whatever additional relief this Court deems equitable and just against these OFFICERS.

## COUNT VI
### §1983 Excessive Force

(For PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY)

112.    PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY re-allege paragraphs 1–93 as though fully set forth herein.

113.    The DEFENDANT OFFICERS GROUP B, were without probable cause and/or a legal basis to believe that these PLAINTIFFS violated a law and/or were using force towards the officers or others. These PLAINTIFFS were quietly enjoying an evening when they

were pepper sprayed by DEFENDANT OFFICERS GROUP B.

114.    DEFENDANT OFFICERS GROUP B pepper sprayed these PLAINTIFFS and/or failed to intervene in the pepper spraying of these PLAINTIFFS.

115.    The officers that failed to intervene in the pepper spraying of these PLAINTIFFS had a reasonable opportunity to intervene in the use of pepper spray.

116.    The use of pepper spray onto these PLAINTIFFS was unreasonable and unnecessary and therefore violated the Fourth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY demand compensatory and punitive damages and attorneys fees from DEFENDANT OFFICERS GROUP B.  These PLAINTIFFS also request costs and whatever additional relief this Court deems equitable and just.

## COUNT VII
### Battery – State Law

(For PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY,
LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY)

117.    PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY YOLANDA FULTON and MELINDA ROBINSON re-allege paragraphs 1–93 as though fully set forth herein.

118.    UNKNOWN DEFENDANT OFFICERS and DEFENDANT OFFICERS of GROUP B, battered these PLAINTIFFS by pepper spraying these PLAINTIFFS without their consent, even though these PLAINTIFFS were quietly enjoying the evening of the night of the Obama victory.

119.    The use of pepper spray onto these PLAINTIFFS violated Illinois State Law.

WHEREFORE, MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA

BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY demand

compensatory and costs and whatever additional relief this Court deems equitable and

just against these OFFICERS.

### COUNT VIII
### §1983 Excessive Force

(For PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES,
KEITH WATTS, JEREMY SPENCER)

120.    PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES,

KEITH WATTS, JEREMY SPENCER re-allege paragraphs 1–93 as though fully set

forth herein.

121.    The DEFENDANT OFFICERS GROUP B, were without probable cause and/or a legal

basis to believe that these PLAINTIFFS violated  a law and/or were using force towards

the officers or others.  These PLAINTIFFS were quietly enjoying an evening when they

were pepper sprayed by DEFENDANT OFFICERS GROUP B.

122.    DEFENDANT OFFICERS GROUP B pepper sprayed these PLAINTIFFS and/or failed

to intervene in the pepper spraying of these PLAINTIFFS.

123.    The officers that failed to intervene in the pepper spraying of these PLAINTIFFS had a

reasonable opportunity to intervene in the use of pepper spray.

124.    The use of pepper spray onto these PLAINTIFFS was unreasonable and unnecessary and

therefore violated the Fourth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES,

KEITH WATTS, JEREMY SPENCER demand compensatory and punitive damages and

attorneys fees from DEFENDANT OFFICERS GROUP B.  These PLAINTIFFS also request

costs and whatever additional relief this Court deems equitable and just.

## COUNT IX
### Battery – State Law

(For PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS, JEREMY SPENCER.

125.   PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES,

KEITH WATTS, JEREMY SPENCER re-allege paragraphs 1–93 as though fully set

forth herein.

126.   UNKNOWN DEFENDANT OFFICERS and the DEFENDANT OFFICERS of GROUP

B battered PLAINTIFFS by pepper spraying these PLAINTIFFS without their consent

and did so even though these PLAINTIFFS were quietly enjoying the evening of the

night of the Obama victory.

127.   The use of pepper spray onto these PLAINTIFFS violated Illinois State Law.

WHEREFORE, PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES,

KEITH WATTS, JEREMY SPENCER demand compensatory and costs and whatever additional

relief this Court deems equitable and just.

## COUNT X
### §1983 Excessive Force

(For PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES, SHAKEETA CASTLEBERRY)

128.   PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH,

MOSHAY BARNES, SHAKEETA CASTLEBERRY re-allege paragraphs 1–93 as

though fully set forth herein.

129.   The DEFENDANT OFFICERS GROUP C, were without probable cause and/or a legal

basis to believe that these PLAINTIFFS violated a law and/or were using force towards the officers or others. These PLAINTIFFS were quietly enjoying an evening when they were pepper sprayed by DEFENDANT OFFICERS GROUP C.

