## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LATANYA ALEXANDER, as special administratrix of the estate of LENNETH SUGGS, SHERWIN OTT, MICHAEL LEE, CHRISTOPHER COBBS, LATINA WILLIAMS, DARRYLMY GARNER, KENIFIA MCNEASE, RUTHIE ROGERS, as guardian of LARRENZO FULTON, YOLANDA FULTON, TIFFANY THOMAS, KEITH WATTS, ROSALIND BALL, JEREMY SPENCER, JOVANNA LIBERTY, LAQUITA BRYANT, MELINDA ROBINSON, JOSE MCKNIGHT, MOSHAY BARNES, SHAKEETA CASTLEBERRY, CLIFFORD ARMSTRONG, and TANJANIKA SMITH, individually and on behalf of those similarly situated, | No. 08 C 6688<br><br><br>Honorable Judge Shadur<br>Magistrate Judge Gilbert |
| Plaintiffs, | |
| v. | |
| OFFICER ZINCHUK Star No. 3893, OFFICER DUGGAN, Star No. 4607, OFFICER WAZNY, Star No. 11019, OFFICER KROLL, Star No. 14373, OFFICER LACZ, Star No. 15609, OFFICER WYROBA, Star No. 3152, OFFICER FRIGO, Star No. 8585, SERGEANT LITTLE, Star No. 885, SERGEANT KROSKI, Star No. 1777, SERGEANT STRUKE, Star No. 1039, LT. STEVENS, Star No. 609, 15th DISTRICT CDR. GREEN, OFFICER CELIO, Star No. 12569, OFFICER FRANO, Star No. 8064, OFFICER CRISCIONE, Star No. 16195, OFFICER JACOBUCCI, Star No. 4783, OFFICER CRISTOBAL, Star No. 17545, LT. KILROY, Star No. 280, OTHER UNKNOWN CHICAGO OFFICERS, and the CITY OF CHICAGO. | |
| Defendants. | |

## *CORRECTED* THIRD AMENDED COMPLAINT

NOW COME the PLAINTIFFS LATANYA ALEXANDER as special administratrix of the estate of LENNETH SUGGS, SHERWIN OTT, MICHAEL LEE, CHRISTOPHER COBBS, LATINA WILLIAMS, DARRYLMY GARNER, RUTHIE ROGERS as guardian of LARRENZO FULTON, TIFFANY THOMAS, KEITH WATTS, ROSALIND BALL, JEREMY SPENCER, JOVONNA LIBERTY, LAQUITA BRYANT, MELINDA ROBINSON, KENIFIA MCNEASE, YOLANDA FULTON, JOSE MCKNIGHT, MOSHAY BARNES, SHAKEETA CASTLEBERRY, CLIFFORD ARMSTRONG, and TANJANIKA SMITH, individually and on behalf of those similarly situated, by and through their attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, Ltd., and pursuant to this Third Amended Complaint at Law, state the following against the above named Defendants, OFFICER ZINCHUK, Star No. 3896, OFFICER DUGGAN, Star No. 4607, OFFICER WAZNY, Star No. 11019, OFFICER KROLL, Star No. 14373, OFFICER LACZ, Star NO. 15609, OFFICER WYROBA, Star No. 3152, OFFICER FRIGO, Star No. 8585, SERGEANT LITTLE, Star No. 885, SERGEANT KROSKI, Star No. 1777, SERGEANT STRUKE, Star No. 1039, LT. STEVENS, Star No. 609, 15th DISTRICT CDR. GREEN, OFFICER CELIO, Star No. 12569, OFFICER FRANO, Star No. 8064, OFFICER CRISCIONE, Star No. 16195, OFFICER JACOBUCCI, Star No. 4783, OFFICER CRISTOBAL, Star No. 17545,  LT. KILROY, Star No. 280, OTHER UNKNOWN CHICAGO OFFICERS and the CITY OF CHICAGO.

## JURISDICTION

1.      This Court has jurisdiction over the PLAINTIFFS' federal claims in the above-entitled action pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§1983 and 1985(3), and 28 U.S.C. §§1331 and 1343(a) and over PLAINTIFFS' state law claims pursuant to the Court's supplemental jurisdiction under 28 U.S.C. §1367(a). Venue is appropriate in this

Court, pursuant to 28 U.S.C. §1391(b), because the events alleged in this Amended

Complaint took place in this District and all the INDIVIDUAL DEFENDANTS[1] reside

therein.

**PARTIES**

2.      LATANYA ALEXANDER, special administratrix of the estate of LENNETH

SUGGS, is a resident of the State of Illinois.

3.      SHERWIN OTT is a resident of the State of Illinois.

4.      MICHAEL LEE is a resident of the State of Illinois.

5.      CHRISTOPHER COBBS is a resident of the State of Illinois.

6.      LATINA WILLIAMS is a resident of the State of Illinois.

7.      DARRYLMY GARNER is a resident of the State of Illinois.

8.      LARRENZO FULTON is a resident of the State of Illinois.

9.      TIFFANY THOMAS is a resident of the State of Illinois.

10.     KEITH WATTS is a resident of the State of Illinois.

11.     ROSALIND BALL is a resident of the State of Illinois.

12.     JEREMY SPENCER is a resident of the State of Illinois.

13.     JOVONNA LIBERTY is a resident of the State of Illinois.

14.     LAQUITA BRYANT is a resident of the State of Illinois.

15.     MELINDA ROBINSON is a resident of the State of Illinois.

16.     KENIFIA MCNEASE is a resident of the State of Illinois.

17.     YOLANDA FULTON is a resident of the State of Illinois.

18.     JOSE MCKNIGHT is a resident of the State of Illinois.

19.     MOSHAY BARNES is a resident of the State of Illinois.

---

[1] For ease of reference, PLAINTIFFS will refer to the INDIVIDUAL DEFENDANTS collectively as the "INDIVIDUAL DEFENDANTS" and to DEFENDANT CITY OF CHICAGO separately as such.

20.   SHAKEETA CASTLEBERRY is a resident of the State of Illinois.

21.   CLIFFORD ARMSTRONG is a resident of the State of Illinois.

22.   TANJANIKA SMITH is a resident of the State of Illinois.

23.   On information and belief, OFFICER ZINCHUK, Star No. 3896, OFFICER DUGGAN, Star No. 4607, OFFICER WAZNY, Star No. 11019, OFFICER KROLL, Star No. 14373, OFFICER LACZ, Star No. 15609, OFFICER WYROBA, Star No. 3152, OFFICER FRIGO, Star No. 8585, OFFICER CELIO, Star No. 12569, OFFICER FRANO, Star No. 8064, OFFICER CRISCIONE, Star No. 16195, OFFICER JACOBUCCI, Star No. 4783, OFFICER CRISTOBAL, Star No. 17545, SERGEANT STRUKE, Star No. 1039, SERGEANT LITTLE, Star No. 885, and SERGEANT KROSKI, Star No. 1777 (hereafter "DEFENDANT OFFICERS") and LIEUTENANT STEVENS, Star No. 609, LIEUTENANT KILROY, Star No. 280, and 15th DISTRICT COMMANDER GREEN were residents of the CITY OF CHICAGO, Illinois and were employed by and acting on behalf of the CITY OF CHICAGO at all times relevant to this action.

