THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER, et. al. | |
| Plaintiffs, | No. 08-cv-6688 |
| v. | Honorable Judge Shadur |
| ZINCHUK, et. al. | Magistrate Judge Gilbert |
| Defendants. | |

## PLAINTIFFS' MOTION TO COMPEL

NOW COME the Plaintiffs, Latanya Alexander, *et al*, by and through their attorney, Blake Horwitz, Esq., and state the following in support of Plaintiffs' motion to compel, Plaintiffs state the following:

1. Defendants refuse to produce two F.R.C.P. Rule 30(b)(6) witness notices attached hereto as Exhibit A. Plaintiffs now move to compel designation of these witnesses by the Defendant City of Chicago. F.R.C.P. 37(a).

2. The first Rule 30(b)(6) notice was for a designee who is most knowledgeable as to the in-depth I.P.R.A. investigation that was conducted into the alleged misconduct of Defendant officers. [Exhibit A]. The Defendant City of Chicago objects to this notice because two I.P.R.A. investigators were already deposed in October, 2010, and that any further depositions would be duplicative and unduly burdensome. The Defendant City of Chicago's objection misses the mark as the investigation was not completed until October 17, 2013, more than three years

after the investigators were deposed. [Exhibit B][1]. Further, the deponents whose depositions were taken were not Rule 30(b)6 witnesses but merely investigators. These deponents participated in portions of the investigation and could not and did not speak for the investigation as a whole, nor do they bind the Defendant City of Chicago as does a Rule 30(b)(6) witness.

3. The second 30(b)(6) notice is for a designee who may testify as to the identity of officers who can be heard over the radio traffic produced in discovery relating to the November 4-5, 2008 incidents. [Exhibit A]. An issue central to the Defendants' case is that they allege individuals in Zone 12[2] were riotous and chaotic, thus validating the use of excessive force by police officers. Police officer chatter during the time period in question goes to the heart of this defense, specifically since the officers describe their surroundings when they take action. The Defendant City of Chicago objects to this request because it is too broad and not limited to a specific time frame or radio zone and that it does not satisfy the "reasonably particularity" requirement of Rule 30(b)(6). F.R.C.P. 30(b)(6). This objection is misleading. The radio traffic was produced in two audio CDs by the Defendant City of Chicago and relates exclusively to Zone 12, where the incidents at issue in this matter occurred. [Bates Stamped FCRL002308—002309]. The audio files contain chatter between officers in Zone 12 and police dispatch. Each call contains an officer who reports his star number and location prior to making a

---

[1] The final I.P.R.A. investigation report was not concluded until this date, a fact that is not disputed. The report itself is in the possession of all parties and is subject to this Court's confidentiality order under an "attorneys eyes only" designation. It is tendered to this Court *in camera* pursuant to Local Rule 26.2(d).
[2] Zone 12 is where the incidents as alleged in the Complaint occurred.

2

statement regarding his situation. Plaintiffs seek to identify these officers through a designated and prepared Rule 30(b)(6) witness, is best situated to do so.

    4. Rule 37.2 Conference

On June 3, 2014, Blake Horwitz spoke to Misha Itchhaporia, counsel for the Defendant City of Chicago, with regard to the Defendant City's responses to Plaintiffs Rule 30(b)6 notices. Counsel Itchhaporia stated that the noticed I.P.R.A. Rule 30(b)(6) witness would not add anything new as the previously deposed I.P.R.A. investigators discussed all facets of the investigation. Mr. Horwitz disagreed, stating that as the investigation did not conclude until October of 2013, three years of investigation took place in the interim, thus making any previous statements obsolete. With regards to the Rule 30(b)(6) radio traffic designee, Counsel Itchhaporia stated that no designee for the Defendant City of Chicago could identify the individuals speaking on the radio. To the contrary, counsel Horwitz pointed out that each officer states his identifying star number prior to stating the reason for his communication. Counsel Horwitz also stated that any designee could be quickly brought up to speed with a crosscheck of documents containing identifying information based on star number. The Counselors could not reach an accord and this motion has resulted.

WHEREFORE, Plaintiffs pray that this Court grants Plaintiffs' Motion to Compel and order the Defendant City of Chicago to designate the Rule 30(b)(6) witnesses.

3

Respectfully submitted,

<u>   /s/ Blake Horwitz</u>
Attorney for the Plaintiff


The Blake Horwitz Law Firm
111 W. Washington, Suite 1611
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372 7076

<u>CERTIFICATE OF SERVICE</u>

I, Blake W. Horwitz, hereby certify that on the 5th day of June, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Misha Itchhaporia, Esq.<br>mitchhaporia@borkanscahill.com | Liza Franklin, Esq.<br>Liza.franklin@cityofchicago.org |
| | Tiffany Yvette Harris, Esq.<br>Tiffany.harris@cityofchicago.org |
| Derek B. Payette, Esq.<br>dpayette@dykema.com | Federal Civil Rights Litigation Division<br>City of Chicago, Department of Law<br>30 North LaSalle Street, Suite 900 |
| Paul A. Michalik, Esq.<br>pmichalik@dykema.com | Chicago, IL 60602<br>Fax: (312) 744-6566 |

I have also tendered courtesy copies to each of the above named counsel.