**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| LATANYA ALEXANDER, et al., | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | No.: | 08 CV 6688 |
| | ) | | v. |
| | ) | | |
| OFFICER ZINCHUK, et al., | ) | Judge Edmond E. Chang | |
| | ) | | |
| Defendants. | ) | | |

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL
<u>FACTS</u>**

NOW COME Defendants, OFFICER JOHN ZINCHUCK, OFFICER TIMOTHY DUGGAN,

OFFICER ADAM WAZNY, OFFICER ANDREW KROLL, OFFICER WOJCIECH LACZ,

OFFICER ALBERT WYROBA, OFFICER TERRY FRIGO, SERGEANT MATTHEW LITTLE,

SERGEANT DONALD KROSKI, SERGEANT MARK STRUKE, LT. MICHAEL STEVENS,

15TH DISTRICT COMMANDER WALTER GREEN, OFFICER ADAM CRISCIONE, OFFICER

JENNIFER JACOBUCCI, OFFICER KARINA CRISTOBAL, LT. WILLIAM KILLROY and the

CITY OF CHICAGO, by and through their attorneys, Steve B. Borkan, Timothy P. Scahill and

Misha Itchhaporia of BORKAN & SCAHILL, LTD., and for their Local Rule 56.1 Statement of

Undisputed Material Facts in support of their Partial Motion for Summary Judgment, state as

follows:

1

## DESCRIPTION OF THE PARTIES

1.      Plaintiff, Latanya Alexander, is the special administrator of the estate of  Lenneth Suggs.[1]

Ex. 1; Ex. 2 at 63:22-64:23.

2.      John Zinchuck, Timothy Duggan, Adam Wazny, Andrew Kroll, Wojciech Lacz, Albert

Wyroba, Terry Frigo, Matthew Little, Donald Kroski, Mark Struke, Michael Stevens, Walter Green,

Adam Criscione, Jennifer Jacobucci, Karina Cristobal and William Kilroy (referred to collectively

hereinafter as the "Defendant Officers" or as "Zinchuck," "Duggan," "Wazny," "Kroll," "Lacz,"

"Wyroba," "Frigo," "Little," "Kroski," "Struke," "Stevens," "Green," "Criscione," "Jacobucci,"

"Cristobal" and "Kilroy") were at all relevant times employed as police officers for Defendant City

of Chicago, a municipal corporation.  Ex. 1 at ¶¶ 4, 7.

3.      At all relevant times, Green was the Commander of the Chicago Police Department's

Fifteenth District.  *Id.* at  ¶ 1.

4.      At all relevant times, Little was a sergeant and the supervisor for the following officers

Wazny, Lacz, Wyroba, Kroll, Frigo, Duggan, and Zinchuck (hereinafter referred to as Little's

Team").  *Id.* at  ¶ 13.

5.      At all relevant times on November 4 and 5, 2008, the Defendant Officers were assigned

to work on the City's west side in the Fifteenth District, which encompassed the Austin

neighborhood.  Ex. 1 at  ¶ 9; Ex. 3 at 21:11-18; Ex. 4 at 38:12-16.

## FACTS ESTABLISHING JURISDICTION AND VENUE

6.      Plaintiffs brought this action pursuant to 42 U.S.C. §§ 1983 and 1985(3) and 28 U.S.C.

---

[1]  Citations herein as follows: Defendants' Addendum of Exhibits in Support of Summary Judgment = "Ex__ at___."

§§ 1331 and 1343(3) regarding alleged acts and omissions occurring in the City of Chicago and thus, venue and jurisdiction of this Court are proper. Ex. 1 at ¶ 1.

### PREPARATION FOR NOVEMBER 4, 2008 - ELECTION NIGHT

7.     Prior to November 4, 2008, it was well known that the President Obama's campaign was going to host a post election rally at Grant Park. Ex. 5.

8.     It was estimated that more than seventy thousand people were planning on attending the rally at Grant Park. *Id*.

9.     Prior to election night, the Chicago Police Department reached out to the Northern Illinois Police Alarm System Mobile Field Force ("NIPAS MFF"), which is a collection of various suburban law enforcement agencies, and requested their assistance on election night. *Id.*

10.     Kilroy received an order indicating that extra officers were going to be assigned to the Fifteenth District on election night and that there was a possibility that all the officers under his command would be redirected to the Grant Park area if there was civil unrest. Ex. 6 at 89:11-14, 103:9-21.

11.     In preparation for election night, all Chicago Police Officers, including, the Defendant Officers were instructed by their supervisors to wear their Battle Dress Uniform (BDU), which consisted of a gas mask, baton, shin guards, protective padded chest guard, helmet with a face shield, and a throat guard. Ex. 3 at 21:22-24, 25:7-20, 26:6-8; Ex. 4 at 57:19-58; Ex. 8 at 43:1-3.

### NOVEMBER 4, 2008 - ELECTION NIGHT IN THE FIFTEENTH DISTRICT

12.     On the evening of November 4, 2008, Kilroy had approximately 70 Chicago Police Officers that were assigned to work under his command. Ex. 7 at 14:11-16.

13.     On November 4, 2008, prior to the announcement of the presidential election, Kilroy and

3

Stevens issued large canisters of oleoresin capsicum (hereinafter referred to as "OC" or "pepper spray" or "mace") to many of the Defendant Officers and other officers. Ex. 1 at ¶¶ 29-30; Ex. 10 at 3.

14.     Kilroy directed the sergeants that were under his command to go into the commander's officer to retrieve the OC canisters because he wanted the officers to have OC available to use in the event that there was civil unrest. Ex. 6 at 98:24-99:7, 102:11-23.

15.     Upon issuing the OC canisters at the Fifteenth District police station, Kilroy instructed the sergeants under his command that they were to go out onto the streets where crowds were forming and give orders to disperse. He also stated that if the crowds did not disperse, then the officers were to exit their vehicles and approach the crowd to disperse them, and that if they were unsuccessful in doing so, then he authorized the officers to use their judgment in deploying OC spray. Ex. 3 at 91:9-92:6; Ex. 10; Ex. 22 at 34:10-17.

16.     Stevens instructed the officers under his command to use the OC spray to protect life and property. Ex. 58 at 5.

17.     Green did not authorize any officer to discharge OC spray. Ex. 59 at 3.

18.     There is no evidence that Struke, Little or Kroski authorized any officers to deploy OC spray at Plaintiffs or at any other individuals on November 4 or 5, 2008. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

19.     Little's team consisted of a total of eight officers and they drove around in two police vehicles during their tour. Ex. 8 at 47:12-17; Ex. 9 at 22:12-17.

20.     Following the announcement of President Obama as the winner of the 2008 presidential election, large unruly crowds began to gather in various locations across the Fifteenth District. Ex. 4 at 60:16-61:6; Ex. 8 at 50:15-24;  Ex. 9 at 62:5-14; Ex. 10 at 1; Ex. 11 at 13:17-20; Ex. 12 at 95:5-14; Ex. 35 at 59-16.

21.     The crowds gathered in the streets, interrupted traffic, damaged street signs, street lights and other property and caused a disturbance.  Ex. 3 at 58:2-13; Ex. 8 at 51:21-23; Ex. 10 at 1; Ex. 11 at 10:11-11:6, 92:3-20; Ex. 13 at 29:24-30:23; Ex. 14 at 6:21-7:10; Ex. 15 at 62:2-63:6; Ex. 41 at 56:55-56:21, 57:13-24.

22.     People in the Fifteenth District began firing guns and calls of "shots fired" in the Fifteenth District were reported to the 911 dispatchers.  Ex. 3 at 58:2-13; Ex. 6 at 6:21-7:10, 9:13:-17, 48:7-14; Ex. 8 at 51:1-13 Ex. 10at 1; Ex. 11 at 10:11-11:6, 13:11-16, 91:12-17; Ex. 12 95:5-14; 98:18-99:1; Ex. 15 at 62:2-63:6; Ex. 16 at 55:21-56:2.

23.     Individuals in the crowds threw bottles and other objects at passing vehicles, including police vehicles and at the police officers patrolling in the area. Ex. 3 at 58:2-13; Ex. 6 at 7:5-10; Ex. 11 at 91:3-7; Ex. 12 at 109:11-21; Ex. 15 at 62:2-63:6.

24.     At various locations, Kilroy instructed officers under his command to disperse OC spray at the unruly crowds that were not complying with police orders to disperse.  Ex. 6 at 111:21-113:20, 128:24-129:14, Ex. 10 at 1-2.

25.     Officers from the Cook County Sheriff's Department, the Illinois State Police, NIPAS MFF, were also present and working in the Fifteenth District on election night.  Ex. 3 at 118:12-119:5; Ex. 5;  Ex. 13 at 49:2-50:4; Ex. 17 at 43:10-14, 44:19-45:7; Ex. 18 at 55:21-56:15; Ex. 59 at 2-3.

