# EXHIBIT 52

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHISN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LENNETH SUGGS, et al.,

        Plaintiffs,

        Case No. 08 C 6688

        Honorable Judge Shadur
OFFICER ZINCHUCK Star No. 3893,   Magistrate Judge Keys
et al.,

        Defendants.

## PLAINTIFF LARRENZO FULTON'S ANSWER TO DEFENDANT WATKINS' FIRST SET OF CONTENTION INTERROGATORIES

NOW COMES Plaintiff, Larrenzo Fulton, by and through his attorneys The

Blake Horwitz Law Firm, and in response to Defendant Watkins's First Set of

Contention Interrogatories, states as follows:

## INTERROGATORY NO. 1

In relation to Plaintiff's contention that some or all of DEFENDANT OFFICERS allegedly committed various constitutional deprivations and/or state law violations, and where Plaintiff has failed to identify those officers by name:

1.     Please state with specificity your height, weight, and complexion as it was on November 4, 2008.

        **ANSWER:**         **Plaintiff is light skinned African-American and was 6'2" and approximately 110 pounds on November 4, 2008.**

2.     Please provide the height/weight and complexion of the officer or officers who allegedly committed various constitutional deprivations or state law violations against you on November 4, 2008. If the officer(s) was African American, please describe his/her complexion as it relates to your own complexion (e.g. lighter,

darker, etc.)

(a.) After describing the officer(s) physically, please state with specificity the act or acts each of the described officers allegedly committed on November 4, 2008 with regards to those allegations contained in your complaint.

(b.) Please state with specificity where you were and what time the alleged constitutional deprivation and/or state law violation occurred.

(c.) Identify all documents or physical evidence which you will rely upon in support of this claim as well as each and every individual who you will rely upon in support of this claim as it was on November 4, 2008.

OBJECTION: **Plaintiff objects to the form of the foregoing interrogatory in that it is vague ambiguous, unduly burdensome, attempts to require a marshaling of proof and calls for a narrative answer better sought through deposition testimony. Further investigation/discovery is required in-order to fully respond to the foregoing Interrogatory. Without waiving said objection, Plaintiff answers and supplies the information within his knowledge as follows:**

ANSWER: **Plaintiff is informed and believes and contends thereon that the information requested in the foregoing interrogatory may be contained in defendants' discovery responses to Plaintiff's discovery requests at bates no.'s 1 – 1754. Plaintiff further contends that any/all individual law enforcement officials present on or about 167 N. Latrobe approximately one hour after the Presidential Election Ceremony in Grant Park who discharged OC spray and/or who witnessed the improper discharge of OC spray without intervening and/or preventing and/or reporting the improper discharges of said OC spray are responsible for committing the constitutional deprivations or state law violations against him as well as other individuals affected by those officers' actions. Plaintiff further states that he remembers an African-American officer with a white shirt and bald head. He remembers an officer by the name of Officer 'Tim' or 'Tims' who appeared**

to be six feet tall, white, approximately in his thirties, muscular and also had a bald head. He also remembers an officer that was significantly taller than Officer Tims, Caucasian, skinny, light brown/blonde hair that was spiked, no beard and appeared to be in his thirties. Plaintiff was located in the backyard of 167 North Latrobe when he suffered the abuse and/or excessive force. Plaintiff contends that these acts constituted a seizure of his person and resulted in violations of his constitutional rights guaranteed to him specifically under the 4th Amendment to the United States Constitution. Plaintiff further contends that said deprivations resulted in the obstruction of the gatherings celebration which prevented Plaintiffs from expressing themselves in response to the election of President Barak Obama. Consequently, Defendants' actions as set forth herein deprived Plaintiffs of their rights guaranteed to each of them under the 1st Amendment to the United States Constitution. Plaintiff may rely upon any and all agents, employees and/or defendants found to have knowledge and/or notice of any of the contentions set forth in Plaintiffs' complaint at law and upon any other individual found to have been present at the time of the constitutional deprivations as set forth in Plaintiffs' complaint at law. Witnesses to Plaintiff's negative interactions with the police include, but are not limited to, Marvin Wideman and Richard Cole. As to the documents and evidence, see Plaintiff's Complaint, and all parties' discovery responses. Further, based on prior disclosures from Defendants, the following is a list of individuals including law enforcement officers who may have witnessed, possessed knowledge of and/or participated in the various Constitutional deprivations or state law violations:

