**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LATANYA ALEXANDER, et al. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 6688 |
| | ) | |
| v. | ) | Judge Chang |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND THE
COURT'S APRIL 26, 2017 ORDER**

**I. BACKGROUND**

**A. The April 24, 2017 Court-Initiated Settlement Discussions**

This *was* a §1983 excessive force case that had been pending for nearly nine years. But

on April 24, 2017 -- just six days before a May 1, 2017 trial date for a case expected to take four

weeks to try -- Judge Edmond Chang made a settlement recommendation to the parties and got

the case settled. The process was simple and efficient: Judge Chang recommended a specific

dollar amount to settle the case. The parties reached a final and enforceable contract because

both sides: (1) accepted that dollar amount; (2) further negotiated other specific terms of the

settlement agreement; (3) memorialized the specific terms of the agreement into writing; and (4)

the specific terms of the written agreement were later reviewed and approved by Judge Chang,

giving Plaintiff additional terms concerning when the settlement agreement must be submitted by

the Office of the Corporation Counsel to the City Comptroller.

This end result tracked the process envisioned by Judge Chang when, on April 26, 2017, he entered an Order outlining the process that the parties were to utilize in drafting the settlement agreement, stating in relevant part:

> ***The parties have agreed to the Court's settlement recommendation***. All pending sanctions motions are withdrawn as a condition of the settlement. All pending motions are terminated; the deadlines for any filings are vacated. The trial date is vacated. ***The total settlement amount binds all Plaintiffs, and Plaintiff's counsel represents that he has authority to accept this as the total and final amount to settle as to all Plaintiffs and all claims, and that the apportionment of the settlement amount amongst Plaintiffs and any Plaintiffs' counsel shall not affect the agreed-on settlement amount. The settlement will be reduced to writing, with the assistance of the Court as needed.*** The defense shall provide the first draft of the settlement agreement to Plaintiffs by 5/17/2017. A status hearing is set for 5/24/2017 at 9:30 a.m., but if the parties are productively engaging in the drafting process, then they may notify the courtroom deputy and request a continuance of the status hearing.

A true and correct copy of the April 26, 2017 Order is attached as **Exhibit A** (emphasis added).

The language Judge Chang used in his April 26, 2017 was not boilerplate, but rather memorialized representations that Judge Chang explicitly sought and received from lead Plaintiff's counsel, Blake Horwitz, at the vehement insistence of Devlin Schoop (defense counsel who was the lead representative for settlement discussion on behalf of Defendants). Specifically, Judge Chang explicitly sought and secured confirmation that Mr. Horwitz: (1) had express settlement authority on behalf of all of the Plaintiffs; (2) that Judge Chang's settlement recommendation was, in fact, the total and final amount to settle all Plaintiffs' claims; and (3) that the apportionment of the settlement amount amongst Plaintiffs and any Plaintiffs' counsel shall not affect the agreed-on settlement amount (*i.e.*, any individual Plaintiff's dissatisfaction

with their share of the settlement proceeds was not a basis to increase the total dollar amount of the settlement agreement).[1]

### B. The May 15, 2017 Initial Draft of the Release and Settlement Agreement

Pursuant to the April 26, 2017 Order, a draft of the proposed Release and Settlement Agreement was transmitted to Mr. Horwitz on May 15, 2017. On May 23, 2017, Mr. Horwitz tendered proposed modifications to the settlement agreement to Mr. Schoop. All but two (2) of Mr. Horwitz' proposed modifications were accepted by the Defendants.[2] On May 23, 2017, Mr. Horwitz sent to Judge Chang, via the Court's proposed order email, a redline version of the settlement agreement which contained Mr. Horwitz' proposed modifications.