130. DEFENDANT OFFICERS GROUP C pepper sprayed these PLAINTIFFS and/or failed to intervene in the pepper spraying of these PLAINTIFFS.

131. The officers that failed to intervene in the pepper spraying of these PLAINTIFFS had a reasonable opportunity to intervene in the use of pepper spray.

132. The use of pepper spray onto these PLAINTIFFS was unreasonable and unnecessary and therefore violated the Fourth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES, SHAKEETA CASTLEBERRY demand compensatory and punitive damages and attorneys fees from DEFENDANT OFFICERS GROUP C. These PLAINTIFFS also request costs and whatever additional relief this Court deems equitable and just.

## COUNT XI
## Battery – State Law

(For PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES, SHAKEETA CASTLEBERRY)

133. PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES, SHAKEETA CASTLEBERRY re-allege paragraphs 1–93 as though fully set forth herein.

134. This count is directed at the DEFENDANT OFFICERS GROUP C who used pepper spray as alleged *supra* as described in connection with GROUP C.

135. UNKNOWN DEFENDANT OFFICERS and DEFENDANT OFFICERS of GROUP C

battered these PLAINTIFFS by pepper spraying these PLAINTIFFS, did so without their consent, even though these PLAINTIFFS were quietly enjoying the evening of the night of the Obama victory.

136. The use of pepper spray onto these PLAINTIFFS violated Illinois State Law.

WHEREFORE, PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES, SHAKEETA CASTLEBERRY demand compensatory and costs and whatever additional relief this Court deems equitable and just.

## COUNT XII
### Battery –State Claim
#### (For the Class )

137. All of the PLAINTIFFS re-allege paragraphs 1–93 as though fully set forth herein.

138. The DEFENDANT OFFICERS (including the UNKNOWN DEFENDANT OFFICERS) battered all of the PLAINTIFFS intentionally, without consent and without justification.

139. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

140. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, all PLAINTIFFS demand compensatory damages and costs from the DEFENDANT OFFICERS. All PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT XIII
### Spoliation of Evidence –State Claim
#### (For the Class )

141. All of the PLAINTIFFS re-allege paragraphs 1-93 as though fully set forth herein.

142. The DEFENDANT OFFICERS were aware of the existence of the potential for this civil action, had knowledge of same action, intentionally destroyed evidence via abstention

from mandatory documentation of the use of force and through the generation of false documents relating to the use of force, thus compromising the ability of the PLAINTIFFS to prove the above-alleged actions by DEFENDANT OFFICERS, and caused PLAINTIFFS to incur significant additional legal costs in prosecuting this matter.

143. The conduct of DEFENDANT OFFICERS was in violation of Illinois Law.

144. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, all PLAINTIFFS demand compensatory damages and costs from the DEFENDANT OFFICERS. All PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT XIV
### Malicious Prosecution – State Claim
### (For PLAINTIFF JOSE MCKNIGHT and CLIFFORD ARMSTRONG)

145. PLAINTIFF JOSE MCKNIGHT and CLIFFORD ARMSTRONG re-allege paragraphs 1–93 as though fully set forth herein.

146. The DEFENDANT OFFICERS ZINCHUCK, DUGGAN, WAZNY, KROLL, LACZ, WYROBA, FRIGO, LITTLE, and LITENNANT KILROY alleged that these PLAINTIFFS violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against these PLAINTIFFS. The allegations were initiated without probable cause and resolved in favor of these PLAINTIFFSand indicative of their innocence.

147. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFFS JOSE MCKNIGHT and CLIFFORD ARMSTRONG demand compensatory damages and costs against the officers. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT XV
### First Amendment – Retaliation
(For the Class and Subclasses)

148. All of the PLAINTIFFS re-allege paragraphs 1–93 as though fully set forth herein.

149. All of the PLAINTIFFS had a First Amendment right to free speech at all times relevant to this action.

150. All of the PLAINTIFFS exercised their First Amendment right of free speech by, *inter alia*, walking and talking outside and/or in their backyards and celebrating the election victory of President-Elect Barack Obama.

151. The above-referenced speech addressed matters of public concern.

152. The DEFENDANT OFFICERS retaliated against the PLAINTIFFS for exercising their First Amendment right to free speech and/or because they are African-American.