24.   On information and belief, the UNKNOWN OFFICERS were residents of the City of Chicago, Illinois and were employed by and acting on behalf of the CITY OF CHICAGO at all times relevant to this action.

25.   The CITY OF CHICAGO ("CITY") is a duly incorporated municipal corporation and is the employer and principal of the INDIVIDUAL DEFENDANTS and other employees referred to in this Amended Complaint. At all times material to this Amended Complaint, the INDIVIDUAL DEFENDANTS were acting under color of state law, ordinance or regulation, statutes, custom and usages of the CITY.

26.   The INDIVIDUAL DEFENDANTS were on duty and were duly appointed police officers for the CITY at all times relevant to this Amended Complaint. On or about

November 4, 2008, the INDIVIDUAL DEFENDANTS engaged in the conduct that is the subject of this action in the course and scope of their employment and while on duty. The action is brought against the DEFENDANT OFFICERS, LT. STEVENS, LT. KILROY and 15th DISTRICT COMMANDER GREEN in their individual capacities.

## FACTS RELATING TO ALL PLAINTIFFS

27.  On the evening of November 4, 2008 and continuing into the morning of November 5, 2008, PLAINTIFFS were engaged in a peaceful recognition and celebration of the new President-elect, Barack Obama.

28.  This celebration occurred outside, on sidewalks and in backyards, within an area bounded by North Laramie Avenue, North Latrobe Avenue, West Lake Street, and West Washington Street.

29.  Chicago Police Officers, observing these activities, rode their vehicles back and forth in the area referenced above, alongside the sidewalks where PLAINTIFFS and other groups of people were gathered or walking. Some INDIVIDUAL DEFENDANTS were riding in unmarked vehicles and others were riding in marked Chicago police vehicles.

30.  Many of the INDIVIDUAL DEFENDANTS were issued large canisters of *oleoresin capsicum* (commonly called "OC" or "pepper spray") prior to setting out to patrol the area described in Paragraph 28 above.

31.  Many of the INDIVIDUAL DEFENDANTS indiscriminately and without specific targets discharged large quantities of pepper spray into and among groups of people in the subject area, including the PLAINTIFFS, other adults and children. These INDIVIDUAL DEFENDANTS did so without provocation or legal justification and without making any individual assessments as to the necessity of pepper-spraying PLAINTIFFS and other groups of people.

32.     Many of the INDIVIDUAL DEFENDANTS took affirmative steps to make it difficult or impossible for the PLAINTIFFS to identify them and thereby to seek legal redress for their injuries and claims.

33.     For example, according to the CITY's general orders to police officers, pepper spray is a weapon and the discharge of pepper spray is a use of force for which a Chicago Police Officer is required to complete a "Tactical Response Report" ("TRR"). There is no exception to this requirement for the indiscriminate discharge of pepper spray against innocent civilians who pose no threat to the officers or the general public. Nevertheless, a sizeable number of the large pepper spray canisters that were supplied to the 15th District have not been accounted for by the CITY and only 21 TRRs were completed and filed in connection with the use of pepper spray at issue in this action.

34.     This failure of many INDIVIDUAL DEFENDANTS to timely and accurately report their use of pepper spray prevented PLAINTIFFS from discovering their identities and  the wrongful and tortious actions that INDIVIDUAL DEFENDANTS committed.

35.     Furthermore, many of the INDIVIDUAL DEFENDANTS made it difficult to discover their identities by, without limitation, wearing dark garb and masks/shields that covered their faces during the course of the incidents alleged in this Amended Complaint.

36.     INDIVIDUAL DEFENDANTS discharged pepper spray on groups of PLAINTIFFS and other persons who were not violating any laws of the State of Illinois and presented no danger to the INDIVIDUAL DEFENDANTS, to other Chicago Police Officers, to other people or to property. These PLAINTIFFS and others included, without limitation, people who were expressing their joy and satisfaction at the election of Barack Obama as President and others who were simply walking through or were present in the area. The

INDIVIDUAL DEFENDANTS also battered some of the PLAINTIFFS and other persons on or about the face and/or body without legal justification.

37. On or about the evening of November 4, 2008, none of the PLAINTIFFS were engaged in illegal activity.

38. On or about the evening of November 4, 2008, INDIVIDUAL DEFENDANTS arrested several PLAINTIFFS, even though there was no probable cause to arrest any of the PLAINTIFFS, who were engaged in peaceful and lawful activities.

39. On the evening of November 4, 2008, when the events alleged in this Amended Complaint took place, most of the PLAINTIFFS were pepper-sprayed around the face and/or on their bodies, even though it was an unreasonable use of force to discharge pepper-spray on any of the PLAINTIFFS, who were engaged in peaceful and lawful activities.

40. There are three sets of INDIVIDUAL DEFENDANTS, designated GROUPS A, B, and C, as follows:

(a.) **GROUP A** consists of INDIVIDUAL DEFENDANTS who occupied the areas in and around 167, 157 and 152 N. Latrobe and includes OFFICER KROLL, OFFICER WAZNY, OFFICER FRIGO, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER DUGGAN, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS, LT. KILROY and CDR. GREEN.

(b.) **GROUP B** consists of INDIVIDUAL DEFENDANTS who occupied the areas in and around Laramie between Lake and Latrobe and includes OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, OFFICER FRANO, OFFICER CELIO, SGT. KROSKI, SGT. STRUKE, LT. STEVENS, LT. KILROY and CDR. GREEN.

(c.) **GROUP C** consists of INDIVIDUAL DEFENDANTS who occupied the area in and

around 170 N. Laramie, also referred to as the intersection of Laramie and Maypole.

GROUP C includes OFFICER KROLL, OFFICER WAZNY, OFFICER FRIGO,

OFFICER WYROBA, OFFICER ZINCHUK, OFFICER DUGGAN, OFFICER LACZ,

OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, OFFICER

FRANO, OFFICER CELIO, SGT. KROSKI, SGT. STRUKE, SGT. LITTLE, LT.

STEVENS, LT. KILROY and CDR. GREEN.

### FACTS RELATING TO PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, CLIFFORD ARMSTRONG and LARRENZO FULTON AGAINST INDIVIDUAL DEFENDANTS GROUP A

41.     On or about the evening of November 4, 2008, PLAINTIFFS LATINA WILLIAMS, JOSE MCKNIGHT, ROSALIND BALL and CLIFFORD ARMSTRONG were peacefully enjoying each others' company at or around 167 N. Latrobe, Chicago, Illinois.