26.     The Chicago Police Department's mobile strike force team and Chicago Police Officers assigned to other districts and teams were also providing support to Chicago Police Officers assigned to work in the Fifteenth District on election night.  Ex. 3 at 116:11-18; Ex. 17 at 44:13-15; Ex. 19 at 3; Ex. 59 at 2-3.

27.     The Chicago Police Department's mobile strike force team, which consisted of approximately 20 vehicles and NIPAS MFF, which had approximately 40 police vehicles mostly from northern suburban municipalities, drove around in a convoy and responded to various locations in the Fifteenth District. Ex. 13 at 51:5-13, 51:23-52-4; Ex. 17 at 99:16-18, 102:12-103:13; Ex. 19 at 3.

## PATROLLING IN A CARAVAN

28.     At some point after the announcement on November 4, 2008, Stevens and Kilroy were together in a police car patrolling the Fifteenth District.  Ex. 10 at 2; Ex. 6 at 111:2-4; Ex. 13 at 12:8-12.

29.     Stevens and Kilroy were in the police vehicle at or near the intersection of West Washington Boulevard and North Pine Avenue, when a large crowd gathered around their police car blocking the street and their path. Ex. 6 at 118:11-119:5; Ex. 10 at 2; Ex. 13 at 32:20-33:14; Ex. 58 at 2.

30.     Kilroy and Stevens, fearing that their vehicle would be overturned by the crowd, rolled down the windows of the car and dispersed pepper spray out of the windows at the people next to the car. Ex. 6 at 119:21-120:15; Ex. 10 at 2; Ex. 13 at 33:16-34:10.

31.     Consequently, Kilroy instructed the Defendant Officers to meet him at the Chicago Police Department Fifteenth District police station. Ex. 4 at 113:23-114:3; Ex. 6 at 120:23-121:3; Ex. 10 at 2; Ex. 16 at 59:19-60:3.

32.     At the police station, Kilroy ordered the Defendant Officers to follow his police car and travel together in a motorcade or caravan of police vehicles to disperse the forming crowds and for officer safety.  Ex. 3 at 91:9-15; Ex. 4 at 113:11-15; Ex. 8 at 87:11-19; Ex. 10 at 2; Ex. 6 at 121:4-14, Ex. 12 at 117:22-119:9; Ex. 13 at 35:1-6, Ex. 14 at 39:18-24; Ex. 16 at 60:1-24.

33.     The caravan of police vehicles patrolled in the areas between Washington and Laramie up to Chicago, Washington and Pine and around Madison.  Ex. 6 at 123:15-23; Ex. 14 at 15:19-16:10;

### PLAINTIFF GROUP A'S CLAIMS AGAINST THE DEFENDANT OFFICERS

34.     Plaintiff Group A (consisting of the following ten plaintiffs: Shakeeta Castleberry, Michael Lee, Kenifia McNease, Jovanna Liberty, LaQuita Bryant, Jeremy Spencer, Lenneth Suggs, Darrylmy Garner, Sherwin Ott and Tiffany Thomas) brings a claim of excessive force/failure to intervene against all sixteen (16) Defendant Officers and a state law battery claim against the City of Chicago. Ex. 1 at  ¶¶ 43, 132-137, 143-147.

35.     Specifically, Plaintiff Group A contends that on November 4 and 5, 2008, Lt. Kilroy and Lt. Stevens issued large canisters of OC spray to "many of the defendant officers" and that Lt. Kilroy authorized the Defendant Officers to use OC spray to disperse the crowds.  *Id.* at ¶¶ 29-30, 47-49.

36.     Plaintiff Group A further alleges that Lt. Kilroy ordered the Defendant Officers to follow behind him and his patrol car in a caravan for the remainder of the tour.  *Id.* at ¶ 32.

34.     According to Plaintiff Group A, the caravan traveled along West Chicago Avenue, West Madison Street, Pine Avenue and Laramie Avenue and drove along these boundaries at least three times.  *Id.* at ¶¶ 36-42.

35.     Plaintiff Group A alleges that while in the caravan, Defendant Officers discharged OC spray on individuals at the intersection of West Lake Street and North Laramie Avenue and on West Fulton

Street at or near the intersections of North Latrobe Avenue and North Laramie Avenue before the caravan came to a stop at 130 N. Laramie. Plaintiff Group A avers that they were "hit by pepper spray" that was unjustifiably discharged by the Defendant Officers. *Id*. at ¶¶ 54-56, 59-60.

37.    In Plaintiffs' Fifth Amended Complaint, Plaintiff Group A does identify the specific D Defendant Officer(s) that used unreasonable force against them. *Id*. at ¶¶ 27-67, 73-76.

***Shakeeta Castleberry***

38.    On November 4, 2008, Castleberry was sprayed with OC spray on two separate occasions. Ex. 25 at 40:6-7.

39.    The first time Castleberry was sprayed with OC, she was at the intersection of Lake Street and North Laramie Avenue on the sidewalk when an officer discharged OC at her from a moving police vehicle. Ex. 25 at 40:8-14, 41:4-21, 57:22-23; Ex. 26 at ¶ 1.

40.    The second time Castleberry was sprayed with OC, she was at the corner of North Laramie Avenue and West Maypole Avenue, when she saw an officer, who was out of his police vehicle, discharge his OC spray at her. Ex. 25 at 65:18-20, 66:24-67:2, 68:8-10.

41.    Castleberry cannot identify the specific officers that discharged OC spray at her. Ex. 25 at 56:22-24, 95:9-15; 58:4-14; Ex. 26 at ¶ 1.

42.    Castleberry was not warned by any officer that pepper spray was going to be discharged. Ex. 25 at 54:11-13, 67:12-14.

43.    Castleberry went home after being sprayed with OC. Ex. 25 at 69:6-15, 72:12-14.

44.    Castleberry has no evidence that Officer Zinchuck dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing

8

burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

45.     Castleberry has no evidence that Officer Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

46.     Castleberry has no evidence that Officer Duggan dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Id.*

47.     Castleberry has no evidence that Officer Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

48.     Castleberry has no evidence that Officer Wazny dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Id.*

49.     Castleberry has no evidence that Officer Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

50.     Castleberry has no evidence that Officer Kroll dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Id.*

51.     Castleberry has no evidence that Officer Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

52.     Castleberry has no evidence that Officer Lacz dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Id.*

53.     Castleberry has no evidence that Officer Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

45.     Castleberry has no evidence that Officer Wyroba dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Id.*

54.     Castleberry has no evidence that Officer Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

55.     Castleberry has no evidence that Officer Frigo dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Id.*

56.     Castleberry has no evidence that Officer Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

57.     Castleberry has no evidence that Sgt. Little dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Id.*

58.     Castleberry has no evidence that Sgt. Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

59.     Castleberry has no evidence that Sgt. Kroski dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Id.*

60.     Castleberry has no evidence that Sgt. Kroski had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

10

61.     Castleberry has no evidence that Sgt. Struke dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue.  *See Id.*

62.     Castleberry has no evidence that Sgt. Struke had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations.  *See Id.*

63.     Castleberry has no evidence that Lt. Stevens dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue.  *See Id.*

64.     Castleberry has no evidence that Lt. Stevens had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations.  *See Id.*

65.     Castleberry has no evidence that Commander Green dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue.  *See Id.*

66.     Castleberry has no evidence that Commander Green had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations.  *See Id.*

67.     Castleberry has no evidence that Officer Criscione dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue.  *See Id.*

68.     Castleberry has no evidence that Officer Criscione had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations.  *See Id.*

69.     Castleberry has no evidence that Officer Jacobucci dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and

West Maypole Avenue. *See Id.*

70.    Castleberry has no evidence that Officer Jacobucci had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

71.    Castleberry has no evidence that Officer Cristobal dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Id.*

72.    Castleberry has no evidence that Officer Cristobal had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

73.    Castleberry has no evidence that Lt. Kilroy dispersed OC spray at her at the intersection of Lake Street and North Laramie Avenue or at the corner of North Laramie Avenue and West Maypole Avenue. *See Id.*

74.    Castleberry has no evidence that Lt. Kilroy had a reasonable opportunity to intervene to prevent the unreasonable use of force at either of these locations. *See Id.*

***Michael Lee***

75.    On November 4, 2008, after President Obama won the election, Lee was standing at the corner of Lake Street and North Laramie Avenue when he observed eight police vehicles driving southbound on North Laramie Avenue. Ex. 27 at 17:4-10; 23:6-8, 33:21-34:3; Ex. 28 at ¶ 1.

76.    An officer, who was sitting in the rear passenger seat of one of the moving police vehicles, dispersed pepper spray at Lee. Ex. 27 at 40:4-9, 31:4-32:17;  Ex. 28 at ¶ 1.