Dorothy Jackson, Jerrold Spencer, Cordell Adams Christopher Cobbs, Laquanda Holtz, Lakina Mabins, Jose McKnight, Clifford Armstrong, Darryl Garner, Lola Garner, Darryah Garner, Larrenzo Fulton,

Richie Cole, Marvin Wideman, Maurice
Marshall, Michael Rivers, Mary Ann
Rogers, Yolanda Fulton, Melinda Robinson,
Deshawn Epton, LaRonda Kennedy,
Moshay Barnes, Shakeetah Castleberry,
Denise Hayden, Candice Morris, Mildred
Marshall, Rosalind Ball, Tyrone
McPherrin, Latina Williams, Darrylmy
Garner, Jovanna Liberty, Michael Lee,
Kenifia McNease, Dihurtis Bryant, Sherwin
Ott, Jeremy Spencer, Laquita Bryant,
Mark, Fred, Mr. & Mrs. Peyton, Carlos
Redmond, Victor Jones, Tiana Harry,
Arnell Misher, Amelia Collavo, Carlita
Benson, Carllita Davis, Valencia Bell,
Tiffany Thomas, Keith Watts, Officer
Burgess, Star No. 6564, Officer Lopez, Star
No. 15739, Officer Mueller, Star 15562,
Officer Figus, Star No. 18305, Officer
Romero, Star No. 9955, Officer Urbanski,
Star No. 6323, Officer Whitten, Star No.
8163, Officer Hood, Star No. 10598, Officer
Drayton, Star No. 2180, Officer Keeter, Star
No. 2647, Officer Curry, Star No. 14800,
Officer Gass, Star No. 11672, Officer
Hoffman, Star No. 13208, Officer Mcinnis,
Star No. 18929, Officer Keany, Star No.
10156, Officer O'shaunessy, Star No. 19271,
Officer Schnoor, Star No. 15401, Officer
O'carroll, Star No. 18286, Officer Martinez,
Star No. 7952, Officer Zinchuck Star No.
3893, Officer Michael Amorella, Star No.
10544, Officer Roehl, Star No. 14128,
Commander Roussell, Star No. 273, Officer
Mason, Star No. 2368, Officer Reina, Star
No. 2622, Officer Killroy, Star No. 280,
Officer Stevens, Star No. 609, 15th District
Commander Green, Officer Torres, Star
No. 2995, Officer Schmuck, Star No. 21180,
Officer Zelig, Star No. 5443, Officer
Conway, Star No. 6141, Officer Spedale,
Star No. 6393, Officer Marron, Star No.
7048, Officer Edwards, Star No. 13344,
Officer Siwek, Star No. 1294, Officer
Laureto, Star No. 5882, Officer Fico, Star
No. 6284, Officer Franco, Star No. 11772,

**Officer Duggan, Star No. 4607 Officer L. Watkins, Star No. 17724, Officer Wazny, Star No. 11019, Officer Kroll, Star No. 14373, Officer Lacz, Star No. 15609, Officer Wyroba, Star No. 3152, Officer Frigo, Star No. 8585, Officer Little, Star No. 885, Officer Kroski, Star No. 1777, Officer Mark Struke, Star No. 1039, Officer Celio, Star No. 12569, Officer Bronnsetter, Star No. 15963, Officer Rhein, Star No. 2164, Officer Keel, Star No. 13226, Officer Zygowicz, Star No. 12477, Officer Lorden, Star No. 11893, Officer Kuhar, Star No. 10320, Officer Oboikovitz, Star No. 18708, Officer Mccants, Star No. 7004, Officer Davis, Star No. 17108, Officer King, Star No. 16952, Officer Mason, Star No. 2368, Officer Anderson, Star No. 2282, Officer Kelly, Star No. 3342, Officer Johnson, Star No. 4922, Officer Mcdonough, Star No. 16586, Officer Troutman, Star No. 18797, Officer Delcid, Star No. 19548, Officer O'connor, Star No. 2384, Officer Black, Star No. 8943, Officer Gross, Star No. 8953, Officer Bartuch, Star No. 18458, Officer Defelise, Star No. 14307, Officer Deehan, Star No. 14203, Officer Leck, Star No. 2572, Officer Cardenas, Star No. 11671, Officer Hughes, Star No. 1719, Officer Wilson, Star No. 11352, Officer Niedweicki, Star No. 11319, Officer Smith, Star No. 17151, Officer Agee, Star No. 12704, Officer Phillips, Star No. 6657, Officer Colon, Star No. 2929, Officer Tully, Star No. 7817, Officer Parris, Star No. 3401, Officer Buhrke, Star No. 1433. Investigation continues.**