On May 24, 2017, the date that Judge Chang set as the status hearing for the settlement agreement, Mr. Horwitz failed to appear in court, but sent his associate, Kara Amouyal, who reiterated Mr. Horwitz' position concerning the two (2) disputed terms of the agreement. Judge Chang rejected Plaintiffs' proposal to recite a description of the nature of Plaintiffs' claims against the Defendants into the agreement, both because the claims were disputed and Plaintiff's proposed recitation did not accurately describe the law. More importantly, however, Judge Chang wisely noted that the language was immaterial to the deal and, therefore, should not be included in the final written settlement agreement. But Judge Chang agreed that Plaintiffs' requirement that, upon approval of the agreement by the City Council and passage of an ordinance approving the settlement agreement, the Office of the Corporation Counsel would be

---

[1] Mr. Schoop insisted that Judge Chang seek and secure that confirmation from Mr. Horwitz because Mr. Schoop did not want to listen to any arguments from Plaintiffs and/or their lawyers about what was (or was not) the deal and/or whether it was binding on the Plaintiffs, especially because the risk of buyer's remorse in a case pending nearly nine years was significantly high.

[2] Correspondence tracking the parties' negotiation of the agreement and the subsequent final version of the agreement tendered pursuant to the Court's May 24, 2017 Order are being submitted to Judge Chang for *in camera* review.

required to tender the fully-executed settlement agreement and a copy of the ordinance approving the settlement, to the Office of the Comptroller by a date certain.[3] On May 24, 2017, Mr. Schoop sent the revised agreement reflecting the single modification that was sought by Plaintiffs and approved by Judge Chang. Judge Chang continued the matter for further status on July 26, 2017. At no time after May 24, 2017 did Mr. Schoop or any other attorney representing the defendants receive any further communication from Mr. Horwitz concerning the status of the execution of the settlement agreement, much less, any assertions or concerns that the version of the written settlement agreement transmitted by Mr. Schoop to Mr. Horwitz on May 24, 2017 did not conform with Judge Chang's ruling entered at the conclusion of the May 24, 2017 status hearing.

### C. The July 26, 2017 Hearing

On July 26, 2017, Mr. Horwitz represented to Judge Chang that there were inexplicable issues with the settlement agreement, somehow precluding some of the Plaintiffs from signing the settlement agreement. Mr. Horwitz declined to elaborate about the issues claiming that doing so would compel him to divulge attorney-client communications. Consequently, Mr. Horwitz had a private sidebar with Judge Chang to discuss apparent issues that Mr. Horwitz had with securing executed counterparts from the plaintiffs. It was during that court hearing that Defendants' counsel was first informed that Mr. Horwitz was now claiming that some of the Plaintiffs were now objecting to the settlement agreement. Judge Chang then directed Defendants to file this Motion to Enforce.

---

[3] Copies of the final revised agreement are being submitted to Judge Chang for *in camera* inspection. Obviously, to the extent that the summary of the terms of the agreement is not as explicit as the actual final agreement, the latter controls.

4

## II. ARGUMENT

### A. The Parties Have An Enforceable Settlement Agreement Under Controlling Seventh Circuit Law

Settlement agreements are contracts, construed and enforced by principles of contract law. *Laserage Tech Corp. v. Laserage Lab., Inc.*, 972 F.2d 799, 802 (7th Cir. 1992). The primary object in construing a contract is to give effect to the intention of the parties involved, and an agreement is binding if the parties agree on all material terms. *Abbott Laboratories v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999) (discussing the applicable law regarding the enforcement of a settlement agreement prior to the execution of a formal written settlement agreement); *Elustra v. Mineo*, 595 F.3d 699, 708-09 (7th Cir. 2010) (enforcing settlement agreement where Plaintiffs with buyer's remorse claimed that their lawyer lacked authority to negotiate and enter into a settlement agreement that had been explicitly approved by the court during the course of a settlement conference).