153. As a direct and proximate result of said retaliation, PLAINTIFFS were caused to suffer injuries.

WHEREFORE, all of the PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. All of the PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. All of the PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT XVI
### 42 U.S.C. § 1983 - Conspiracy
(For the Class and Subclasses)

154. All of the PLAINTIFFS re-allege paragraphs 1-93 as though fully set forth herein.

155. All the DEFENDANT OFFICERS engaged in a conspiracy, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in, and support the activity alleged in this Amended Complaint.

156. These actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and the First Amendment.

157. In particular, the actions of DEFENDANT OFFICERS, *i.e.* pepper-spraying Plaintiffs, violated the right of PLAINTIFFS to be free from the use of Excessive Force and unlawful Search and Seizure as per the Fourth Amendment, as well as PLAINTIFFS' freedom to speak without censorship and limitation as per the First Amendment.

158. The DEFENDANT OFFICERS proximately caused PLAINTIFFS to suffer injury.

159. The DEFENDANT OFFICERS also failed to intervene in preventing the PLAINTIFFS from suffering injury.

WHEREFORE, all of the PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. All of the PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. All of the PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## <u>COUNT XVII</u>
### <u>42 U.S.C. § 1985(3) Conspiracy</u>
<u>(For the Class and Subclasses)</u>

160. All the PLAINTIFFS re-allege paragraphs 1 – 93 as though fully set forth herein.

161. All the DEFENDANT OFFICERS engaged in a conspiracy, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in, and support the activity alleged in this Amended Complaint.

162.    The actions of the DEFENDANT OFFICERS violated the Fourteenth Amendment of the United States Constitution in that they caused PLAINTIFFS to be deprived of the equal protection of the laws.

163.    These actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the Fourteenth Amendment of the United States Constitution.

164.    The DEFENDANT OFFICERS injured PLAINTIFFS because they are African-American and because they supported President-Elect Barack Obama.

165.    The DEFENDANT OFFICERS proximately caused PLAINTIFFS to suffer injury.

166.    The DEFENDANT OFFICERS also failed to intervene in preventing the PLAINTIFFS from suffering injury.

WHEREFORE, all of the PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  All of the PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  All of the PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT XVIII

### Claim Pursuant To 42 U.S.C. § 1983 of Violation Of Plaintiffs' Due Process Right of Redress in the Courts Under the First and Fourteenth Amendments

167.    All of the PLAINTIFFS re-allege paragraphs 1 – 93 as though fully set forth herein.

168.    The DEFENDANT OFFICERS took affirmative steps to conceal and/or obscure important facts about their misconduct from the PLAINTIFFS. These steps included, but were not limited to, actions the DEFENDANT OFFICERS took to make it difficult for the victims of their unlawful and tortious conduct to identify them which included, but were not limited to:

a.   the wearing of dark garb and masks/shields that covered their faces;

b.   the untimely and/or inaccurate reporting of their use of pepper spray contrary to their training and the general orders of the City of Chicago;

c.   the absence of reporting the use of pepper spray onto innocent civilians.

The officers engaged in these actions to cover up for their misconduct and the misconduct of others and to prevent PLAINTIFFS from learning of their identity.

169.   These actions impeded the PLAINTIFFS' access to the courts in order to seek legal redress for their injuries and claims and thereby violated PLAINTIFFS' constitutional rights under the First and Fourteenth Amendments.

WHEREFORE, all of the PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  All of the PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT XIX
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO
### (For the Class and Subclasses)

170.   All of the PLAINTIFFS re-allege paragraphs 1 – 93 as though fully set forth herein.

171.   Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

172.   The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demand that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a

result of this Complaint.

**COUNT XX**
**Supplementary Claim for *Respondeat Superior***
(For the Class and Subclasses)

173.    All of the PLAINTIFFS re-allege paragraphs 1-93 as though fully set forth herein.

174.    The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment

and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of

its agent(s) under the doctrine of *respondeat superior.*

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims

alleged herein, PLAINTIFFS demand judgment against the CITY OF CHICAGO, and such other

additional relief, as this Court deems equitable and just.


**JURY DEMAND**

175.    Plaintiff demands trial by jury.



                                        Respectfully submitted,


                              By:     s/Blake Horwitz_____
                                      One of the attorneys for the Plaintiffs
                                      Blake Horwitz, Esq.

**THE BLAKE HORWITZ LAW FIRM**
Blake Horwitz, Esq.
39 South LaSalle, #1515
Chicago, IL 60603
(312) 676-2100

- 34 -