42.     On or about the evening of November 4, 2008, PLAINTIFF LARRENZO FULTON was peacefully enjoying the evening at or around 157 N. Latrobe Street. 157 N. Latrobe is next to or very close to 167 N. Latrobe.

43.     On or about the evening of November 4, 2008, at or around 167 N. Latrobe Street, DEFENDANT OFFICER ZINCHUK discharged pepper spray on PLAINTIFF JOSE MCKNIGHT, even though PLAINTIFF was not violating any laws of the State of Illinois and presented no threat or danger to OFFICER ZINCHUK, any other Chicago Police Officer or any other individual.

44.     On or about the evening of November 4, 2008, at or around 167 N. Latrobe Street, DEFENDANT OFFICER KROLL discharged pepper spray on PLAINTIFF CLIFFORD ARMSTRONG, even though PLAINTIFF was not violating any laws of the State of Illinois and presented no threat or danger to OFFICER KROLL, any other Chicago Police Officer or any other individual.

45.   On or about the evening of November 4, 2008, at or around 157 N. Latrobe Street, DEFENDANT SGT. LITTLE discharged pepper spray on PLAINTIFF LARRENZO FULTON, even though PLAINTIFF was not violating any laws of the State of Illinois and presented no danger to SGT. LITTLE, any other Chicago Police Officer or any other individual.

46.   On or about the evening of November 4, 2008, at or around 167 N. Latrobe Street, DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT. LITTLE, SGT. KROSKI, LT. STEVENS and LT. KILROY discharged pepper spray on ROSALIND BALL, even though PLAINTIFF was not violating any laws of the State of Illinois and presented no threat or danger to OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS, or LT. KILROY, other Chicago Police Officer or any other individual.

47.   On or about the evening of November 4, 2008, at or around 167 N. Latrobe, DEFENDANTS OFFICER FRIGO, OFFICER DUGGAN and CDR. GREEN failed to intervene in the discharging of pepper spray on PLAINTIFFS JOSE MCKNIGHT, ROSALIND BALL, LARRENZO FULTON and CLIFFORD ARMSTRONG, despite being aware that this use of force was unreasonable and excessive and despite having a reasonable opportunity to prevent it.

48.   On or about the evening of November 4, 2008, when arriving at 167 N. Latrobe, DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, OFFICER FRIGO, OFFICER DUGGAN, SGT. KROSKI, SGT. LITTLE, LT. STEVENS, LT. KILROY and CDR. GREEN saw LATINA WILLIAMS peacefully speaking on the telephone. One of these INDIVIDUAL

DEFENDANTS approached LATINA WILLIAMS, struck her, threw her to the ground, threw down her telephone, arrested her and placed her in a Chicago Police vehicle. LATINA WILLIAMS was then processed and taken down to the police station where she was placed behind bars and subsequently released. LATINA WILLIAMS was never charged with a crime.

49. DEFENDANTS OFFICER ZINCHUK, OFFICER DUGGAN, OFFICER WAZNY, OFFICER KROLL, OFFICER LACZ, OFFICER WYROBA, OFFICER FRIGO, SGT. LITTLE and LT. KILROY arrested PLAINTIFF JOSE MCKNIGHT, even though there was no probable cause to arrest JOSE MCKNIGHT, who was engaged in peaceful and lawful activities.

50. DEFENDANTS OFFICER ZINCHUK, OFFICER FRIGO, OFFICER DUGGAN, OFFICER KROLL, and SGT. LITTLE arrested PLAINTIFF CLIFFORD ARMSTRONG, even though there was no probable cause to arrest CLIFFORD ARMSTRONG, who was engaged in peaceful and lawful activities.

51. DEFENDANT SGT. LITTLE seized PLAINTIFF LARRENZO FULTON, even though there was no probable cause to seize LARRENZO FULTON, who was engaged in peaceful and lawful activities.

52. DEFENDANTS OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT KROSKI, SGT. LITTLE, LT. STEVENS and LT. KILROY arrested PLAINTIFF ROSALIND BALL, even though there was no probable cause to arrest ROSALIND BALL, who was engaged in peaceful and lawful activities.

**FACTS RELATING TO PLAINTIFFS**
**YOLANDA FULTON and MELINDA ROBINSON**
**AGAINST INDIVIDUAL DEFENDANTS GROUP A**

53. On or about November 4, 2008, PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON were peacefully enjoying each others' company at or around 152 North Latrobe Avenue, Chicago, Illinois.

54. 152 N. Latrobe is directly across the street from or very close to 157 N. Latrobe and 167 N. Latrobe.

55. On or about November 4, 2008, DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS and LT. KILROY discharged pepper spray on PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON, even though these PLAINTIFFS were not violating any laws of the State of Illinois and presented no threat or danger to DEFENDANTS OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS and LT. KILROY, any other Chicago Police Officer, or any other person.

56. On or about the evening of November 4, 2008, at or around 167 N. Latrobe Street, DEFENDANTS OFFICER FRIGO, OFFICER DUGGAN and CDR. GREEN failed to intervene in the discharging of pepper spray on PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON, despite being aware that this use of force was unreasonable and excessive and despite having a reasonable opportunity to prevent it.

57. DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS and LT. KILROY seized PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON, even though there was no probable cause to seize PLAINTIFFS YOLANDA FULTON or MELINDA ROBINSON, who were engaged in peaceful and lawful activities.

**FACTS RELATING TO PLAINTIFFS MICHAEL LEE, KENIFIA
MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT,
MOSHAY BARNES and SHAKEETA CASTLEBERRY
AGAINST INDIVIDUAL DEFENDANTS GROUP B**

58.     On or about November 4, 2008, PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE,

JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA

CASTLEBERRY were present at or near the intersection of Lake and Laramie, where

they were peacefully enjoying the celebrations of President-elect Barack Obama.

60.     DEFENDANTS OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER

CISCIONE, SGT. KROSKI, SGT. STRUKE, LT. STEVENS and LT. KILROY

discharged pepper spray on PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE,

JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA

CASTLEBERRY, even though these PLAINTIFFS were not violating any laws of the

State of Illinois and presented no threat or danger to DEFENDANTS OFFICER

CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT.

STRUKE, LT. STEVENS or LT. KILROY, any other Chicago Police Officer or any

other person.

61.     DEFENDANTS OFFICER FRANO, OFFICER CELIO and CDR. GREEN failed to

intervene in the discharge of pepper spray on PLAINTIFFS MICHAEL LEE, KENIFIA

MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and

SHAKEETA CASTLEBERRY, despite being aware that this use of force was

unreasonable and excessive and despite having a reasonable opportunity to prevent it.