73.    Lee cannot identify the specific officer that discharged OC spray at him. Ex. 27 at 36:2-39:15; Ex. 28 at ¶ 1.

77.    Lee was not warned by any officer that pepper spray was going to be discharged at him. Ex.

27 at 67:2-4.

78.     After Lee was sprayed with OC, Lee was led into a nearby store where he was given water to flush his eyes and then he went home.  *Id*. at 27:9-28:1.

79.     Lee has no evidence that Officer Zinchuck dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

80.      Lee has no evidence that Officer Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

81.     Lee has no evidence that Officer Duggan dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue.  *See Id.*

82.      Lee has no evidence that Officer Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

83.     Lee has no evidence that Officer Wazny dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue. *See Id.*

84.     Lee has no evidence that Officer Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

85.     Lee has no evidence that Officer Kroll dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue. *See Id.*

86.     Lee has no evidence that Officer Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

87.     Lee has no evidence that Officer Lacz dispersed OC spray at him at the corner of Lake Street

and North Laramie Avenue. *See Id.*

88.     Lee has no evidence that Officer Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

45.     Lee has no evidence that Officer Wyroba dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue. *See Id.*

89.     Lee has no evidence that Officer Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

90.     Lee has no evidence that Officer Frigo dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue.  *See Id.*

91.     Lee has no evidence that Officer Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

92.     Lee has no evidence that Sgt. Little dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue. *See Id.*

93.     Lee has no evidence that Sgt. Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

94.     Lee has no evidence that Sgt. Kroski dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue. *See Id.*

95.     Lee has no evidence that Sgt. Kroski had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

96.     Lee has no evidence that Sgt. Struke dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue. *See Id.*

97.     Lee has no evidence that Sgt. Struke had a reasonable opportunity to intervene to prevent the

14

unreasonable use of force at this location. *See Id.*

98.     Lee has no evidence that Lt. Stevens dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue. *See Id.*

99.     Lee has no evidence that Lt. Stevens had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

100.     Lee has no evidence that Commander Green dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue. *See Id.*

101.     Lee has no evidence that Commander Green had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

102.     Lee has no evidence that Officer Criscione dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue. *See Id.*

103.     Lee has no evidence that Officer Criscione had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

104.     Lee has no evidence that Officer Jacobucci dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue. *See Id.*

105.     Lee has no evidence that Officer Jacobucci had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

106.     Lee has no evidence that Officer Cristobal dispersed OC spray at him at the corner of Lake Street and North Laramie Avenue.  *See Id.*

107.     Lee has no evidence that Officer Cristobal had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

108.     Lee has no evidence that Lt. Kilroy dispersed OC spray at him at the corner of Lake Street

and North Laramie Avenue. *See Id.*

109.    Lee has no evidence that Lt. Kilroy had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

### Kenifa McNease

110.    McNease was standing in front of a liquor store at the corner of Lake Street and North Laramie Avenue when a police car with three officers pulled up near her. Ex. 29 at 21:1-7, 23:17-19, 27:16-19, 28:18-24; Ex. 30 at ¶ 1.

111.    The officer sitting in the passenger seat of this police vehicle rolled down the window, told her to get off the street and then dispersed pepper pray at her. Ex. 29 at 30:13-18, 31:14-23; Ex. 30 at ¶ 1.

112.    The officer did not give McNease any warning that he was about to discharge OC at her. Ex. 29 at 53:23-54:5.

113.    McNease was not able to clearly see the officers inside the police vehicle and cannot identify the officer that dispersed pepper spray at her. Ex. 29 at 30:18-31:13, 46:22-48:2; Ex. 30 at ¶ 1.

114.    After McNease was sprayed, she was went into the liquor store and then she went home. Ex. 29 at 32:18-20, 34:8-19.

115.    McNease has no evidence that Officer Zinchuck dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

116.    McNease has no evidence that Officer Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

117.    McNease has no evidence that Officer Duggan dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

118.    McNease has no evidence that Officer Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

119.    McNease has no evidence that Officer Wazny dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

120.    McNease has no evidence that Officer Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id*

121.    McNease has no evidence that Officer Kroll dispersed OC spray at her at the corner of Lake Streetand North Laramie Avenue. *See Id.*

122.    McNease has no evidence that Officer Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

123.    McNease has no evidence that Officer Lacz dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

124.    McNease has no evidence that Officer Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

45.    McNease has no evidence that Officer Wyroba dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

125.    McNease has no evidence that Officer Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

126.    McNease has no evidence that Officer Frigo dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue.  *See Id.*

127.    McNease has no evidence that Officer Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

128.    McNease has no evidence that Sgt. Little dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

129.    McNease has no evidence that Sgt. Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

130.    McNease has no evidence that Sgt. Kroski dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

131.    McNease has no evidence that Sgt. Kroski had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

132.    McNease has no evidence that Sgt. Struke dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

133.    McNease has no evidence that Sgt. Struke had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

134.    McNease has no evidence that Lt. Stevens dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

135.    McNease has no evidence that Lt. Stevens had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

136.    McNease has no evidence that Commander Green dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

137.    McNease has no evidence that Commander Green had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

138.    McNease has no evidence that Officer Criscione dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

139.    McNease has no evidence that Officer Criscione had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

140.    McNease has no evidence that Officer Jacobucci dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

141.    McNease has no evidence that Officer Jacobucci had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

142.    McNease has no evidence that Officer Cristobal dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

143.    McNease has no evidence that Officer Cristobal had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

144.    McNease has no evidence that Lt. Kilroy dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

145.    McNease has no evidence that Lt. Kilroy had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

***Jovanna Liberty***

146.    Liberty was in front of a store located at Lake Street and North Laramie Avenue when she saw eight police vehicles driving down Lake Street.  Ex. 31 at 65:7-16, 67:21-68:19; Ex. 32 at ¶ 1.

147.     An officer that was sitting in the passenger seat of one of these moving police vehicles dispersed pepper spray at her.  Ex. 31 at 72:11-18, 115:9-11; Ex. 32 at ¶ 1.

148.    Liberty did not receive any warning that she was about to get sprayed with pepper spray.

Ex. 31 at 71:22-24.

149. Liberty is not able to identify the officer that dispersed pepper spray at her. Ex. 31 at 71:17-19; Ex. 32 at ¶ 1.

150. After Liberty was sprayed, she waited for her eyes to clear before she walked home. Ex. 31 at 82:14-83:13, 84:13-24.

151. Liberty has no evidence that Officer Zinchuck dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

152. Liberty has no evidence that Officer Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

153. Liberty has no evidence that Officer Duggan dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

154. Liberty has no evidence that Officer Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

155. Liberty has no evidence that Officer Wazny dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

156. Liberty has no evidence that Officer Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

157. Liberty has no evidence that Officer Kroll dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

158. Liberty has no evidence that Officer Kroll had a reasonable opportunity to intervene to

prevent the unreasonable use of force at this location. *See Id.*

159.    Liberty has no evidence that Officer Lacz dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

160.    Liberty has no evidence that Officer Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

45.    Liberty has no evidence that Officer Wyroba dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

161.    Liberty has no evidence that Officer Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

162.    Liberty has no evidence that Officer Frigo dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

163.    Liberty has no evidence that Officer Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

164.    Liberty has no evidence that Sgt. Little dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

165.    Liberty has no evidence that Sgt. Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

166.    Liberty has no evidence that Sgt. Kroski dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

167.    Liberty has no evidence that Sgt. Kroski had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

168.    Liberty has no evidence that Sgt. Struke dispersed OC spray at her at the corner of Lake

Street and North Laramie Avenue.  *See Id.*

169.     Liberty has no evidence that Sgt. Struke had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

170.     Liberty has no evidence that Lt. Stevens dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue.  *See Id.*

171.     Liberty has no evidence that Lt. Stevens had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

172.     Liberty has no evidence that Commander Green dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

173.     Liberty has no evidence that Commander Green had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

174.     Liberty has no evidence that Officer Criscione dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

175.     Liberty has no evidence that Officer Criscione had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

176.     Liberty has no evidence that Officer Jacobucci dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

177.     Liberty has no evidence that Officer Jacobucci had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

178.     Liberty has no evidence that Officer Cristobal dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

179.     Liberty has no evidence that Officer Cristobal had a reasonable opportunity to intervene

to prevent the unreasonable use of force at this location. *See Id.*

180.    Liberty has no evidence that Lt. Kilroy dispersed OC spray at her at the corner of Lake Street and North Laramie Avenue. *See Id.*

181.    Liberty has no evidence that Lt. Kilroy had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

**LaQuita Bryant**

182.    On November 4, 2008, Bryant was standing on the sidewalk on North Laramie Avenue at Lake Street when she felt OC spray come from a police car that drove past her.  Ex. 33 at 43:21-24, 44:14-16, 46:13-18, 51:17-21; 53:12-15, 56:4-11; Ex. 34 at ¶ 1.