## INTERROGATORY NO. 2

In relation to those defendants who are named in the caption of your complaint

1.  Please identify and produce any document or any other information which you or your attorney possess which lead you to name the following officers in this matter:

    Officer Zinchuck, Star 3893

Officer Duggan, Star 4607

Officer L. Watkins, Star 17724

Officer Wazny, Star 1101.9

Officer Kroll, Star 14373

Officer Lacz, Star 15609

Officer Wyroba, Star 3152

Officer Frigo, Star 8585

Officer Little, Star 885

2.    (sic) For each named defendant, please state with specificity the specific acts which you contend that defendant or defendants allegedly committed which deprived you of your constitutional rights and/or violated Illinois state law.

    (a.)    Identify all documents or physical evidence which you will rely upon in support of this claim as well as each and every individual who you will rely upon in support of this claim or claims.

**OBJECTION:**    **Plaintiff objects to the form of the foregoing interrogatory in that it is vague ambiguous, unduly burdensome, attempts to require a marshaling of proof and calls for a narrative answer better sought through deposition testimony. Further investigation/discovery is required in-order to fully respond to the foregoing Interrogatory. Without waiving said objection, Plaintiff answers and supplies the information within his knowledge as follows:**

**ANSWER:**    *See* **Interrogatory Answer No. 1, Plaintiff's previously disclosed discovery at bates no. 1-27 and any document Defendants have disclosed through the course of discovery. Investigation continues.**

## INTERROGATORY NO. 3:

In relation to Count I and without resorting to legal conclusions describe with specificity;

(A)    The factual basis supporting your contention in count I, paragraphs 202 and 203 of plaintiffs' complaint as to each police officer, named, unnamed and /or

accused, that the "Defendant Officers actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto LARRENZO FULTON and how this alleged conduct violated the Fourth Amendment of the United States Constitution.

    (1)    please identify with specificity the name and star number and/or physical description of the officer(s) that committed the acts of excessive force upon LARRENZO FULTON and;

    (2)    all factual and evidentiary basis that each named, unnamed and/or accused officer had any personal involvement in the actions alleged in paragraph number 202 and 203.

    (3)    Then, based on your response to (1) and (2), please identify, for each named, unnamed and/or accused defendant, each and every individual you will rely upon in support of this contention and all documents and/or physical evidence which you will rely upon in support of this contention.

(B)    Without resorting to legal conclusions, with respect to your contention in paragraph 117 of Plaintiff's complaint, that some of the DEFENDANT OFFICERS approached and pepper sprayed LARRENZO FULTON about his eyes and face please identify with specificity as to acts, how they occurred, what LARRENZO FULTON was doing immediately preceding the alleged pepper spray incidents, where they occurred, the officers allegedly involved, if there were any witnesses to said acts of pepper spraying LARRENZO FULTON whether LARRENZO FULTON sustained injuries and sought medical treatment and where LARRENZO FULTON sought medical treatment if applicable and each and every individual you will rely upon in support of these contentions and all documents and physical evidence which you will rely upon in support of these contentions.