Under controlling law, the Parties have settled this case. On April 24, 2017, Mr. Horwitz clearly and unequivocally represented to Judge Chang that the Plaintiffs would dismiss their claims against the Defendants in exchange for the dollar amount proposed by Judge Chang subject to a formal settlement agreement which would be memorialized in writing and reviewed, if necessary, by Judge Chang. A formal written agreement was tendered to Mr. Horwitz. All but two (2) of Mr. Horwitz' proposed modifications were accepted by Defendants. Ultimately, however, Judge Chang sustained Mr. Horwitz' concern about the timing of the presentment of the fully-executed settlement agreement and City Council Ordinance approving settlement, and that timing provision was also included in the agreement. Plaintiffs voiced no other concerns about the settlement agreement to Judge Chang during the May 24, 2017 status hearing. As a result, the final version of the settlement agreement transmitted by Mr. Schoop to Mr. Horwitz at

5

on May 24, 2017 contained all of the material terms which were freely and voluntarily negotiated, and mutually agreed upon, by the parties through their designated representatives. There is nothing else to discuss or for Plaintiffs to consider. Plaintiffs, through zealous negotiation by their counsel Mr. Horwitz, sought and received all of the material terms that they wanted in the agreement.

To the extent that Mr. Horwitz is *now* claiming that there is no enforceable agreement because some of the Plaintiffs have not agreed, that claim is easily rejected based on both the facts and law. First, as a *factual* matter, Mr. Horwitz cannot claim that he lacked authority to settle and/or that the Plaintiffs did not manifest their intent to be bound to the terms of the settlement agreement negotiated on their behalf by Mr. Horwitz because, again, on or before April 26, 2017, Mr. Horwitz affirmatively represented to Judge Chang that "Plaintiff's counsel represents that he has authority to accept this as the total and final amount to settle as to all Plaintiffs and all claims." (*See* **Exhibit A**)

Second, as a *legal* matter, the Plaintiffs are bound by the representations made by their agent, Mr. Horwtiz. *Elustra*, 595 F.3d at 708-09 (7th Cir. 2010). In *Elustra*, the Seventh Circuit held that buyer's remorse by a plaintiff is no basis for rescinding a valid and enforceable settlement agreement, stating in relevant part:

> Under Illinois law, a settlement is valid if there is an offer, acceptance, and a meeting of the minds. [internal citations omitted]. The parties do not dispute that the defendants made an offer. The [Plaintiffs] argue that there was neither acceptance nor a meeting of minds. They also argue that the district court violated Local Rule 17.1 and erred by refusing to hold an evidentiary hearing before ruling on their motion to vacate. None of these claims has merit.

* * * *

6

The [Plaintiffs] press most strongly the argument that there is no evidence that they accepted the settlement agreement. It is true that the settlement conference was held off the record, making our review more difficult. But the absence of a record does not necessarily invalidate the settlement agreement, even though everyone's job is easier if there is a contemporaneous record.

\* \* \* \*

Judge Denlow placed on the record his own description of what had happened at the settlement conference immediately after the conference concluded.

\* \* \* \*

[Plaintiff's Counsel], ostensibly representing the plaintiffs at that time, did not object. The Plaintiffs themselves . . . had already left the courtroom, and so they were unable to controvert the judge's account.

\* \* \* \*

Now, [the Plaintiffs] want to convince us that they did not accept the offer. They offer the affidavits of [Plaintiffs], each of whom states that she did not agree to the settlement. ***But there is a dearth of contemporaneous evidence that might corroborate this account. Pointing to their fight with [Plaintiff's counsel] and their unceremonious exit from the courtroom does not help their cause. Post-acceptance conduct does not retract an earlier acceptance. The simplest explanation of their behavior is buyers' remorse*** . . . .

\* \* \* \*

[Plaintiffs] have no evidence that the magistrate judge or [Plaintiffs' counsel] bullied them into the settlement, nor can they show that they did not understand the terms of the deal. The only evidence -- Judge Denlow's statement that "the parties had a complete understanding of what took place" -- supports the opposite conclusion.