62.     DEFENDANTS OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER

CISCIONE, SGT, KROSKI, SGT. STRUKE, LT. STEVENS and LT. KILROY seized

PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY,

LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY, even

though there was no probable cause to seize PLAINTIFFS, who were engaged in peaceful and lawful activities.

<b>FACTS RELATING TO PLAINTIFFS LENNETH SUGGS,<br>
CHRISTOPHER COBBS, FRANK JAMES,<br>
KEITH WATTS and JEREMY SPENCER<br>
AGAINST INDIVIDUAL DEFENDANTS GROUP B</b>

63.   PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS and JEREMY SPENCER were located at or near the intersection of Latrobe and Laramie, where they were peacefully enjoying the celebrations of President-elect Barack Obama.

64.   DEFENDANTS OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. STRUKE, LT. STEVENS and LT. KILROY discharged pepper spray on PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS and JEREMY SPENCER, even though these PLAINTIFFS were not violating any of the laws of the State of Illinois and presented no threat or danger to INDIVIDUAL DEFENDANTS SGT. KROSKI, CRISTOBAL, JACOBUCCI, CISCIONE, SGT. STRUKE, LT. STEVENS or LT. KILROY, any other Chicago Police Officer or any other person.

65.   DEFENDANTS OFFICER FRANO, OFFICER CELIO and CDR. GREEN failed to intervene in the discharging of pepper spray on PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS, and JEREMY SPENCER, despite being aware that this use of force was unreasonable and excessive and despite having a reasonable opportunity to prevent it.

66.   DEFENDANTS OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. STRUKE, LT. STEVENS and LT. KILROY seized PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH

WATTS and JEREMY SPENCER, even though there was no probable cause to seize these PLAINTIFFS, who were engaged in peaceful and lawful activities.

### FACTS RELATING TO PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY AGAINST INDIVIDUAL DEFENDANTS GROUP C

67.    PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY were at or around the intersection of Maypole and Laramie, also referred to as 170 N. Latrobe, where they were peacefully enjoying the celebrations of President-elect Barack Obama. MOSHAY BARNES and SHAKEETA CASTLEBERRY had previously been at Lake and Laramie.

68.    DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. LITTLE, SGT. STRUKE, LT. STEVENS and LT. KILROY discharged pepper spray on PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY, even though these PLAINTIFFS were not violating any laws of the State of Illinois and presented no threat or danger to DEFENDANT OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. LITTLE, SGT. STRUKE, LT. STEVENS or LT. KILROY, any other Chicago Police Officer or any other persons.

69.    DEFENDANTS OFFICER FRANO, OFFICER FRIGO, OFFICER DUGGAN, OFFICER CELIO and CDR. GREEN failed to intervene in the discharge of pepper spray on PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY, despite being aware

that this use of force was unreasonable and excessive and despite having a reasonable opportunity to prevent it.

70.     DEFENDANTS SGT. KROSKI, OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. LITTLE, SGT. STRUKE, LT. STEVENS and LT. KILROY seized PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY, even though there was no probable cause to seize these PLAINTIFFS.

**FACTS RELATING TO FIRST AMENDMENT RETALIATION**

71.     On or about November 4, 2008, many of the PLAINTIFFS were peacefully celebrating Barack Obama's success in the Presidential election that day. PLAINTIFFS did not cause any disturbance or violate any law through their peaceful celebrations.

72.     Many PLAINTIFFS were exercising their First Amendment Right of Free Speech by celebrating the victory of President-elect Barack Obama. Many of the PLAINTIFFS were walking and talking outside, wearing t-shirts featuring words and images supportive of President-elect Barack Obama, and expressing their happiness at President-elect Barack Obama's victory in the election.

73.     INDIVIDUAL DEFENDANTS overtly displayed their displeasure at President-elect Barack Obama's success by retaliating against the PLAINTIFFS.

74.     INDIVIDUAL DEFENDANTS witnessed the happiness expressed by PLAINTIFFS and took action to suppress it, , by pepper-spraying, battering, seizing, and injuring the PLAINTIFFS, including by use of a taser or tasers. These actions proximately caused the PLAINTIFFS' speech to be suppressed.

## §1983 CONSPIRACY

75. Some or all of the INDIVIDUAL DEFENDANTS conspired to cause damage to the PLAINTIFFS, without limitation, by battering, seizing, injuring and using pepper-spray on the PLAINTIFFS.

76. In connection with this conspiracy, the INDIVIDUAL DEFENDANTS specifically engaged in communication on or about November 4, 2008, whereby the INDIVIDUAL DEFENDANTS agreed to facilitate, engage in and support the activities that deprived PLAINTIFFS of their constitutional rights as alleged in the paragraphs above.

77. INDIVIDUAL DEFENDANTS covered up this conduct by agreeing to abstain from generating written documents designed to document the use of force. The documents that were generated were false and fraudulent.

78. INDIVIDUAL DEFENDANTS, by and through their conduct, sought to injure PLAINTIFFS because they are African-American and/or because they supported President-elect Barack Obama.

79. Some or all of the INDIVIDUAL DEFENDANTS conspired to cause damage to PLAINTIFFS by, without limitation, battering, seizing, injuring, and using pepper spray on the PLAINTIFFS or by failing to intervene in the use of excessive force on PLAINTIFFS.

80. In connection with the conspiracy alleged above, the INDIVIDUAL DEFENDANTS specifically engaged in communication on or about November 4, 2008, whereby the INDIVIDUAL DEFENDANTS agreed to facilitate, engage in and support the activity that deprived PLAINTIFFS of the equal protection of the laws and of PLAINTIFFS' right to the privileges and immunities under the laws.

## § 1985(3) CONSPIRACY

81.     Some or all of the INDIVIDUAL DEFENDANTS conspired to cause damage to the PLAINTIFFS by, without limitation, battering, seizing, injuring, and using pepper spray on the PLAINTIFFS or by failing to intervene in the use of excessive force on PLAINTIFFS.

82.     In connection with this conspiracy, the INDIVIDUAL DEFENDANTS specifically engaged in communication on or about November 4, 2008, whereby the INDIVIDUAL DEFENDANTS agreed to facilitate, engage in and support the activity that deprived PLAINTIFFS of their constitutional rights as alleged in the paragraphs above.

**83.**     The INDIVIDUAL DEFENDANTS, by and through their conduct, sought to injure PLAINTIFFS because they are African-American and/or because they supported President-elect Barack Obama.

## CLASS ALLEGATIONS

84.     PLAINTIFFS bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. PLAINTIFFS seek to certify a Class and three subclasses.

85.     The Class consists of all persons who were pepper-sprayed by the INDIVIDUAL DEFENDANTS on or about November 4, 2008 during a peaceful recognition and celebration of President-elect Barack Obama that took place on sidewalks and in backyards in the area bounded by North Laramie Avenue, North Latrobe Avenue, West Lake Street and West Washington Street.