183.    Bryant was not given any warning by any officer that OC was about to be discharged.  Ex. 33 at 61:16-19.

184.    Bryant is not able to identify the officer that dispersed pepper spray because she did not get a look at the officer(s) inside the police car as it drove by her.  Ex. 33 at 72:21-24; Ex. 34 at ¶ 1.

185.    Immediately after Bryant felt the pepper spray, she was assisted into a nearby liquor store where she rinsed her eyes and then she went home.  Ex. 33 at 63:11:64-11, 71:5-7, 73:19-23.

186.    Bryant has no evidence that Officer Zinchuck dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

187.     Bryant has no evidence that Officer Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

188.    Bryant has no evidence that Officer Duggan dispersed OC spray at her when she was on the

sidewalk on North Laramie Avenue at Lake Street. *See Id.*

189.    Bryant has no evidence that Officer Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

190.    Bryant has no evidence that Officer Wazny dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

191.    Bryant has no evidence that Officer Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

192.    Bryant has no evidence that Officer Kroll dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

193.    Bryant has no evidence that Officer Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

194.    Bryant has no evidence that Officer Lacz dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street.  *See Id.*

195.    Bryant has no evidence that Officer Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

45.    Bryant has no evidence that Officer Wyroba dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

196.    Bryant has no evidence that Officer Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

197.    Bryant has no evidence that Officer Frigo dispersed OC spray at her at the when she was on the sidewalk on North Laramie Avenue at Lake Street.  *See Id.*

198.    Bryant has no evidence that Officer Frigo had a reasonable opportunity to intervene to

prevent the unreasonable use of force at this location. *See Id.*

199.    Bryant has no evidence that Sgt. Little dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

200.    Bryant has no evidence that Sgt. Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

201.    Bryant has no evidence that Sgt. Kroski dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

202.    Bryant has no evidence that Sgt. Kroski had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

203.    Bryant has no evidence that Sgt. Struke dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street.  *See Id.*

204.    Bryant has no evidence that Sgt. Struke had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

205.    Bryant has no evidence that Lt. Stevens dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

206.    Bryant has no evidence that Lt. Stevens had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

207.    Bryant has no evidence that Commander Green dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

208.    Bryant has no evidence that Commander Green had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

209.    Bryant has no evidence that Officer Criscione dispersed OC spray at her when she was on

the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

210.    Bryant has no evidence that Officer Criscione had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

211.    Bryant has no evidence that Officer Jacobucci dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

212.    Bryant has no evidence that Officer Jacobucci had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

213.    Bryant has no evidence that Officer Cristobal dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

214.    Bryant has no evidence that Officer Cristobal had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

215.    Bryant has no evidence that Lt. Kilroy dispersed OC spray at her when she was on the sidewalk on North Laramie Avenue at Lake Street. *See Id.*

216.    Bryant has no evidence that Lt. Kilroy had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

***Jeremy Spencer***

217.    On November 4, 2008, Spencer was sprayed with OC on two separate occasions. Ex. 35 at 86:21-22.

218.    On the first occasion, Spencer was standing on the sidewalk at the corner of North Laramie Avenue and West Fulton Street, when he observed eight police cars pulling up.  Ex. 35 at 59:6-9, 61:10-13, 67:21-68:6, 73:5-8; Ex. 36 at ¶ 1.

219.    An officer in the first car told Spencer to "get off the streets" and then stuck his hand out

of the car and dispersed OC spray at Spencer. Ex. 35 at 74:16-22, 76:10-11, 83:1-10, 84:10-13, 85:21-86:1.

220.    Spencer is not able to identify the officer that dispersed OC spray at him. Ex. 35 at 74:11-15, 76:1-4; 77:10-79:2; Ex. 36 at ¶ 1.

221.    The officer did not warn Spencer that he was about to disperse OC spray at him. Ex. 35 at 20:2-6, 76:10-11,79: 3-5, 84:10-13.

222.    After Spencer was sprayed, he ran straight home. *Id.* at 86:4-5, 86:23-87:2, 87:24-88:2, 89:2-4.

223.    On the second occasion, Spencer was at the intersection of North Laramie Avenue and West Maypole Avenue when police vehicles pulled up on West Maypole Avenue and a group of police officers jumped out of their cars. *Id.* at 100:19-101:7, 106:8-11, 107:12-15, 110:16-20, 112:3-6.

224.    Additional police cars arrived and pulled up on North Laramie Avenue. *Id.* at 114:11-16 115:1-3.

225.    An officer from one of these police cars approached Spencer, put a cannister of pepper spray in Spencer's face and sprayed him with it. *Id.* at 115:1-7, 116:13-24.

226.    Spencer did not get a look at this officer and is not able to identify him. Ex. 35. at 111:10-14; Ex. 36 at ¶ 1.

227.    Spencer is familiar with the officers that regularly patrol in his neighborhood, but that night, he did not recognize any of the officers. *Id.* at 99:20-100:10.

228.    After Spencer flushed his eyes with water, he went home. *Id*. at 117:3-18; 118:11-19.

229.    Spencer has no evidence that Officer Zinchuck dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of

North Laramie Avenue and West Maypole Avenue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

230. Spencer has no evidence that Officer Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

231. Spencer has no evidence that Officer Duggan dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

232.  Spencer has no evidence that Officer Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

233. Spencer has no evidence that Officer Wazny dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

234. Spencer has no evidence that Officer Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

235. Spencer has no evidence that Officer Kroll dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

*236.* Spencer has no evidence that Officer Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

237. Spencer has no evidence that Officer Lacz dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North

Laramie Avenue and West Maypole Avenue. *See Id.*

238. Spencer has no evidence that Officer Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

45. Spencer has no evidence that Officer Wyroba dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

239. Spencer has no evidence that Officer Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

240. Spencer has no evidence that Officer Frigo dispersed OC spray at him at the when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

241. Spencer has no evidence that Officer Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

242. Spencer has no evidence that Sgt. Little dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

243. Spencer has no evidence that Sgt. Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

244. Spencer has no evidence that Sgt. Kroski dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

245. Spencer has no evidence that Sgt. Kroski had a reasonable opportunity to intervene to

prevent the unreasonable use of force at these locations. *See Id.*

246.    Spencer has no evidence that Sgt. Struke dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

247.    Spencer has no evidence that Sgt. Struke had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

248.    Spencer has no evidence that Lt. Stevens dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

249.    Spencer has no evidence that Lt. Stevens had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

250.    Spencer has no evidence that Commander Green dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

251.    Spencer has no evidence that Commander Green had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

252.    Spencer has no evidence that Officer Criscione dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

253.    Spencer has no evidence that Officer Criscione had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

254.    Spencer has no evidence that Officer Jacobucci dispersed OC spray at him when he was at

the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

255.    Spencer has no evidence that Officer Jacobucci had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

256.    Spencer has no evidence that Officer Cristobal dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

257.    Spencer has no evidence that Officer Cristobal had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

258.    Spencer has no evidence that Lt. Kilroy dispersed OC spray at him when he was at the corner of North Laramie Avenue and West Fulton Street or when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

259.    Spencer has no evidence that Lt. Kilroy had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

### Lenneth Suggs

260.    Suggs was at North Laramie Avenue and West Fulton Street when an officer grabbed him from behind and discharged OC spray at him without warning. Ex. 37 at ¶ 1; Ex. 57 at 1-2.

261.    Suggs was not able to clearly see the officers, but saw officers of "various races, sizes and shapes." Ex. 37 at ¶ 1

262.    Suggs does not know the name of the officer that dispersed OC spray at him. Ex. 37 at ¶ 1; Ex.. 57 at 1-2.

263.    After Suggs was sprayed with OC, some people helped him into a nearby liquor store and

gave him water to flush his eyes.  Ex. 44 at 66:4-7; Ex. 57 at 1-2.