(C)    Without resorting to legal conclusions, with respect to your contention in paragraph 117 of plaintiffs' complaint wherein LARRENZO FULTON alleged that they "were battered on or about his bodys" please identify with specificity as to the acts, how they occurred, what LARRENZO FULTON was doing immediately preceding the alleged batteries, where they occurred, the officers allegedly involved, if there were any witnesses to said act of battery upon LARRENZO FULTON and whether LARRENZO FULTON sustained any injuries and sought medical treatment if applicable and each and every individual you will rely upon in support of these contentions and all documents and physical evidence which you will rely upon in support of these contentions.

(D)    State with specificity the damages claimed, (both physical and emotional/mental) including loss of physical liberty, emotional distress, pain and suffering, mental anguish and humiliation, stress, anxiety, fright, mental trauma, embarrassment, and any "other damage" claimed by LARRENZO FULTON , specifically attributable to each defendant individually;

    (1)    As to each listed damage, please state where LARRENZO

FULTON sought medical treatment or treatment for any emotional distress, mental trauma, embarrassment, where and from whom LARRENZO FULTON sought treatment and the cost of such treatment and all persons who may have knowledge of such treatment and every individual LARRENZO FULTON will rely upon and all physical evidence LARRENZO FULTON will rely upon to substantiate these contentions.

(2)     Please specify whether the injuries are permanent and if LARRENZO FULTON is continuing treatment and expects to have future treatment and where and from whom LARRENZO FULTON plans to seek such future treatment and the costs of such future treatment and every individual LARRENZO FULTON will rely upon and all physical evidence LARRENZO FULTON will rely upon to substantiate these contentions.

OBJECTION:           **Plaintiff objects to the form of the foregoing interrogatory in that it is vague ambiguous, unduly burdensome, attempts to require a marshaling of proof and calls for a narrative answer better sought through deposition testimony. Also, Plaintiff objects to the word "permanent" as it calls for a medical conclusion. Further investigation/discovery is required in-order to fully respond to the foregoing Interrogatory. Without waiving said objection, Plaintiff answers and supplies the information within his knowledge as follows:**

ANSWER:              ***See*** **Interrogatory Answer No. 1 & 2 and Plaintiff's previously disclosed discovery at bates no. 1-27 and any document Defendants have disclosed through the course of discovery. Investigation continues. Plaintiff was located in the backyard of 167 North Latrobe during a celebration of the election of President Barack Obama when he suffered the abuse and/or excessive force. Preceding the incident Plaintiff was giving having a conversation and celebrating on his friends personal property backyard. While Plaintiff was being beaten, kicked and pepper sprayed, police officers made racist remarks and said "nothings gonna change." Plaintiff is unaware of the specific names of some of the officers that assaulted him. Plaintiff recognized on of the officers during the beating**

as an officer he had seen on prior occasions about the community. Plaintiff was pepper sprayed and, once on ground, was hit and kicked. Plaintiff was caused to suffer damages including, but not limited to, loss of physical liberty, emotional distress, pain and suffering (including a swollen elbow, swollen eyes, burning and irritation to face, and bruised/swollen arms), mental anguish and humiliation, stress, wasted time, anxiety, fright, and embarrassment. Plaintiff did not receive medical treatment., Witnesses to Plaintiff's negative interactions with the police include, but are not limited to, Marvin Wideman and Richard Cole. Plaintiff does not know the specific names of the officer(s) who had contact with Plaintiff, at this stage of discovery and investigation, Plaintiff cannot state with further specificity what acts each named defendant committed. As to the documents and evidence, see Plaintiff's Complaint, and all parties' discovery responses. Investigation continues.

**INTERROGATORY NO. 4:**

In relation to Count IV of plaintiffs' complaint, and without resorting to legal conclusions, describe with specificity;

(A)     Any and all harmful or offensive contact with or caused by each police officer, named and / or accused, claimed by plaintiff LARRENZO FULTON;

       (1)     as to each specific harmful or offensive contact described in subsection (A), please state the name and star number or detailed physical description of each named and /or accused police officer who is responsible;

       (2)     as to each specific harmful or offensive contact described in sub-section (A), please state the sequence of each physical contact made by each defendant individually, the nature of each physical contact made by each defendant individually, the location of each physical contact made by each defendant individually and any physical contact initiated by plaintiff against defendant(s);

       (3)     as to each specific harmful or offensive contact described in sub-section (A), please state please state the injury incurred and damages suffered.