\* \* \* \*

Admittedly, Judge Denlow's use of the passive voice in his statement ("agreement was reached") ***leaves some ambiguity about whether the plaintiffs or their lawyer manifested the acceptance. But this is civil litigation, and parties are bound to the actions of their chosen agent, even for such an important matter as a settlement.***

*Elustra*, 595 F.3d at 708-09 (7th Cir. 2010) (emphasis added).

The outcome in *Elustra* is dispositive to the issue here. Plaintiffs were represented by

able legal counsel: Blake Horwitz. Mr. Horwitz affirmatively represented to Judge Chang that

Mr. Horwitz had authority to enter into a binding agreement on behalf of all of the Plaintiffs. Relying on that representation, both the Defendants and Judge Chang proceeded to the next steps of putting the agreement in principal on the record (as to the monetary terms) and then negotiated the specific terms of the agreement which was ultimately memorialized in writing. All but one of the Plaintiffs' proposed modifications to the written agreement were adopted and the single term that was not (*i.e.*, insistence that a description of the Plaintiffs' allegations be recited in the agreement) was deemed by Judge Chang to be both immaterial and an inaccurate description of Plaintiffs' claims. Respectfully, there is nothing more to discuss because the facts and law are undeniable. The Defendants have lived up to their part of the bargain and are now asking the Court make the Plaintiffs do the same without further delay. If the Plaintiffs are unhappy with the deal, then they can take the issue up with Mr. Horwitz, but they cannot hold Defendants or this Court hostage by balking about the deal now and/or refusing to sign the agreement that they freely and voluntarily negotiated with their designated representative: Blake Horwitz.

The bottom line is simple: Mr. Horwitz had authority to broker the deal on behalf of the Plaintiffs. He did so and now there is a deal. Where, as here, Defendants agree to participate in good faith earnest settlement discussions with Plaintiffs' counsel and broker an agreement, that agreement cannot and should not be subject to post-hoc attempts to re-write or otherwise rescind the deal solely based on the whims of Plaintiffs and/or their lawyers. Any contrary result would do violence to controlling Seventh Circuit case law in addition to the strong public policy of courts to promote and facilitate settlement.

## III. CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court grant Defendants' Motion to Enforce Settlement Agreement and enforce the Court's April 26, 2017 Order, and enter an Order: (1) finding that Blake Horwtiz, per the Court's April 26, 2017 Order, had complete and total settlement authority to negotiate the settlement of this action on behalf of the Plaintiffs pursuant to Mr. Horwitz' affirmative representations to Judge Chang on or before April 26, 2017; (2) finding that the Parties have reached a binding and enforceable settlement agreement; and (3) enter an order dismissing this case without prejudice, permitting reinstatement of the case for the sole and limited purpose of enforcing the terms of the settlement agreement.

Dated: July 31, 2017

Respectfully submitted,

__/s/ Devlin J. Schoop_____
Devlin J. Schoop
Senior Assistant Corporation Counsel

Devlin J. Schoop (06243835)
City of Chicago Law Department
Federal Civil Rights Litigation
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-7042
devlin.schoop@cityofchicago.org

9

## CERTIFICATE OF SERVICE

I, Devlin J. Schoop, an attorney, hereby certify that I have served this attached **Defendants' Motion to Enforce Settlement Agreement and the Court's April 26, 2017 Order** by causing it to be delivered via operation of the Court's ECF case filing system to the person(s) named below at the address shown this 31st day of July 2017,

Blake Horwitz
Blake Horwitz Law Firm, Ltd.
111 W. Washington Street, Suite 1611
Chicago, IL 60602

Steven B. Borkan
Misha I. Itchhaporia
Whitney N. Hutchinston
Borkan & Scahill, Ltd.
Two First National Plaza
20 South Clark Street
Suite 1700
Chicago, IL 60603

/s/ *Devlin J. Schoop*
Devlin J. Schoop
Senior Assistant Corporation Counsel

City of Chicago Department of Law
Federal Civil Rights Litigation
30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-7042
(312) 744-6566 (FAX)
Atty. No. 6243835
devlin.schoop@cityofchicago.org