86.     Plaintiffs also seek to certify three subclasses, each consisting of various groups of persons who were subject to other acts of excessive force, seizure or arrest by INDIVIDUAL DEFENDANTS in addition to being subject to random and indiscriminate pepper-spraying.

87.    Subclass A-1 is defined as all class members who, in addition to being indiscriminately pepper-sprayed, were subject to battery by INDIVIDUAL DEFENDANTS.

88.    Subclass A-2 encompasses all class members who, in addition to being indiscriminately pepper-sprayed, were seized by INDIVIDUAL DEFENDANTS but were released without being charged with any crime.

89.    Subclass A-3 consists of all class members who, in addition to being indiscriminately pepper-sprayed, were seized and arrested by INDIVIDUAL DEFENDANTS and taken into custody.

90.    The Class and each subclass meet the requirements of Fed. R. Civ. P. 23(a) as follows:

(a.)    The requirements of Rule 23(a)(1) are satisfied because the class and each of the subclasses are sufficiently numerous that joinder is impractical. On the night in question, INDIVIDUAL DEFENDANTS, armed with large canisters of pepper spray, swarmed over a densely-populated urban area, discharging large quantities of pepper spray at and among groups of persons, as well as battering, tasing, seizing, and arresting numerous persons. Consequently, the Class and each subclass consist of sufficient numbers to make joinder impractical and are likely to expand upon the Court's certification of this action as a Class Action.

(b.)    The requirements of Rule 23(a)(2) are satisfied because there are questions of fact and law common to the Class and each subclass including, but not limited to, the following:

•    Whether persons included in the Class and subclasses were engaged in a peaceful celebration of Barack Obama's success in the presidential election held on November 4, 2008;

•    Whether persons included in the Class and subclasses were exercising their First Amendment Right of Free Speech in their celebration of President-elect Barack

Obama's victory by walking and talking on sidewalks or in their backyards within the confines of a singular, geographically-bounded area;

- Whether INDIVIDUAL DEFENDANTS expressed their displeasure at President-elect Barack Obama's election victory by retaliating against persons in the subject area as a collective entity by, without limitation, indiscriminately pepper-spraying them in groups and without individual justifications;

- Whether INDIVIDUAL DEFENDANTS, witnessing the happiness expressed collectively by people in the subject area, took action to suppress their celebration by, without limitation, pepper-spraying, battering (including by the use of a taser or tasers), seizing, arresting and injuring the persons in the subject area in an indiscriminate manner;

- Whether these actions by INDIVIDUAL DEFENDANTS proximately caused the speech of people within the subject area to be suppressed;

- Whether on or about November 4, 2008, in connection with the actions alleged above, the INDIVIDUAL DEFENDANTS conspired and engaged in communications between and among themselves, by which the INDIVIDUAL DEFENDANTS agreed to facilitate, engage in and support the actions that injured people within the subject area and/or deprived them of their constitutional rights as alleged in the paragraphs above;

- Whether on or about November 4, 2008, in connection with the above actions, the INDIVIDUAL DEFENDANTS engaged in a conspiracy by communications between and among themselves, by which the INDIVIDUAL DEFENDANTS agreed to facilitate, engage in and support the actions that injured people within the subject area and/or deprived them of the equal protection of the laws and/or of the privileges and immunities under the laws as alleged in the paragraphs above;

- Whether INDIVIDUAL DEFENDANTS, by and through their conduct, sought to collectively injure persons in the subject area because they are African-American and/or because they supported President-elect Barack Obama;

- Whether the actions of INDIVIDUAL DEFENDANTS and the failure to intervene in these actions by INDIVIDUAL DEFENDANTS constituted the excessive use of force against persons in the subject area force in violation of the Fourth Amendment to the United States Constitution;

- Whether INDIVIDUAL DEFENDANTS conspired to cover up their acts of misconduct;

- Whether the INDIVIDUAL DEFENDANTS battered persons in the subject area intentionally, without consent and without lawful justification; and

- Whether Defendant CITY OF CHICAGO is the employer of the INDIVIDUAL DEFENDANTS, who were the proximate cause of the damages suffered by persons in the subject area as alleged in this Amended Complaint.

(c.)     The requirements of Rule 23(a)(3) are satisfied because PLAINTIFFS' claims are typical of the claims of the Class and each subclass.

(d.)     The requirements of Rule 23(a)(4) are satisfied because the representative PLAINTIFFS will diligently prosecute this action and fairly and adequately protect the interests of the Class and each subclass. The named PLAINTIFFS have no interests antagonistic to other members of the Class or subclasses. Moreover, PLAINTIFFS have retained counsel experienced in prosecuting class actions and civil rights claims.

94.     The Class and each subclass meet the requirements of Rule 23(b)(1) because prosecution of separate actions by individual members of the class would create a risk of inconsistent or incompatible judgments against the INDIVIDUAL DEFENDANTS.

95.     The Class and each of the subclasses also meet the requirements of Rule 23(b)(3) because common questions predominate over individual questions and prosecution of this action as a class action is a superior method of adjudication. Facts that militate in favor of certification under Rule 23(b)(3) include, but are not limited to, the following:

- The Class and subclasses evince great potential to include numerous additional persons who were subject to excessive force in the heavily-policed and densely-populated urban area at issue in this action.

- On information and belief, there is no litigation concerning the instant controversy that has been commenced by or against the class members.

- It is desirable to concentrate the litigation in the Northern District of Illinois because the events at issue occurred in this district, the INDIVIDUAL DEFENDANTS reside in the district, and the claims involve federally-protected rights.

- • Certification of the class and the subclasses will achieve economies of time, effort, and expense and promote uniformity of decision for the members of the class, thereby making a class action the superior method of adjudicating the controversy.

96. PLAINTIFFS will move for class certification as soon as is practicable in accordance with Rule 23(c).

**COUNT I**
**§1983 Claim for Excessive Force**
**(For PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS,**
**JOSE MCKNIGHT, CLIFFORD ARMSTRONG, LARRENZO FULTON**
**and OTHERS SIMILARLY SITUATED)**

97. PLAINTIFFS re-allege paragraphs 1-96 as though fully set forth herein.

98. On or about November 4, 2008, DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT. LITTLE, SGT. KROSKI, LT. STEVENS and LT. KILROY lacked probable cause or a legal basis to believe that PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON or CLIFFORD ARMSTRONG had violated any law or were using force against themselves, any other police officers or any other person.

99. Nevertheless, DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT. LITTLE, SGT. KROSKI, LT. STEVENS and LT. KILROY individually and as a group, pepper-sprayed and/or otherwise battered PLAINTIFFS ROSALIND BALL, JOSE MCKNIGHT, LARRENZO FULTON and CLIFFORD ARMSTRONG without provocation and without legal justification.