264.    Suggs has no evidence that Officer Zinchuck dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

265.     Suggs has no evidence that Officer Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

266.    Suggs has no evidence that Officer Duggan dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street.  *See Id.*

267.     Suggs has no evidence that Officer Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

268.    Suggs has no evidence that Officer Wazny dispersed OC spray at him when he was  at North Laramie Avenue and West Fulton Street  *See Id.*

269.    Suggs has no evidence that Officer Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

270.    Suggs has no evidence that Officer Kroll dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street   *See Id.*

271.    Suggs has no evidence that Officer Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

272.    Suggs has no evidence that Officer Lacz dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street.  *See Id.*

273.    Suggs has no evidence that Officer Lacz had a reasonable opportunity to intervene to prevent

the unreasonable use of force at this location. *See Id.*

45.     Suggs has no evidence that Officer Wyroba dispersed OC spray at him when was  at  North Laramie Avenue and West Fulton Street.  *See Id.*

274.     Suggs has no evidence that Officer Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

275.     Suggs has no evidence that Officer Frigo dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street. *See Id.*

276.     Suggs has no evidence that Officer Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

277.     Suggs has no evidence that Sgt. Little dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street.  *See Id.*

278.     Suggs has no evidence that Sgt. Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

279.     Suggs has no evidence that Sgt. Kroski dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street.  *See Id.*

280.     Suggs has no evidence that Sgt. Kroski had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

281.     Suggs has no evidence that Sgt. Struke dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street. *See Id.*

282.     Suggs has no evidence that Sgt. Struke had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

283.     Suggs has no evidence that Lt. Stevens dispersed OC spray at him when he was at North

Laramie Avenue and West Fulton Street. *See Id.*

284.    Suggs has no evidence that Lt. Stevens had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

285.    Suggs has no evidence that Commander Green dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street. *See Id.*

286.    Suggs has no evidence that Commander Green had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

287.    Suggs has no evidence that Officer Criscione dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street. *See Id.*

288.    Suggs has no evidence that Officer Criscione had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

289.    Suggs has no evidence that Officer Jacobucci dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street. *See Id.*

290.    Suggs has no evidence that Officer Jacobucci had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

291.    Suggs has no evidence that Officer Cristobal dispersed OC spray at him at when he was at North Laramie Avenue and West Fulton Street. *See Id.*

292.    Suggs has no evidence that Officer Cristobal had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

293.    Suggs has no evidence that Lt. Kilroy dispersed OC spray at him at when he was at North Laramie Avenue and West Fulton Street. *See Id.*

294.    Suggs has no evidence that Lt. Kilroy had a reasonable opportunity to intervene to prevent

the unreasonable use of force at this location. *See Id.*

295.    Suggs also brings a § 1983 claim of excessive force against Officer Kroll alleging that on November 4, 2008, Officer Kroll struck him with a baton in violation of the Fourth Amendment and that, as a result, he was injured. Ex. 1 at ¶¶ 68, 71, 138-142.

296.    Suggs has no evidence that Officer Kroll was the officer that allegedly struck him with a baton. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

***Darrylmy Garner***

297.    Garner was standing on the curb at approximately 160 N. Laramie Avenue when a police vehicle stopped four feet away from him and an officer sitting in the passenger seat of the car dispersed pepper spray at him without giving him any warning. Ex. 2 at 15:22-24, 55:21-56:23, 58:15-17, 59:6-14, 187:16-18.

298.    Garner is not able to identify the officer that dispersed pepper spray at him because he was was not able to see the officer's face. Ex.2 at 53:21-23, 55:10-12, 57:8-20; Ex. 38 at ¶ 1.

299.    After Garner was sprayed, he ran to his friend's house. Ex. 2 at 17:6-10, 18:1-5

300.    Garner has no evidence that Officer Zinchuck dispersed OC spray at him when he was at 160 North Laramie Avenue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

301.    Garner has no evidence that Officer Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

302.    Garner has no evidence that Officer Duggan dispersed OC spray at him when he was at 160

35

North Laramie Avenue. *See Id.*

303.   Garner has no evidence that Officer Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

304.   Garner has no evidence that Officer Wazny dispersed OC spray at him when he was  at 160 North Laramie Avenue.  *See Id.*

305.   Garner has no evidence that Officer Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

306.   Garner has no evidence that Officer Kroll dispersed OC spray at him when he was at North Laramie Avenue and West Fulton Street.  *See Id.*

307.   Garner has no evidence that Officer Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

308.   Garner has no evidence that Officer Lacz dispersed OC spray at him when he was at 160 North Laramie Avenue.  *See Id.*

309.   Garner has no evidence that Officer Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

45.   Garner has no evidence that Officer Wyroba dispersed OC spray at him when was at 160 North Laramie Avenue.  *See Id.*

310.   Garner has no evidence that Officer Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

311.   Garner has no evidence that Officer Frigo dispersed OC spray at him when he was at 160 North Laramie Avenue.  *See Id.*

312.   Garner has no evidence that Officer Frigo had a reasonable opportunity to intervene to

prevent the unreasonable use of force at this location. *See Id.*

313. Garner has no evidence that Sgt. Little dispersed OC spray at him when he was at 160 North Laramie Avenue. *See Id.*

314. Garner has no evidence that Sgt. Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

315. Garner has no evidence that Sgt. Kroski dispersed OC spray at him when he was at 160 North Laramie Avenue. *See Id.*

316. Garner has no evidence that Sgt. Kroski had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

317. Garner has no evidence that Sgt. Struke dispersed OC spray at him when he was at 160 North Laramie Avenue. *See Id.*

318. Garner has no evidence that Sgt. Struke had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

319. Garner has no evidence that Lt. Stevens dispersed OC spray at him when he was at 160 North Laramie Avenue. *See Id.*

320. Garner has no evidence that Lt. Stevens had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

321. Garner has no evidence that Commander Green dispersed OC spray at him when he was at 160 North Laramie Avenue. *See Id.*

322. Garner has no evidence that Commander Green had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

323. Garner has no evidence that Officer Criscione dispersed OC spray at him when he was at 160

37

North Laramie Avenue. *See Id.*

324.    Garner has no evidence that Officer Criscione had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

325.    Garner has no evidence that Officer Jacobucci dispersed OC spray at him when he was at 160 North Laramie Avenue.   *See Id.*

326.    Garner has no evidence that Officer Jacobucci had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

327.    Garner has no evidence that Officer Cristobal dispersed OC spray at him when he was at 160 North Laramie Avenue. *See Id.*

328.    Garner has no evidence that Officer Cristobal had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

329.    Garner has no evidence that Lt. Kilroy dispersed OC spray at him at when he was at 160 North Laramie Avenue.  *See Id.*

330.    Garner has no evidence that Lt. Kilroy had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

*Sherwin Ott*

331.    Ott was at the intersection of North Laramie Avenue and West Maypole Avenue, when he saw four police vehicles pulling over.  Ex. 39 at 19:8-20, 20:12-15, 55:9-56:9.

332.    An officer that was seated in the passenger seat of the first police vehicle dispersed pepper spray at Ott.  Ex. 39 at 20:2-24, 21:21-23, 45:20-24, 46:16-18, 76:9-17; Ex. 40 at ¶ 1.

333.    The officer did not warn Ott that he was about to disperse OC at him.  Ex. 39 at 28:9-15.

334.    Ott was not able to see the officer's face and is not able to identify the officer that dispersed

pepper spray at him.  Ex. 39 at 22:14-23:6, 76:18-21; Ex. 40 at ¶ 1.

335.    Ott has no knowledge whether any of the Defendant Officers is the officer that dispersed pepper spray at him.  Ex. 39 at 51:13-16; Ex. 40 at ¶ 1.

336.    Ott has no evidence that Officer Zinchuck dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

337.    Ott has no evidence that Officer Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

338.    Ott has no evidence that Officer Duggan dispersed OC spray at him when he was at  the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

339.    Ott has no evidence that Officer Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

340.    Ott has no evidence that Officer Wazny dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue.   *See Id.*

341.    Ott has no evidence that Officer Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

342.    Ott has no evidence that Officer Kroll dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue North.   *See Id.*

343.    Ott has no evidence that Officer Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

344.    Ott has no evidence that Officer Lacz dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue.   *See Id.*

345.    Ott has no evidence that Officer Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

45.    Ott has no evidence that Officer Wyroba dispersed OC spray at him when was at the intersection of North Laramie Avenue and West Maypole Avenue.  *See Id.*

346.    Ott has no evidence that Officer Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

347.    Ott has no evidence that Officer Frigo dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue.  *See Id.*

348.    Ott has no evidence that Officer Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

349.    Ott has no evidence that Sgt. Little dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue.  *See Id.*

350.    Ott has no evidence that Sgt. Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

351.    Ott has no evidence that Sgt. Kroski dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue.  *See Id.*

352.    Ott has no evidence that Sgt. Kroski had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

353.    Ott has no evidence that Sgt. Struke dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue.   *See Id.*

354.   Ott has no evidence that Sgt. Struke had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

355.   Ott has no evidence that Lt. Stevens dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue.   *See Id.*

356.   Ott has no evidence that Lt. Stevens had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

357.   Ott has no evidence that Commander Green dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue. *See Id.*

358.   Ott has no evidence that Commander Green had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

359.   Ott has no evidence that Officer Criscione dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue.   *See Id.*

360.   Ott has no evidence that Officer Criscione had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

361.   Ott has no evidence that Officer Jacobucci dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue .   *See Id.*

362.   Ott has no evidence that Officer Jacobucci had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

363.   Ott has no evidence that Officer Cristobal dispersed OC spray at him when he was at the intersection of North Laramie Avenue and West Maypole Avenue *See Id.*

364.   Ott has no evidence that Officer Cristobal had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.   *See Id.*

365.     Ott has no evidence that Lt. Kilroy dispersed OC spray at him at when he was at the intersection of North Laramie Avenue and West Maypole Avenue.  *See Id.*

366.     Ott has no evidence that Lt. Kilroy had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

### *Tiffany Thomas*

367.     Thomas was standing on the curb at North Laramie Avenue close to West Maypole Avenue when a police vehicle stopped directly in front of her and the officer in the driver's seat dispersed pepper spray at her face. Ex. 41 at 34:18-21; 35:18-36:21,58:4-9, 62:16-20; Ex. 43.