(B)     Identify (1) each and every individual who you will rely upon in support of

this claim; and (2) all documents or physical evidence which you will rely upon in support of this claim.

| | |
|---|---|
| **OBJECTION:** | **Plaintiff objects to the form of the foregoing interrogatory in that it is vague ambiguous, unduly burdensome, attempts to require a marshaling of proof and calls for a narrative answer better sought through deposition testimony. Further investigation/discovery is required in-order to fully respond to the foregoing Interrogatory. Without waiving said objection, Plaintiff answers and supplies the information within his knowledge as follows:** |
| **ANSWER:** | *See* **Interrogatory Answer No. 1-3. See also, Plaintiff's previously disclosed discovery at bates no. 1-27 and any document Defendants have disclosed through the course of discovery. Plaintiff was not engaged in any criminal activity at the time of the attack. Consequently, Defendants did not have probable cause to arrest her. Notwithstanding, Plaintiff was sprayed with OC spray. Investigation continues.** |

## INTERROGATORY NO. 5

In relation to Count VII of plaintiffs' complaint, and without resorting to legal conclusions, describe with specificity;

(A.)   Without resorting to legal conclusions, with respect to your contention in paragraph 28 of Plaintiffs' complaint that, "PLAINTIFFS, on November 4, 2008, were all engaged in a peaceful recognition and celebration of the new President-Elect, Barack Obama" please state with specificity what acts LARRENZO FULTON was engaged in that comprised "peaceful recognition" and for and each and every individual who you will rely upon in support of this contention and all documents and physical evidence which you will rely upon in support of this contention.

(B)   Without resorting to legal conclusions, with respect to plaintiffs' contentions in paragraph 45, 46, and 47 of Plaintiffs' complaint please state with specificity:

(1)   How many plaintiffs were walking and talking outside and the

specific time and place each individual was located at the time you state your First Amendment right to Free Speech was quelled. Please identify each individual plaintiff by name.

(2) Please state how, precisely and in detail, you were "expressing [your] happiness of having President-Elect Barack Obama win the nomination "and state precisely the time and location you were located while" expressing [your] happiness."

(3) Describe with specificity, as to each individual police officer who overtly displayed their displeasure for Barack Obama's success, the specific act alleged to have been committed by each individual police officer, the exact nature of that specific act committed against LARRENZO FULTON, describing the specific sequence of events made by each individual police officer to LARRENZO FULTON. For each specific act, the date and location of each specific act as alleged by LARRENZO FULTON, and the injury incurred. Please state the name and star number or detailed physical description of each named and/or accused police officer who is responsible for each specific act as described above either by name, star number, or detailed physical description and how that displeasure was overtly displayed as to each individual defendant.

(4) For each Defendant named or described above, describe with specificity what actions those police officers took that caused LARRENZO FULTON'S speech to be quelled.

(5) Identify all documents or physical evidence which LARRENZO FULTON will rely upon in support of this claim.

(6) Identify each and every individual who LARRENZO FULTON will rely upon in support of these contentions.

(C) Without resorting to legal conclusions, with respect to your contention in paragraphs 227 and 228 of Plaintiffs' complaint, please state with specificity (1) the nature of the free speech LARRENZO FULTON was involved in and how that speech "addressed matters of public concern", (2) How that speech specifically motivated the individual defendants to retaliate against LARRENZO FULTON describing the specific sequence of events made by each individual officer to LARRENZO FULTON, (3) the time frame between the utterance of constitutionally protected speech and the individual officers' actions, and (4) whether LARRENZO FULTON contends that the individual officers retaliated against him for exercising his right to Free Speech or because he was African-American, and state with specificity facts to support that contention. For each of the above, state the name and star number or detailed physical description of each named and/or accused police officer who is responsible for each specific act and name each and every individual who you will rely upon in support of this contention and all documents and physical evidence which you will rely upon in support of this contention.