100. DEFENDANTS OFFICER FRIGO, OFFICER DUGGAN and CDR. GREEN failed to intervene in the use of force upon PLAINTIFFS ROSALIND BALL, JOSE MCKNIGHT, LARRENZO FULTON and CLIFFORD ARMSTRONG, even though

these DEFENDANTS were aware that this use of force was unreasonable and excessive and despite having a reasonable opportunity to prevent it.

101.    On or about the evening of November 4, 2008, either OFFICER KROLL, OFFICER WAZNY, OFFICER FRIGO, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER DUGGAN, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS, LT. KILROY or CDR. GREEN struck LATINA WILLIAMS and threw her to the ground without provocation and without legal justification. The other INDIVIDUAL DEFENDANTS alleged herein failed to intervene in the use of force upon PLAINTIFF LATINA WILLIAMS, even though they were aware that this use of force was unreasonable and excessive and despite having a reasonable opportunity to prevent it.

102.    The use of force upon PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON and CLIFFORD ARMSTRONG and the failure to intervene were unreasonable and excessive and thereby violated the Fourth Amendment to the United States Constitution.

103.    The actions of the INDIVIDUAL DEFENDANTS were the direct and proximate cause of the constitutional violations and the resulting injuries that PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON and CLIFFORD ARMSTRONG sustained.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

**<u>COUNT II</u>**
**<u>Battery – State Law Claim</u>**
**(For PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS,**
**JOSE MCKNIGHT, CLIFFORD ARMSTRONG, LARRENZO FULTON**

**and OTHERS SIMILARLY SITUATED)**

104. PLAINTIFFS re-allege paragraphs 1-96 as though fully set forth herein.

105. DEFENDANTS OFFICER KROLL OFFICER, OFFICER WAZNY OFFICER, OFFICER WYROBA OFFICER, OFFICER ZINCHUK OFFICER, LACZ and SGT. LITTLE battered PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON and CLIFFORD ARMSTRONG, individually and as a group, by pepper-spraying them and by other means, without their consent and without legal justification.

106. The use of pepper spray and other forms of battery on PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON and CLIFFORD ARMSTRONG violated Illinois state law.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages and costs against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

**COUNT III**
**§1983 Claim for False Arrest**
**(For PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS,**
**JOSE MCKNIGHT, CLIFFORD ARMSTRONG, LARRENZO FULTON**
**and OTHERS SIMILARLY SITUATED)**

107. PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON and CLIFFORD ARMSTRONG re-allege paragraphs 1–96 as though fully set forth herein.

108. DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER FRIGO, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER DUGGAN, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS, LT. KILROY and CDR. GREEN did not have

a reasonable belief that PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON or CLIFFORD ARMSTRONG had committed, were committing or were about to commit any criminal acts. Therefore, these DEFENDANTS lacked probable cause to arrest these PLAINTIFFS and their conduct in arresting these PLAINTIFFS violated the Fourth Amendment to the United States Constitution.

109.    The actions of DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER FRIGO, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER DUGGAN, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS, LT. KILROY and CDR. GREEN alleged herein were the direct and proximate cause of the constitutional violations and the resulting injuries that PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON and CLIFFORD ARMSTRONG sustained.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

### COUNT IV
### False Arrest – State Law Claim
**(For PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS,
JOSE MCKNIGHT, CLIFFORD ARMSTRONG, LARRENZO FULTON
and OTHERS SIMILARLY SITUATED)**

110.    PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON and CLIFFORD ARMSTRONG re-allege paragraphs 1–96 as though fully set forth herein.

111.    DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER FRIGO, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER DUGGAN, OFFICER LACZ, SGT.

KROSKI, SGT. LITTLE, LT. STEVENS, LT. KILROY and CDR. GREEN did not have a reasonable belief that PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON or CLIFFORD ARMSTRONG had committed, were committing or were about to commit any criminal acts. Therefore, these OFFICERS lacked probable cause to arrest these PLAINTIFFS and their conduct in arresting these PLAINTIFFS violated the Constitution of the State of Illinois and Illinois law.

112. The actions of the DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER FRIGO, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER DUGGAN, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS, LT. KILROY and CDR. GREEN were the direct and proximate cause of the constitutional violations and the resulting injuries that PLAINTIFFS ROSALIND BALL, LATINA WILLIAMS, JOSE MCKNIGHT, LARRENZO FULTON and CLIFFORD ARMSTRONG sustained.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages and costs against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

**COUNT V**
**§1983 Claim for Excessive Force**
**(For PLAINTIFFS YOLANDA FULTON, MELINDA ROBINSON**
**and OTHERS SIMILARLY SITUATED)**

113. PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON re-allege paragraphs 1–96 as though fully set forth herein.

114. On or about November 4, 2008, DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS and LT. KILROY lacked probable cause or a

legal basis to believe that YOLANDA FULTON or MELINDA ROBINSON had violated any law or were using force against any police officers or other persons.

115. Nevertheless, DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS and LT. KILROY pepper-sprayed PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON without provocation or legal justification.

116. DEFENDANTS OFFICER FRIGO, OFFICER DUGGAN and CDR. GREEN failed to intervene in the discharging of pepper spray on PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON, despite being aware that this use of force was unreasonable and excessive and despite having a reasonable opportunity to prevent it.

117. The use of force upon PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON and the failure to intervene were unreasonable and excessive and therefore violated the Fourth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

### COUNT VI
### Battery – State Law Claim
### (For PLAINTIFFS YOLANDA FULTON, MELINDA ROBINSON
### and OTHERS SIMILARLY SITUATED)

118. PLAINTIFFS YOLANDA FULTON and MELINDA ROBINSON re-allege paragraphs 1–96 as though fully set forth herein.

119. DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, SGT. KROSKI, SGT. LITTLE, LT. STEVENS and LT. KILROY battered PLAINTIFFS YOLANDA FULTON and MELINDA

ROBINSON by pepper-spraying them without their consent and without legal justification.

120. The use of pepper spray on these PLAINTIFFS violated Illinois state law.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages and costs against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

## COUNT VII
### §1983 Claim for Excessive Force
**(For PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES, SHAKEETA CASTLEBERRY and OTHERS SIMILARLY SITUATED)**

121. PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY re-allege paragraphs 1–96 as though fully set forth herein.

122. On or about November 4, 2008, DEFENDANTS OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. STRUKE, LT. STEVENS and LT. KILROY lacked probable cause or a legal basis to believe that PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES or SHAKEETA CASTLEBERRY had violated any law or were using force against any police officers or other persons.

123. Nevertheless, DEFENDANTS OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. STRUKE, LT. STEVENS and LT. KILROY pepper-sprayed PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY without provocation and without legal justification.

124.    DEFENDANTS OFFICER FRANO. OFFICER CELIO and CDR. GREEN failed to intervene in the use of force upon PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY, even though the OFFICERS were aware that this use of force was unreasonable and excessive and despite having a reasonable opportunity to prevent it.