368.     The officer did not give any warnings to Thomas before dispersing pepper spray at her.  Ex. 41 at 34:22-24, 35:1-3.

369.     Thomas did not get a good look at the officer that dispersed pepper spray at her and is not able to identify the officer.  Ex. 41 at 32:14-20, 42:24-43:5; Ex. 42 at ¶ 1; Ex. 43.

370.     After Thomas was sprayed with pepper spray, she got into her friend's car and her friend drove her to her grandmother's house so she could rinse her eyes.  Ex. 41 at 39:16-20.

371.     Thomas has no evidence that Officer Zinchuck dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

372.     Thomas has no evidence that Officer Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

373.     Thomas has no evidence that Officer Duggan dispersed OC spray at her when she was on the the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

374.    Thomas has no evidence that Officer Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

375.    Thomas has no evidence that Officer Wazny dispersed OC spray at her when she was on the the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

376.    Thomas has no evidence that Officer Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

377.    Thomas has no evidence that Officer Kroll dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

378.    Thomas has no evidence that Officer Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

379.    Thomas has no evidence that Officer Lacz dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue.  *See Id.*

380.    Thomas has no evidence that Officer Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

381.    Thomas has no evidence that Officer Wyroba dispersed OC spray at her when she was on the the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

382.    Thomas has no evidence that Officer Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

383.    Thomas has no evidence that Officer Frigo dispersed OC spray at her at the when she was on the curb at North Laramie Avenue close to West Maypole Avenue.  *See Id.*

384.    Thomas has no evidence that Officer Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

385.    Thomas has no evidence that Sgt. Little dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

386.    Thomas has no evidence that Sgt. Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

387.    Thomas has no evidence that Sgt. Kroski dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

388.    Thomas has no evidence that Sgt. Kroski had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

389.    Thomas has no evidence that Sgt. Struke dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue.  *See Id.*

390.    Thomas has no evidence that Sgt. Struke had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

391.    Thomas has no evidence that Lt. Stevens dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

392.    Thomas has no evidence that Lt. Stevens had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

393.    Thomas has no evidence that Commander Green dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

394.    Thomas has no evidence that Commander Green had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

395.    Thomas has no evidence that Officer Criscione dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue sidewalk. *See Id.*

396.    Thomas has no evidence that Officer Criscione had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

397.    Thomas has no evidence that Officer Jacobucci dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

398.    Thomas has no evidence that Officer Jacobucci had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

399.    Thomas has no evidence that Officer Cristobal dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

400.    Thomas has no evidence that Officer Cristobal had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location.  *See Id.*

401.    Thomas has no evidence that Lt. Kilroy dispersed OC spray at her when she was on the curb at North Laramie Avenue close to West Maypole Avenue. *See Id.*

402.    Thomas has no evidence that Lt. Kilroy had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

403.    None of the Defendant Officers dispersed any pepper spray from their police vehicle while they were patrolling together in the caravan.  Ex. 3 at 31:10-14, 37:1-6; Ex. 4 at 92:13-17, Ex. 6 at 122:3-11, 126:6-9, 127:13-23, 133:21-24; Ex. 8 at 61:6-12, 63:15-18; Ex. 9 at 72:6-9; Ex. 11 at 51:18-20, 66:10-12, 67:22-68:2; Ex. 12 at 106:9-18; Ex. 13 at 62:14-16; Ex. 14 at 40:18-22, 40:18-22; Ex.15 at 8:5-7; Ex. 16 at 67:8-68:3, 74:1-15; Ex. 20 at 107:6-15; Ex. 21 at 69:13-71:15; Ex. 22 at 27:1-5, 40:10-42:5, 48:9-12, 49:4-8, 51:10-14, 61:6-20; Ex. 23 at 81:16-18; Ex. 24 at 16:11-24.

## INCIDENT AT 167 N. LATROBE

404.    At some point when the Defendant Officers were in a caravan of police vehicles, there was

a radio call from dispatch requesting that officers respond to the looting of a store in the area of Maypole and Laramie Avenues.  Ex. 3 at 74:13-20;  Ex. 4 at 110:5-10, 132:20-133:9; Ex. 8 at 91:19-92:3; Ex. 11 at 84:13-19; 85:8-11; Ex.12 at 120:8-1; Ex. 15 at 60:15-21; Ex. 24 at 18:16-23.

405.    When the caravan of police cars was en route to the looting call, a crowd that had formed in the area of Maypole and Laramie began throwing bottles, stones and bricks at the police vehicles.  Ex. 3 at 74:21-75:1, 77:23-78:5, 85:15-86:17; Ex. 6 at 126:20-127:10; Ex. 10 at 2; Ex. 2 at 144:15-19, 145:23-146:6; Ex.18 at 69:12-20.

406.    At this location, three individuals, Richard Cole, Michael Rivers and Marvin Wideman (hereinafter "Cole," "Rivers," and "Wideman"), threw bottles at the vehicles in the police convoy.  Ex. 4 at 93:9-14, 97:8-13; Ex. 9 at 23:8-20, 33:9-12; Ex. 11 at 17:13-19; Ex. 12 at 121:9-20; Ex. 16 at 66:7-20; Ex.23 at 37:10-18, 42:13-20, 50:11-51:2.

407.    One of the bottles struck the lead police vehicle in the convoy causing a dent in the vehicle and one of them struck the  police vehicle containing some members of Little's team.  Ex. 8 at 92:11-22, 92:23-93:14; Ex.11 at 19:24-20:3, 21:18-23 23:18-22; Ex. 12 at 122:4-13; Ex. 14 at 23:4-13, 46:21-47:15; Ex. 23 at 38:12-20, 40:11-22, 51:16-20; Ex. 24 at 19:18-21.

408.    Green ordered the officers to arrest the individuals that threw objects at the police vehicles.  Ex. 3 at 76:10-20.

409.    Kilroy instructed the officers to disperse their OC spray at the unruly and violent crowd.  Ex. 6 at 128:24-129:14, 131:8-17; Ex. 10 at 2.

410.    Little's team stopped and exited their police vehicles at this location, and when they did Cole, Rivers and Wideman began to run away from the officers.  Ex. 3 at 75:2-4; Ex. 12 at 121:21-24; Ex. 11 at 24:4-7, 25:8-19.

411.    Members of Little's team announced their office and ordered Coles, Rivers and Wideman to stop. Ex. 12 at 123:21-124:4.

412.    Little's team began to chase Cole, Rivers and Wideman and followed them through the vacant lot into an alley behind the backyard of 167 N. Latrobe Avenue. Ex. 8 at 94:15-16; Ex. 11 at 26:10-27:6, 64:11-13; Ex. 12 at 121:21-24, 125:11-21; Ex. 23 at 32:19-33:2, 44:24-45:11; Ex. 44 at 146:19-24.

413.    Cole, Rivers and Wideman ran into the backyard of 167 N. Latrobe Avenue. Ex. 12 at 125:22-126:12; Ex. 23 at 49:12-23.

414.    Little's team attempted to follow the three offenders into the backyard. Ex. 12 at 126:16-19.

415.    Around the same time, additional officers arrived began to arrive the area of Maypole and Laramie Avenues to provide assistance. Ex. 3 at 86:12-17, 87:10-12; Ex. 9 at 37:2138:1; Ex. 35 at 114:11-19.

416.    When members of Little's team attempted to follow the three offenders into the backyard, the officers ordered Armstrong, who was standing by the backyard gate that faces the alley, and others in the yard, to move back and to get on the ground. Ex. 12 at 127:16-24; Ex.18 at 75:19-76:13, 89:18-90:12, 90:23-91:3; Ex. 44 at 146:22-24, 149:7-12; Ex. 45 at 45:5-7, 53:1-4, 56:6-8, 72:22-24.

417.    Armstrong refused to comply to the officers' commands and told them they could not enter the yard.  Ex. 18 at 75:19-76:13, 89:18-90:12, 137:7-9; Ex. 45 at 53:22-54:4.

418.    McKnight did not immediately comply with the officers' commands; instead, he took out his cell phone and attempt to record the incident. Ex. 44 at 150:22-151:2.

419.    Kroll discharged pepper spray at Armstrong and only then did Armstrong get on the ground.

47

Ex. 18 at 90:13-16; Ex. 23 at 60:13-19; Ex. 45 at 56:9-11, 58:4-6.

420.    Some members of Little's team entered the backyard at 167 N. Latrobe and continued to pursue the three offenders. Ex. 18 at 90:7-19.