(D) Without resorting to legal conclusions, with respect to your contention in paragraph 229 of Plaintiffs' complaint, please describe with specificity the specific injury LARRENZO FULTON was caused to suffer, the nature of the injury that

LARRENZO FULTON received as a direct and proximate result of Free Speech retaliation, a detailed physical description of said injury, each and every individual with which you will rely upon in support of these specific claims of injury and all documents or physical evidence which you will rely upon in support of this claim. Please state the name and star number or detailed physical description of each named and/or accused police officer who is responsible for each specific injury to LARRENZO FULTON as described above and how that injury was attributed by LARRENZO FULTON to each named and/or accused police officer.

OBJECTION: **Plaintiff objects to the form of the foregoing interrogatory in that it is vague ambiguous, unduly burdensome, attempts to require a marshaling of proof and calls for a narrative answer better sought through deposition testimony. Further investigation/discovery is required in-order to fully respond to the foregoing Interrogatory. Without waiving said objection, Plaintiff answers and supplies the information within his knowledge as follows:**

ANSWER: ***See* Interrogatory Answer No. 1-4. See also, Plaintiff's previously disclosed discovery at bates no. 1-27 and any document Defendants have disclosed through the course of discovery. Investigation continues.**

## INTERROGATORY NO. 6

In relation to Count VIII of plaintiffs' complaint, and without resorting to legal conclusions, describe with specificity;

(A)     The factual basis supporting your contention in count VII , paragraph 231 of plaintiffs' complaint as to each police officer, named and / or accused, that the "Defendant Officers agreed to facilitate, engage in, and support the activity which occurred in connection with the allegations" in plaintiffs' complaint;

(B)     Describe with specificity all agreements and / or understandings made by each police officer named and / or accused in relation to the allegations contained in plaintiffs' complaint;

(1)     as to each agreement and / or understanding, described in sub-section (B), please state the name and state number or detailed physical description of each named and / or accused police officer who is responsible;

(2)     as to each agreement and / or understanding, described in sub-
        section (B), please state with specificity the nature of the
        agreement and/or understanding, the time and location said
        agreement was made and

(C)  As to each and every factual basis set forth, identify (1) each and every individual
     who you will rely upon in support of this claim; and (2) all documents or physical
     evidence which you will rely upon in support of this claim.

**OBJECTION:**          **Plaintiff objects to the form of the foregoing
                        interrogatory in that it is vague ambiguous,
                        unduly burdensome, attempts to require a
                        marshaling of proof and calls for a narrative
                        answer better sought through deposition
                        testimony. Further investigation/discovery is
                        required in-order to fully respond to the
                        foregoing Interrogatory. Without waiving said
                        objection, Plaintiff answers and supplies the
                        information within his knowledge as follows:**

**ANSWER:**             *See* **Interrogatory Answer No. 1-5. See also,
                        Plaintiff's previously disclosed discovery at
                        bates no. 1-27 and any document Defendants
                        have disclosed through the course of discovery.
                        Investigation continues.**

                        **Further, the concepts relative to conspiracy are
                        derived from the thoughts and mental
                        impressions of Plaintiffs' counsel, based on
                        experience and inferences derived from those
                        experiences. It is also based on the discovery
                        responses tendered. Plaintiffs' counsel will not
                        divulge his thoughts in this regard as they are
                        work product. Investigation continues.**

                        Respectfully Submitted,

                        _____
                        By one of his attorneys Fabian J. Rosati

The Blake Horwitz Law Firm
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

## VERIFICATION

1.  Larrenzo Fulton, state that I have read the foregoing Plaintiff's Responses to Defendants First Set of Interrogatories and that the same are true and correct to the best of my knowledge and belief.


_____
LARRENZO FULTON

## VERIFICATION

1. Larrenzo Fulton, state that I have read the foregoing Plaintiff's Responses to Defendants First Set of Interrogatories and that the same are true and correct to the best of my knowledge and belief.


_____
LARRENZO FULTON