125.    The use of force upon PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY and the failure to intervene were unreasonable and excessive and therefore violated the Fourth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

## COUNT VIII
### Battery – State Law Claim
**(For PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE,
JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES,
SHAKEETA CASTLEBERRY and OTHERS SIMILARLY SITUATED)**

126.    PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY re-allege paragraphs 1–96 as though fully set forth herein.

127.    DEFENDANTS CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. STRUKE, LT. STEVENS and LT. KILROY battered PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY by pepper-spraying them without their consent and without legal justification.

128.    The use of pepper spray on PLAINTIFFS MICHAEL LEE, KENIFIA MCNEASE, JOVANNA LIBERTY, LAQUITA BRYANT, MOSHAY BARNES and SHAKEETA CASTLEBERRY violated Illinois state law.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages and costs against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

**COUNT IX**
**§1983 Claim for Excessive Force**
**(For PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS,**
**FRANK JAMES, KEITH WATTS, JEREMY SPENCER**
**and OTHERS SIMILARLY SITUATED)**

129.    PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS and JEREMY SPENCER re-allege paragraphs 1–96 as though fully set forth herein.

130.    On or about November 4, 2008, DEFENDANTS OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. STRUKE, LT. STEVENS and LT. KILROY lacked probable cause or a legal basis to believe that PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS or JEREMY SPENCER had violated any law or were using force against any police officers or other persons.

131.    Nevertheless, DEFENDANTS OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. STRUKE, LT. STEVENS and LT. KILROY pepper-sprayed PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS and JEREMY SPENCER without provocation and without legal justification.

132.   DEFENDANTS OFFICER FRANO, OFFICER CELIO and CDR. GREEN failed to intervene in the use of force upon PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS and JEREMY SPENCER, even though these OFFICERS were aware that this use of force was unreasonable and excessive and despite having a reasonable opportunity to prevent it.

133.   The use of force upon PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS and JEREMY SPENCER and the failure to intervene were unreasonable and excessive and therefore violated the Fourth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

<u>**COUNT X**</u>
<u>**Battery – State Law**</u>
**(For PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS,
FRANK JAMES, KEITH WATTS, JEREMY SPENCER
And OTHERS SIMILARLY SITUATED)**

124.   PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS and JEREMY SPENCER re-allege paragraphs 1–96 as though fully set forth herein.

125.   DEFENDANTS OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. STRUKE, LT. STEVENS and LT. KILROY battered PLAINTIFFS LENNETH SUGGS, CHRISTOPHER COBBS, FRANK JAMES, KEITH WATTS and JEREMY SPENCER by pepper-spraying them without their consent and without legal justification.

126.     The use of pepper spray on these PLAINTIFFS violated Illinois state law.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages and costs against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

### COUNT XI
### §1983 Claim for Excessive Force
### (For PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY)

134.     PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY re-allege paragraphs 1–96 as though fully set forth herein.

135.     On or about November 4, 2008, DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. LITTLE, SGT. STRUKE, LT. STEVENS and LT. KILROY lacked probable cause or a legal basis to believe that PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES or SHAKEETA CASTLEBERRY had violated any law or were using force against any police officers or other persons.

136.     Nevertheless, DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. LITTLE, SGT. STRUKE, LT. STEVENS and LT. KILROY pepper-sprayed PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES or SHAKEETA CASTLEBERRY without provocation and without legal justification.

137.    DEFENDANTS OFFICER FRANO, OFFICER FRIGO, OFFICER DUGGAN, OFFICER CELIO and CDR. GREEN failed to intervene in the use of force upon PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY, even though they were aware that this use of force was unreasonable and excessive and despite having a reasonable opportunity to prevent it.

138.    The use of force upon PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY and the failure to intervene were unreasonable and excessive and therefore violated the Fourth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

### COUNT XII
### Battery – State Law Claim
### (For PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES, and SHAKEETA CASTLEBERRY)

129.    PLAINTIFFS DARRYLMY GARNER, TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA CASTLEBERRY re-allege paragraphs 1–96 as though fully set forth herein.

130.    DEFENDANTS OFFICER KROLL, OFFICER WAZNY, OFFICER WYROBA, OFFICER ZINCHUK, OFFICER LACZ, OFFICER CRISTOBAL, OFFICER JACOBUCCI, OFFICER CISCIONE, SGT. KROSKI, SGT. LITTLE, SGT. STRUKE, LT. STEVENS and LT. KILROY battered PLAINTIFFS DARRYLMY GARNER,

TIFFANY THOMAS, TANJANIKA SMITH, MOSHAY BARNES and SHAKEETA

CASTLEBERRY by pepper-spraying them without their consent and without legal

justification.

125.    The use of pepper spray on these PLAINTIFFS violated Illinois state law.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL

DEFENDANTS. PLAINTIFFS also demand punitive damages and costs against the

INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and

just.

**COUNT XIII**
**Spoliation of Evidence - State Law Claim**
**(For All Plaintiffs and Others Similarly Situated)**

139.    All of the PLAINTIFFS re-allege paragraphs 1-96 as though fully set forth herein.

140.    The INDIVIDUAL DEFENDANTS were aware of the potential for this civil action and

had knowledge of this action. Nevertheless, the INDIVIDUAL DEFENDANTS

intentionally destroyed evidence by failing to generate mandatory documentation of this

use of force and by the generation of false documents relating to the use of force. These

actions compromised the ability of the PLAINTIFFS to prove the actions by

INDIVIDUAL DEFENDANTS alleged above and caused PLAINTIFFS to incur

significant additional legal costs in prosecuting this matter.

141.    The conduct of INDIVIDUAL DEFENDANTS alleged in this Count violated Illinois

law.

142.    The actions of the INDIVIDUAL DEFENDANTS were the direct and proximate cause of

the constitutional violations and the injuries sustained by the PLAINTIFFS.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL

DEFENDANTS. PLAINTIFFS also demand punitive damages and costs against the

INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

## COUNT XIV
### Malicious Prosecution – State Law Claim
### (For PLAINTIFFS JOSE MCKNIGHT and CLIFFORD ARMSTRONG)

143. PLAINTIFFS JOSE MCKNIGHT and CLIFFORD ARMSTRONG re-allege paragraphs 1–96 as though fully set forth herein.

144. DEFENDANTS OFFICER ZINCHUK, OFFICER DUGGAN, OFFICER WAZNY, OFFICER KROLL, OFFICER LACZ, OFFICER WYROBA, OFFICER FRIGO, SGT. LITTLE and LT. KILROY alleged that PLAINTIFFS JOSE MCKNIGHT and CLIFFORD ARMSTRONG violated laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against these PLAINTIFFS. The allegations were brought without probable cause and were resolved in favor of PLAINTIFFS JOSE MCKNIGHT and CLIFFORD ARMSTRONG and in a manner indicative of their innocence.