421.    Zinchuck discharged pepper spray at McKnight.  Ex. 12 at 130:5-6, 132:1-5.

422.    Around this time, other officers, other than the officers in Little's team, entered the backyard at 167 N. Latrobe. Ex. 3 at 87:10-88:6; Ex. 11 at 32:9-18.

423.    Wyroba managed to apprehend Wideman and in the course of affecting his arrest, Wyroba discharged his OC spray at Wideman.  Ex. 4 at 93:3-8.

424.    Duggan assisted Wyroba in placing Wideman under arrest.  Ex. 4 at 102:11-17.

425.    Wazny used pepper spray to affect the arrest of Cole.  Ex. 9 at 12:1-20.

426.    Lacz used pepper spray to affect the arrest of Rivers.  Ex. 11 at 33:9-35:24, 47:3-12, 66:10-12.

427.    Subsequently, Little's team arrested McKnight, Armstrong, Cole, Wideman and Rivers.  Ex. 1 at ¶¶ 91, 93; Ex. 4 at 135:1-5; Ex. 11 at 13:4-10; Ex. 23 at 32:9-18.

428.    Little's team went to the Chicago Police Department Fifteenth District Police station to process the five individuals they arrested and remained at the station until the end of their shift. Ex. 4 at 111:5-12, 137:15-19; Ex. 11 at15:17-21.

429.    Prior to ending their shift, Little's team completed Tactical Response Reports (hereinafter TRR) documenting their  use of force during the arrest of McKnight Armstrong, Cole, Wideman and Rivers.  Ex. 3 at 56:2-4; Ex. 4 at 146:8-10; Ex. 11 at 54:22-55:1.

430.    Officers Green, Friggo and Duggan did not disperse any pepper spray on November 4 or 4, 2008.  Ex. 14 at 30:1-9; Ex. 8 at 13:8-10; Ex. 24 at 16:8-13.

## PLAINTIFF GROUP B'S CLAIMS AGAINST STG. LITTLE'S TEAM AND THE CITY OF CHICAGO

431.    Plaintiff Group B (consisting of the following six Plaintiffs: Ball, Williams, McKnight, Armstrong, Cobbs and Larrenzo Fulton) claims that Little's team used excessive force and/or failed to intervene to prevent the unreasonable use of force and also bring a state law claim for battery against the City.  Ex. 1 at ¶¶ 148-158.

432.    Plaintiff Group B alleges Little's team encountered and discharged pepper spray at Cobbs and Fulton next to or near 157 N. Latrobe and that a member(s) of Little's team slammed Larrenzo Fulton to the ground and proceeded to kick him. *Id.* at ¶¶ 81-83.

433.    Plaintiff Group B alleges Little's team encountered Ball, Williams, McKnight, Armstrong and Cobbs in the backyard of 167 N. Latrobe.  *Id.* at ¶ 89.

434.    Plaintiff Group B claims that members of Little's team dispersed pepper spray at Ball and Cobbs and threw Ball, Williams and Cobbs to the ground.  *Id.* at ¶¶ 94-95.

### Rosalind Ball

435.    Ball was in the backyard at 167 North Latrobe Avenue when a female officer told her to "get down" and she refused to comply. Ex. 18 at 95:20-23, 108:2-11.

436.    The officer did not say anything else to Ball before dispersing pepperspray at her and pushing her to the ground.  *Id*. at 95:20-23, 112:7-113:1.

437.    The officer told her "get down," but Ball refused to comply.  *Id.*  at 95:20-23, 108:2-11.

438.    Ball is not able to identify the officer that used unreasonable force against her.  Ex. 18 at 109:9-111:16; Ex. 46 at ¶ 1.

439.    Ball has no evidence that Zinchuck used unreasonable force against her at 167 North Latrobe. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely

upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

440.    Ball has no evidence that Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

441.    Ball has no evidence that Duggan used unreasonable force against her at 167 North Latrobe. *See Id.*

442.    Ball has no evidence that Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

443.    Ball has no evidence that Wazny used unreasonable force against her on at 167 North Latrobe. *See Id.*

444.    Ball has no evidence that Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

445.    Ball has no evidence that Kroll used unreasonable force against her on at 167 North Latrobe. *See Id.*

446.    Ball has no evidence that Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

447.    Ball has no evidence that Lacz used unreasonable force against her at 167 North Latrobe. *See Id.*

448.    Ball has no evidence that Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

449.    Ball has no evidence that Wyroba used unreasonable force against her at 167 North Latrobe. *See Id.*

450.    Ball has no evidence that Wyroba had a reasonable opportunity to intervene to prevent the

unreasonable use of force at this location. *See Id.*

451.    Ball has no evidence that Frigo used unreasonable force against her at 167 North Latrobe. *See Id.*

452.    Ball has no evidence that Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

453.    Ball has no evidence that Little used unreasonable force against her at 167 North Latrobe. *See Id.*

454.    Ball has no evidence that Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

455.    Ball has no evidence that any Chicago Police Officer had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

### *Latina Williams*

456.    Williams was in the backyard at 167 North Latrobe Avenue when an officer grabbed and twisted her arm behind her back, took her phone, forced her to the ground, put his knee in her back and placed plastic restraints around her wrists. Ex. 47 at 44:10-18, 65:17-19.

457.    The officer did not say anything to Williams.  Ex. 47 at 62:1-12.

458.    Williams is not able to identify the officer that used unreasonable force against her.  Ex. 47 at  45:16-17; Ex. 48 at ¶ 1.

459.    Williams has no evidence that Zinchuck used unreasonable force against her at 167 North Latrobe. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

460.    Williams has no evidence that Zinchuck had a reasonable opportunity to intervene to prevent

the unreasonable use of force at this location. *See Id.*

461. Williams has no evidence that Duggan used unreasonable force against her at 167 North Latrobe. *See Id.*

462. Williams has no evidence that Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

463. Williams has no evidence that Wazny used unreasonable force against her at 167 North Latrobe. *See Id.*

464. Williams has no evidence that Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

465. Williams has no evidence that Kroll used unreasonable force against her at 167 North Latrobe. *See Id.*

466. Williams has no evidence that Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

467. Williams has no evidence that Lacz used unreasonable force against her at 167 North Latrobe. *See Id.*

468. Williams has no evidence that Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

469. Williams has no evidence that Wyroba used unreasonable force against her at 167 North Latrobe. *See Id.*

470. Williams has no evidence that Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

471. Williams has no evidence that Frigo used unreasonable force against her at 167 North

Latrobe. *See Id.*

472.    Williams has no evidence that Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

473.    Williams has no evidence that Little used unreasonable force against her at 167 North Latrobe. *See Id.*

474.    Williams has no evidence that Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

475.    Williams has no evidence that any Chicago Police Officer had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

**Christopher Cobbs**

476.    Cobbs was at 157 North Latrobe Avenue when an officer approached him and dispersed pepper spray at him without giving him any warning.  Ex. 49 at 88:20-22, 89:4-16, 92:19-93:18.

477.    Cobbs is not able to identify the officer that dispersed pepper spray at him when he was at 157 North Latrobe Avenue.  Ex. 49 at 91:22-23; 206:9-14; Ex. 50 at ¶ 1.

478.    Cobbs was at the side of the house at 167 North Latrobe Avenue when an officer dispersed pepper spray at him.  Ex. 49 at 156:13-14, 157:2-15, 158:7-9.

479.    Cobbs is not able to identify the officer that dispersed pepper spray at him when he was at 167 North Latrobe Avenue.  Ex. 49 at 119:10-21, 121:6-8, 206:9-14; Ex. 50 at ¶ 1.

480.    Cobbs has no evidence that Zinchuck used unreasonable force against him at 157 North Latrobe Avenue or 167 North Latrobe Avenue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

481.    Cobbs has no evidence that Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

482.    Cobbs has no evidence that Duggan used unreasonable force against him at 157 North Latrobe Avenue or 167 North Latrobe Avenue. *See Id.*

483.    Cobbs has no evidence that Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

484.    Cobbs has no evidence that Wazny used unreasonable force against him at 157 North Latrobe Avenue or 167 North Latrobe Avenue. *See Id.*

485.    Cobbs has no evidence that Wazny had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

486.    Cobbs has no evidence that Kroll used unreasonable force against him at 157 North Latrobe Avenue or 167 North Latrobe Avenue. *See Id.*

487.    Cobbs has no evidence that Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

488.    Cobbs has no evidence that Lacz used unreasonable force against him at 157 North Latrobe Avenue or 167 North Latrobe Avenue. *See Id.*

489.    Cobbs has no evidence that Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

490.    Cobbs has no evidence that Wyroba used unreasonable force against him at 157 North Latrobe Avenue or 167 North Latrobe Avenue. *See Id.*

491.    Cobbs has no evidence that Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

492.    Cobbs has no evidence that Frigo used unreasonable force against him at 157 North Latrobe Avenue or 167 North Latrobe Avenue. *See Id.*

493.    Cobbs has no evidence that Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

494.    Cobbs has no evidence that Little used unreasonable force against him at 157 North Latrobe Avenue or 167 North Latrobe Avenue. *See Id.*

495.    Cobbs has no evidence that Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at these locations. *See Id.*

496.    Cobbs has no evidence that any Chicago Police Officer had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

### *Larrenzo Fulton*

497.    Larrenzo Fulton was in 157 North Latrobe Avenue when more than three officers entered the backyard at 157 N. Latrobe and they ordered everyone in the yard to "get down." Ex. 51 at 19:10-15, 23:13-22, 25:23-26:6, 29:1-15.