145. The actions alleged above were the direct and proximate cause of the violations of Illinois state law and the injuries sustained by these Plaintiffs, as set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages and costs against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

## COUNT XV
### §1983 Claim for Retaliation
### in Violation of the First Amendment
### (For All Plaintiffs and Others Similarly Situated)

146. PLAINTIFFS re-allege paragraphs 1–96 as though fully set forth herein.

147.   PLAINTIFFS had a First Amendment Right of Free Speech at all times relevant to this action.

148.   PLAINTIFFS exercised their First Amendment Right of Free Speech, without limitation, by walking and talking outside or in their backyards and celebrating the election victory of President-elect Barack Obama.

149.   This speech addressed matters of public concern including, but not limited to, Barack Obama's victory in the election held on November 4, 2008.

150.   The INDIVIDUAL DEFENDANTS retaliated against the PLAINTIFFS for exercising their First Amendment Right of Free Speech and/or because they are African-American.

151.   As a direct and proximate result of this retaliation, PLAINTIFFS were caused to suffer injuries.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

### COUNT XVI
### §1983 Claim for Conspiracy
### (For All Plaintiffs and Others Similarly Situated)

152.   PLAINTIFFS re-allege paragraphs 1-96 as though fully set forth herein.

153.   The INDIVIDUAL DEFENDANTS engaged in a conspiracy, whereby they agreed to facilitate, engage in, and support the activities alleged in this Amended Complaint.

154.   These actions of the INDIVIDUAL DEFENDANTS were the direct and proximate cause of the violations of the United States Constitution including, but not limited to, the Fourth Amendment and the First Amendment and of the injuries sustained by PLAINTIFFS as a result of these violations.

155.    In particular, the actions of INDIVIDUAL DEFENDANTS including, but not limited to, pepper-spraying the PLAINTIFFS without legal justification, violated the right of PLAINTIFFS to be free from the use of excessive force and unlawful search and seizure as protected by the Fourth Amendment as well as PLAINTIFFS' freedom to speak without censorship or limitation as protected by the First Amendment.

156.    The actions of the INDIVIDUAL DEFENDANTS alleged above proximately caused PLAINTIFFS to suffer injury.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

**COUNT XVII**
**§1985(3) Claim for Conspiracy**
**(For All Plaintiffs and Others Similarly Situated)**

157.    PLAINTIFFS re-allege paragraphs 1-96 as though fully set forth herein.

158.    All of the INDIVIDUAL DEFENDANTS engaged in a conspiracy, whereby the INDIVIDUAL DEFENDANTS agreed to facilitate, engage in, and support the activity alleged in this Amended Complaint.

159.    The actions of the INDIVIDUAL DEFENDANTS violated the Fourteenth Amendment of the United States Constitution by causing the PLAINTIFFS to be deprived of the equal protection of the laws.

160.    These actions of the INDIVIDUAL DEFENDANTS were the direct and proximate cause of the violations of the Fourteenth Amendment of the United States Constitution and the injuries sustained by PLAINTIFFS as a result of these violations..

161. The INDIVIDUAL DEFENDANTS injured PLAINTIFFS because they are African-American and/or because they supported President-elect Barack Obama.

162. The actions of the INDIVIDUAL DEFENDANTS proximately caused PLAINTIFFS to suffer injury.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

**COUNT XVIII**
**§1983 Claim for Violation of Plaintiffs' Due Process Right of Redress**
**in the Courts under the First and Fourteenth Amendments**
**(For All Plaintiffs and Others Similarly Situated)**

163. PLAINTIFFS re-allege paragraphs 1–96 as though fully set forth herein.

164. The INDIVIDUAL DEFENDANTS took affirmative steps to conceal and/or obscure important facts about their misconduct from the PLAINTIFFS. These steps included, but were not limited to, actions to make it difficult for the victims of INDIVIDUAL DEFENDANTS' unlawful and unconstitutional conduct to identify the INDIVIDUAL DEFENDANTS as the perpetrators of this conduct. These actions included, but were not limited to:

(a.) Wearing dark garb and masks/shields that covered their faces;

(b.) Reporting in an untimely and/or inaccurate manner their use of pepper spray, contrary to their training and the general orders of the City of Chicago; and

(c.) Failing to report the use of pepper spray on innocent civilians.

165. The INDIVIDUAL DEFENDANTS engaged in these actions to cover up their misconduct and the misconduct of others and to prevent PLAINTIFFS from learning the DEFENANT OFFICERS' identities.

166.    These actions impeded the PLAINTIFFS' access to the courts, by which PLAINTIFFS sought legal redress for their injuries and claims. INDIVIDUAL DEFENDANTS thereby violated PLAINTIFFS' constitutional rights under the First and Fourteenth Amendments.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the INDIVIDUAL DEFENDANTS as well as any additional relief this Court deems equitable and just.

## COUNT XIX
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO
### (For All Plaintiffs and Others Similarly Situated)

167.    PLAINTIFFS re-allege paragraphs 1–96 as though fully set forth herein.

168.    DEFENDANT CITY OF CHICAGO is the employer of the INDIVIDUAL DEFENDANTS.

169.    The INDIVIDUAL DEFENDANTS committed the acts alleged above under color of law and in the scope of their employment by the CITY.

WHEREFORE, should the INDIVIDUAL DEFENDANTS be found liable for any of the claims in this action, PLAINTIFFS demand that the CITY OF CHICAGO pay to PLAINTIFFS any judgment obtained in this action against the INDIVIDUAL DEFENDANTS, pursuant to 745 ILCS 10/9-102.

## COUNT XX
### Supplemental Claim for *Respondeat Superior*
### (For All Plaintiffs and Others Similarly Situated)

170.    PLAINTIFFS re-allege paragraphs 1-96 as though fully set forth herein.

171.    The acts of the INDIVIDUAL DEFENDANTS, which violated Illinois state law, were committed in the scope of the OFFICERS' employment by the CITY OF CHICAGO.

172.    Thus, DEFENDANT CITY OF CHICAGO, as the INDIVIDUAL DEFENDANTS'

principal, is liable for the actions of its agents under the doctrine of *respondeat superior.*

WHEREFORE, should the INDIVIDUAL DEFENDANTS be found liable for any state

law claims alleged herein, PLAINTIFFS demand judgment against the CITY OF CHICAGO as

well as any additional relief this Court deems equitable and just.

### **JURY DEMAND**

172.    Plaintiffs demand trial by jury.


Respectfully submitted,


By:    ***s/Blake Horwitz_____***
       Blake Horwitz, Esq.
       One of Plaintiffs' Attorneys


**The Blake Horwitz Law Firm, Ltd.**
39 South LaSalle Street, Suite 1515
Chicago, IL 60603
(312) 676-2100