498.    The officers dispersed OC at him and others in the yard and one officer slammed him to the ground and kicked  him.  *Id.* at 29:1-15.

499.    The officers did not say anything else besides "get down" before dispersing OC spray.  *Id.* at 30:2-4.

500.    Some additional offices entered the backyard and also began to disperse OC spray at him while he was on the ground.  *Id.* at 31:8-18.

501.    Larrenzo Fulton is not able to identify any of the officers that dispersed OC spray at him or used any unreasonable force against him.  Ex. 51 at 31:19-21; Ex. 52 at ¶ 1.

502.    Larrenzo Fulton has no evidence that Zinchuck used unreasonable force against him at 157 North Latrobe Avenue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

503.    Larrenzo Fulton has no evidence that Zinchuck had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

504.    Larrenzo Fulton has no evidence that Duggan used unreasonable force against him at 157 North Latrobe Avenue. *See Id.*

505.    Larrnzo Fulton has no evidence that Duggan had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

506.    Larrenzo Fulton has no evidence that Wazny used unreasonable force against him at 157 North  Latrobe Avenue. *See Id.*

507.    Larrenz Fulton has no evidence that Wazny had a reasonable opportunity to intervene to prevent the  unreasonable use of force at this location. *See Id.*

508.    Larrenzo Fulton has no evidence that Kroll used unreasonable force against him at 157 North Latrobe Avenue. *See Id.*

509.    Larrenzo Fulton has no evidence that Kroll had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

510.    Larrenzo Fulton has no evidence that Lacz used unreasonable force against him at 157 North Latrobe Avenue. *See Id.*

511.    Larrenzo Fulton has no evidence that Lacz had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

512.    Larrenzo Fulton has no evidence that Wyroba used unreasonable force against him at 157 North Latrobe Avenue. *See Id.*

513.    Larrenzo Fulton has no evidence that Wyroba had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

514.    Larrenzo Fulton has no evidence that Frigo used unreasonable force against him at 157 North Latrobe Avenue. *See Id.*

515.    Larrenzo Fulton has no evidence that Frigo had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

516.    Larrenzo Fulton has no evidence that Little used unreasonable force against him at 157 North Latrobe Avenue. *See Id.*

517.    Larrenzo Fulton has no evidence that Little had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

518.    Larrenzo Fulton has no evidence that any Chicago Police Officer had a reasonable opportunity to intervene to prevent the unreasonable use of force at this location. *See Id.*

## WILLIAMS, MCKNIGHT AND ARMSTRONG - FALSE ARREST/FAILURE TO INTERVENE CLAIM AND STATE LAW FALSE IMPRISONMENT CLAIM

519.    Williams, McKnight and Armstrong bring a § 1983 claim for false arrest/failure to intervene against Little's team and a state law false imprisonment claim against the City.  Ex. 1 at ¶¶ 159-166

520.    On November 4, 2008, Little's team arrested McKnight and Armstrong for obstructing an officer.  *Id.* at ¶¶ 91, 93.

521.    Subsequently, McKnight and Armstrong were transported to the Chicago Police Department Fifteenth District Police Station.  Ex. 12 at 136:24-137:4,138:14-17; Ex. 44 at 162:2-163:1; Ex. 45 at 62:20-63:3.

522.     Williams claims that on November 4, 2008, Little's team arrested her, placed her in a Chicago Police vehicle and transported her a police station.  Ex. 1 at ¶¶ 97-99.

523.     On November 4 or 5, 2008, Williams was not charged with a crime by any Chicago Police Officer.  *Id.* at ¶ 100.

524.     Williams has no evidence that she detained, arrested or take into custody by Little's team or any other Defendant Officer.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

525.     Williams is not able to identify the officer(s) that arrested or transported her to a police station on November 4, 2008.  Ex. 1 at ¶¶ 98-99; Ex. 47 at  44:10-18, 45:16-17, 65:17-19, 72:17-22, 74:4-75:13; Ex. 48 ¶ 1.

526.     There are no Chicago Police Department records that establish that Williams was taken into custody by Chicago Police Officers on November 4 or 5, 2008.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking summary judgment; party not required to produce evidence negating element of opposing party's claims).

### THE ARREST AND PROSECUTION OF MCKNIGHT AND ARMSTRONG

527.     After Armstrong and McKnight were transported to the Chicago Police Department Fifteenth District Police Station they remained in police custody for the remainder until they were taken to branch court on November 5, 2008.  Ex. 44 at 47:9-14, 181:6-17, 184:24-185:3; Ex. 45 at 62:20-24.

528.     On November 5, 2008, Armstrong and McKnight appeared at the Circuit Court of Cook County before the Honorable Judge William H. Hooks.   Ex. 44 at 185:4-5, 185:23-186:24; Ex. 45 at 63:1-15; Ex. 53 at 1-2; Ex 54 at 1-2.

529.     When Armstrong and McKnight appeared in court, the Cook County Assistant State's

Attorney informed the judge that McKnight did not have a criminal history and commented that the

State would not be able to meet its burden; and subsequently the Cook County Assistant State's

Attorney moved to strike the charges against Armstrong and McKnight with leave to reinstate (a

disposition often abbreviated as "SOL").  Ex. 44 at 186:16-22; Ex. 53 at 1-2; Ex 54 at 1-2.

530.     The court granted the motions and the charges against Armstrong and McKnight were

dismissed . Ex. 44 at 186:16-22; Ex. 45 at 63:1-15; Ex. 53 at 1-2; Ex 54 at 1-2.

531.     Following the court appearance on November 5, 2008, Armstrong and McKnight were

released from police custody.  Ex. 44 at 187:14-15; Ex. 45 at 63:1-15.

## YOLANDA FULTON'S STATE LAW BATTERY CLAIM

532.     Yolanda Fulton brings a state law claim for battery against the City alleging that on

November 4, 2008, at or near 152 North Latrobe Avenue,  Chicago Police Officers discharged

pepper spray at her and pushed her against a railing.  Ex. 1 at ¶¶ 113-119, 154-158; Ex.56 at ¶ 1.

533.     Yolanda Fulton is not able to identify the officers that dispersed OC spray at her and pushed

her. Ex. 55 at 49:7-22; 46:2-15, 56:3-22; Ex.56 at ¶ 1.

534.     The officers that used force against Yolanda Fulton were not from the Fifteenth District and

she had never seen these officers before.  Ex.55 at 56:9-13.

535.     Yolanda Fulton has no evidence that any Chicago Police Officer battered her in violation of

Illinois law on November 4, 2008.  Ex 55 at 46:2-15, 56:3-22; *See Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986)(party not bearing burden of proof may rely upon absence of evidence in seeking

summary judgment; party not required to produce evidence negating element of opposing party's

claims).

## PLAINTIFFS' STATE LAW CLAIM FOR SPOILATION OF EVIDENCE

536.    Around November 19 or 20, 2008, Struke, Little, Kroski, Kilroy and Stevens received an order to complete TRRs documenting the use of force by any members of their team, including themselves, on November 4 or 5, 2008, even if no arrests had been made.  Ex. 3 at 47:13-48:3; Ex. 13 at 15:21-24.

537.    On or around November 19 or 20, 2008, Little, Stevens, Struke, Kroski and Kilroy all completed TRRs. Ex. 3 at 47:13-48:3; Ex. 6 at 72:5-13; Ex. 13 at 15:21-24; Ex. 16 at 12:19-6, Ex. 22 at 4:24-5:3.

538.    On November 21, 2008, Kilroy drafted a memorandum (hereinafter referred to as "Kilroy Memo") addressed to Green documenting the events on November 4 and 5, 2008 in response to Green's request for an accounting for the  number of OC canisters distributed by Kilroy to officers under his command.  Ex. 6 at 6:5-18; Ex. 10.

539.    The Kilroy Memo was produced and provided to counsel for the Plaintiff discovery in this litigation.  Ex. 1 at ¶ 178.

Respectfully submitted,

BORKAN & SCAHILL, LTD.

By:     s/ Timothy P. Scahill
        Timothy P. Scahill

Timothy P. Scahill (6287296)
BORKAN & SCAHILL, LTD.
Two First National Plaza
20 South Clark Street
Suite 1700
Chicago, Illinois 60603 (312) 580-1030